```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,
                                              Case No.
                Plaintiff,

        -against-
                                              ECF CASE
ENTRAL GROUP INTERNATIONAL, LLC,
                                              COMPLAINT
                Defendant.

------------------------------------------X
```

06 CV 5158

RECEIVED JUL 06 2006 U.S.D.C. S.D.N.Y. CASHIERS

The North American Karaoke-works Trade Association, Inc. ("NAKTA") complains, through its attorney David Hoffman, as follows:

1. Plaintiff seeks a declaratory judgment under 28 USC §2201.

2. This Court has subject matter jurisdiction of this matter under 28 USC §1338.

3. Plaintiff NAKTA is a not-for-profit corporation organized and existing under the laws of the State of New York.

4. NAKTA is a trade association for karaoke clubs. NAKTA has approximately twelve member clubs located in the New York City metropolitan area. NAKTA's members play predominantly Chinese-language karaoke works.

5. NAKTA provides support services its members, including information concerning industry practices, licensing, etc.

1

6. Among the services that NAKTA provides its members is access to a library of approximately 9,000 karaoke works. Some NAKTA member clubs have taken advantage of this facility and are currently using the NAKTA library of videos in their clubs.

7. Defendant Entral Group International, LLC ("EGI") is, on information and belief, a Delaware limited liability company that distributes karaoke works.

8. EGI's principal place of business is, on information and belief, 245 Park Ave., 39th Floor, New York, New York 10167.

9. EGI claims to have copyrights in certain karaoke works.

10. EGI asserts that karaoke works in NAKTA's library infringe copyrights belonging to EGI. Thus, an actual controversy exists for the purposes of 28 USC §2201.

11. The works in NAKTA's library share no video content with EGI's works. NAKTA's works were obtained from a source in mainland China, and were not produced with nor do they incorporate any portion of EGI's works.

12. EGI's assertion is baseless and without merit; however, such assertion has limited NAKTA's ability to attract members, and has dissuaded members from taking full advantage of NAKTA's video library.

13. EGI has rights neither to the visual nor the music and lyrical content included in NAKTA's videos.

14. Furthermore, EGI does not have clear title to any rights it does claim.

15.  On information and belief, EGI's principal, Nicholas Chai, started EGI's business while employed by ABC Target, a corporation owning and operating a karaoke club in New York.  On information and belief, Mr. Chai traveled to Hong Kong at ABC Target's expense in order to seek out certain karaoke rights, but acquired them for himself and EGI in an egregious breach of loyalty.

16.  EGI has abandoned its rights in any karaoke works.  On information and belief, EGI is well aware that certain companies (for example, a hardware supplier named IUG) have made EGI's videos available without a proper license.  Nevertheless, EGI maintains a parasitic and symbiotic relationship with IUG, never bringing suit against IUG, but rather lying in wait for the unsuspecting karaoke clubs.

## JURY DEMAND

Plaintiff Demands a trial by jury.

WHEREFORE, Plaintiff NAKTA requests a judgment as follows:

- A. A declaration that none of the videos in NAKTA's library infringe any right held by EGI;

- B. For the attorneys fees and costs of this action; and

- C. For such other and further relief that the Court deems just and proper.

Dated: New York, New York
July 6, 2006

David J. Hoffman (DH 7605)
Attorney at Law
29 Broadway
27th Floor
New York, New York 10006
212-425-0550
ATTORNEY FOR PLAINTIFF