UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN KARAOKE-WORKS TRADE ASSOCIATION, INC. | Case No. 06-CV-5158 (LTS)(MHD) |
|     Plaintiff and Counterclaim Defendant, | **ANSWER AND COUNTERCLAIM** |
| v. | |
| ENTRAL GROUP INTERNATIONAL, LLC, | |
|     Defendant and Counterclaim Plaintiff, | |
| v. | |
| SAM CHAN and RAY YIM, | |
|     Counterclaim Defendants. | |

Defendant Entral Group International, LLC ("EGI"), by and through its attorneys, Alston & Bird LLP, hereby responds to Plaintiff North American Karaoke-Works Trade Association, Inc.'s ("NAKTA") Complaint for Declaratory Judgment as follows:

1. The statement set forth in Paragraph 1 of the Complaint does not require a response. Except as expressly admitted, all allegations contained in Paragraph 1 of the Complaint are denied.

2. EGI admits the allegations contained in Paragraph 2 of the Complaint.

3. EGI admits that NAKTA is a corporation organized and existing under the laws of the State of New York. EGI lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies same.

Dockets.Justia.com

4.    EGI lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint and therefore denies each and every allegation contained in Paragraph 4, except EGI admits that certain clubs that are purportedly members of NAKTA play predominantly Chinese-language karaoke works in their respective karaoke establishments.

5.    EGI lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6.    EGI lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint and therefore denies each and every allegation contained in Paragraph 6, except EGI admits that numerous karaoke establishments are using audio-visual materials distributed to them by NAKTA.

7.    In response to the allegations contained in Paragraph 7 of the Complaint, EGI states that EGI is a corporation duly organized and existing under the laws of the State of Delaware.  By way of further response, EGI states that it is in the business of licensing and distributing Chinese language audio-visual karaoke works for commercial use in North America.  Except as expressly admitted, all allegations contained in Paragraph 7 of the Complaint are denied.

8.    EGI admits the allegations contained in Paragraph 8 of the Complaint.

9.    In response to the allegations contained in Paragraph 9 of the Complaint, EGI states that EGI is the exclusive licensee in North America of all of the Chinese language audio-visual karaoke works created by several of the leading creators of Chinese language audio-visual karaoke works.  Except as expressly admitted, all allegations contained in Paragraph 9 of the Complaint are denied.

- 2 -

10.    In response to the allegations contained in Paragraph 10 of the Complaint, EGI states that certain of the audio-visual materials distributed by NAKTA to various karaoke establishments infringe EGI's copyright interests.   The remaining allegation contained in Paragraph 10 of the Complaint is a legal conclusion to which no response is required.  Except as expressly admitted, all allegations contained in Paragraph 10 of the Complaint are denied.

11.    EGI denies the allegations contained in Paragraph 11 of the Complaint.

12.    EGI denies the allegations contained in Paragraph 12 of the Complaint.

13.    EGI denies the allegations contained in Paragraph 13 of the Complaint.

14.    EGI denies the allegations contained in Paragraph 14 of the Complaint.

15.    In response to the allegations contained in Paragraph 15 of the Complaint, EGI admits that, at one time, one of EGI's principals, Nicolas Chai, worked for ABC Target.  Except as expressly admitted, all allegations contained in Paragraph 15 of the Complaint are denied.

16.    EGI denies the allegations contained in Paragraph 16 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against EGI upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, release, consent and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

LEGAL02/30019103v3

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any of Plaintiff's claimed losses or expenditures incurred were solely the result of Plaintiff's own culpable conduct.

### RESERVATION AND NON-WAIVER

EGI reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

### COUNTERCLAIM

Having fully responded to the allegations in Plaintiff's Complaint, EGI hereby asserts the following Counterclaim, showing the Court as follows:

**The Parties**

1.      Counterclaim Plaintiff EGI is a corporation duly organized and existing under the laws of a State of Delaware, with its principal place of business located at 245 Park Avenue, New York, New York 10167.

2.      Upon information and belief, Counterclaim Defendant North American Karaoke-Works Trade Association, Inc. is a corporation organized and existing under the laws of the State of New York.

3.      Counterclaim Defendant Sam Chan ("Chan") is a principal and president or chief executive officer of NAKTA, and resides at 77-35 169th Street, Fresh Meadows, New York 11366.

4.      Counterclaim Defendant Ray Yim ("Yim") is a principal and vice president or chief operating officer of NAKTA, and resides at 1257 65th Street, Brooklyn, New York 11219.

- 4 -

5.      NAKTA, Sam Chan and Ray Yim are collectively referred to hereafter as the "NAKTA Defendants."

## Jurisdiction and Venue

6.      This Court has jurisdiction under 17 U.S.C. §101 et seq., and 28 U.S.C. §§1331, 1338 and 1367.

7.      Plaintiff is subject to the jurisdiction and venue of this Court by virtue of having filed the Complaint.

8.      All conditions precedent to the maintenance of this Counterclaim by EGI have been satisfied, or have been waived by Plaintiff.

## FACTUAL BACKGROUND

### EGI's Control of the
### Chinese Language Audio-visual Karaoke Works

9.      EGI is in the business of licensing and distributing Chinese language audio-visual karaoke works for commercial use in the United States.

10.      EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings, which includes both the audio and video components of these works, (the "Works") of various companies, including but not limited to, Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd (collectively the "Companies"), who either directly or through their subsidiary labels, own and have exclusive control of all worldwide copyright interests in their respective karaoke audio-visual works.

- 5 -

11.     EGI's name and reputation as the exclusive licensee of copyright interests in the Works in North America is widely known throughout the United States and the world.

12.     EGI has invested and continues to invest substantial sums of money, as well as time and effort, in licensing, promoting, and marketing the Works in the United States.

13.     The Works were created largely in Hong Kong and are protected under the copyright laws of the United Kingdom, The People's Republic of China, the Berne Convention, and the United States.

14.     Most, if not all, of the Works prominently display the Companies' respective trademarks and other relevant information identifying the source of the Work, often in the opening segment of each of the Work. Many of the Works also prominently display the EGI trademarks.

15.     The artists whose images, voices, and performances are featured in the Works are generally under exclusive contracts with the Companies with regard to karaoke audio-visual works featuring their likeness and have not produced, or authorized any third party to produce, any other competing karaoke audio-visual work.

16.     Pursuant to certain agreements between the Companies and TC Worldwide Ltd. ("TCW"), an affiliate of EGI, the Companies have granted TCW, among other rights, the exclusive rights to reproduce, distribute, and commercially use, and to authorize third parties, and in particular, EGI, to reproduce, distribute, and commercially use, the Works in commercial karaoke outlets in the United States, and to collect license fees with respect to such reproduction and use.

- 6 -

17.     In accordance with certain agreements, and with the consent of the Companies, TCW has exclusively licensed all of its copyright interests in the Works to EGI in respect to the territory of the United States.

18.     The Works which EGI licenses and distributes are audio-visual recordings, akin to music videos, which feature synchronized lead and background vocals, orchestration, and video images, as well as visual representation of lyrics.    At the viewer's option, the audio-visual works can be performed without the lead vocals to enable the viewer to sing along in traditional karaoke style.

19.     A portion of the Works, usually the Companies' more recent works, called "Control Catalogues," have never been legally distributed in any form in North America except through EGI.  Many of the "Control Catalogue" works begin with a notice reading "Promotional Copy," or some variation thereof, and are only available in the United States pursuant to a license from EGI, or through illegal means.

20.     Upon the authorization of the Companies, EGI has also registered a number of the Works with the Registrar of Copyrights in the United States Copyright Office (the "Registered Works"), including, but not limited to the following Works (the "Selected Works"):

| Karaoke Work Title | | Name of Performing Artists | | Copyright Registration Number |
|---|---|---|---|---|
| Chinese | English | Chinese | English | |
| 當愛變成習慣 | When Love Becomes A Habit | 張學友 | Jacky Cheung | PA 1-138-367 |
| 越吻越傷心 | The More I Kiss You The More It Hurts | 蘇永康 | William So | PA 1-138-334 |
| 1874 | 1874 | 陳奕迅 | Eason Chan | PA 1-146-592 |
| 爛泥 | Dirty Soul | 許志安 | Andy Hui | PA 1-146-593 |
| 大男人 | Chauvinist Man | 許志安 | Andy Hui | PA 1-146-594 |
| 下一站: 天后 | The Next Stop: Tin Hau | TWINS | TWINS | PA 1-146-595 |
| 左鄰右里 | Neighbor | 李克勤 / 譚詠麟 | Hacken Lee / Alan Tam | PA 1-146-596 |

| Karaoke Work Title | | Name of Performing Artists | | Copyright Registration Number |
|---|---|---|---|---|
| Chinese | English | Chinese | English | |
| 合久必婚 | Marriage Will Follow After Many Years | 李克勤 | Hacken Lee | PA 1-146-597 |
| 飛女正傳 | Triad Girl Sage | 楊千嬅 | Miriam Yeung | PA 1-146-598 |
| 謝謝儂 | Thank You | 陳奕迅 | Eason Chan | PA 1-146-599 |
| 心服口服 | Believing With Conviction | 陳慧琳 | Kelly Chan | PA 1-146-600 |
| 邊走邊愛 | Loving You While Walking | 謝霆鋒 | Nicholas Tse | PA 1-146-601 |
| 安哥之歌 | Brother An's Song | 許志安 | Andy Hui | PA 1-146-602 |
| 咬唇 | Bite The Lips | 楊千嬅 | Miriam Yeung | PA 1-146-603 |
| 跳傘 | Parachuting | 鄭秀文 | Sammi Chang | PA 1-210-225 |
| 默契 | Tacit Understanding | 鄭秀文 | Sammi Chang | PA 1-210-226 |
| 我們的主題曲 | Our Theme Song | 鄭秀文 | Sammi Chang | PA 1-210-222 |
| 如何掉眼淚 | How Do The Tears Fall | 鄭秀文 | Sammi Chang | PA 1-210-221 |
| 親密關係 | Close Relationship | 鄭秀文 | Sammi Chang | PA 1-210-220 |
| 終身美麗 | Beauty For Life | 鄭秀文 | Sammi Chang | PA 1-210-219 |
| 捨不得你 | Unwilling To Let You Go | 鄭秀文 | Sammi Chang | PA 1-210-218 |
| 玻璃鞋 | Glass Slippers | 鄭秀文 | Sammi Chang | PA 1-210 227 |
| 孤男寡女 | Single Man And Woman | 鄭秀文 | Sammi Chang | PA 1-210-228 |
| 感情線上 | The Road To Love | 鄭秀文 | Sammi Chang | PA 1-210-229 |
| 不拖不欠 | Not Owing Anything | 鄭秀文 | Sammi Chang | PA 1-210-217 |
| 回來我身邊 | Come Back To Me | 鄭秀文 | Sammi Chang | PA 1-210-223 |
| 愛是 | Love is | 鄭秀文 | Sammi Chang | PA 1-210-224 |

True and correct copies of Certificates of Copyright Registration issued by the Registrar of Copyrights for the Selected Works are attached hereto as Exhibit 1.

21.     As the exclusive licensee of all of the copyright interests in the Works, EGI also has the exclusive rights to create and distribute any derivative works that are based upon the Works. As such, EGI has the exclusive rights to each of the Works in their entirety, as well as the components of those works, whether used in combination or independently.

LEGAL02/30019103v3

## **NAKTA's Unlawful Acts and Conduct**

22.     NAKTA is engaged in the business and promotion of karaoke entertainment. NAKTA's business is carried out by creating and/or obtaining copies of audio-visual karaoke materials, and then distributing those works to various karaoke establishments for duplication onto a specialized computer capable of selecting and displaying those works through an audio-visual system.

23.     The NAKTA Defendants have created audio visual works (the "NAKTA Materials") that are derived from the Works, or have induced others to create NAKTA Materials, without the authorization of EGI or the Companies.

24.     As with virtually all karaoke works, the karaoke works created by the NAKTA Defendants, or at the NAKTA Defendants' behest, contain both a video and an audio component.

25.     While the video component of much of the NAKTA Materials differ from the video components in the Works licensed to EGI, the audio components of at least a significant portion of the NAKTA Materials consists of recordings that, upon information and belief, originate from the recordings contained in the Works exclusively licensed to EGI.

26.     The right to create a derivative work based on the Works, by synchronizing the sound recordings (combining the sound with a video), is exclusively licensed to EGI. As the Master License Agreements indicate, EGI (through TCW) has the exclusive rights to "synchronize, and commercially exploit any and all copyrighted songs, images or video which are included in the Licensed Content."

- 9 -

27.    The sound recordings that form part of a motion picture (which karaoke works are) are covered under the copyright interests in that motion picture.

28.    Any use of the original audio component of the Works, even if coupled with a different video component, constitutes a derivative work which only EGI has the right to perform, copy, commercially use and distribute.

29.    A limited review of the NAKTA Materials has revealed that the NAKTA Materials contain (1) at least four of the Works licensed to EGI in their original form (original video, audio and text) and which also display the Companies' logo; and (2) many more works that appear to be works derived from the Works licensed to EGI.

30.    The NAKTA Defendants are not now authorized by EGI, or any of the Companies, to create derivative works based on the Works, or to copy, use or perform the Works or derivative works in connection with any business or service.

31.    The NAKTA Defendants have copied or have induced others to copy the NAKTA Materials, including NAKTA Materials that are derivative works based on certain of EGI's Works, without the authorization of EGI or the Companies.

32.    The NAKTA Defendants have copied or have induced others to copy some of the original Works without the authorization of EGI or the Companies.

33.    The NAKTA Defendants are distributing and/or commercially using or inducing others to distribute and/or commercially use the Works (including the Selected Works and many other Registered Works) without the authorization of EGI or the Companies.

34.    The NAKTA Defendants are distributing and/or commercially using or inducing others to distribute and/or commercially use the NAKTA Materials, including

LEGAL02/30019103v3

NAKTA Materials that are derivative works based on certain of EGI's Works, without the authorization of EGI or the Companies.

35.    The NAKTA Defendants are not now authorized by EGI, or any of the Companies, to use the Companies' trademarks as featured in the Works in connection with any business or service. The NAKTA Defendants have purposely promoted and continue to promote such Works in a way as to create a false association between the NAKTA Defendants and EGI.

36.    The NAKTA Defendants' use of the Companies' and EGI's trademarks in connection with their unauthorized use of the Works is likely to cause confusion, mistake, or deception. In particular, members of NAKTA are likely to believe that NAKTA's services are authorized, sponsored or otherwise approved by EGI, the exclusive licensee of the Works, when in fact they are not. Such confusion is likely to occur within the State of New York and within this judicial district.

37.    The NAKTA Defendants have induced a number of EGI's licensees to cease licensing the Works from EGI and to begin licensing the NAKTA Materials in their stead.

38.    The NAKTA Defendants have induced a number of EGI's potential licensees to avoid licensing the Works from EGI and to license the NAKTA Materials in their stead.

39.    The NAKTA Defendants have commercially profited, and continue to commercially profit, both directly and indirectly, through their unauthorized use of the Works, and EGI has been and continues to be injured by the NAKTA Defendants' unlawful acts.

40.    Defendant Sam Chan, NAKTA's chief executive officer, personally and directly participated in or contributed to the infringing activities.  In particular, Defendant Chan commissioned, authorized or induced the creation of the NAKTA Materials and the copying and distribution of those materials, knowing them to contain materials that were exclusively licensed to EGI.

41.    Defendant Ray Yim, NAKTA's chief operating officer, personally and directly participated in, or contributed to, the infringing activities.   In particular, Defendant Yim traveled to China to induce and facilitate the creation of the NAKTA Materials and the copying and distribution of those materials, knowing them to contain materials that were exclusively licensed to EGI.

42.    As a result of the NAKTA Defendants' unauthorized use of the Works, NAKTA has gained an unfair advantage with respect to EGI's customers and potential customers.

43.    The NAKTA Defendants have performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause confusion, mistake, and deception.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**THE BERNE CONVENTION AND 17 U.S.C. §101 *et seq.***

44.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

45.    The unauthorized creation of derivative works based up on the Works, and copying, distributing, displaying and/or performing of the Works or the unauthorized

- 12 -

derivative works by the NAKTA Defendants infringe EGI's exclusive copyright interests in the Works.

46.     The NAKTA Defendants have made false representations concerning the NAKTA Materials, including claims that those materials are not based on EGI's Works, are not subject to EGI's copyright interests and that karaoke clubs are free to use the NAKTA Materials without a license from EGI.

47.     The NAKTA Defendants have knowingly caused, participated in, materially contributed to, and derived economic benefit from the infringement of EGI's copyright interests, and EGI has been damaged and continues to be damaged thereby.

48.     The NAKTA Defendants' aforesaid conduct has been and continues to be intentional, willful, deliberate, and with full knowledge of EGI's copyright interests and the infringement thereof.

49.     The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

50.     The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

### COUNT II
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### THE BERNE CONVENTION AND 17 U.S.C. §101 *et seq.*

51.     EGI incorporates herein by reference each and every allegation contained in each paragraph above.

52.     The NAKTA Defendants' inducement of others to create derivative works based up on the Works, and to copy, distribute, and/or perform the Works or the

- 13 -

unauthorized derivative works constitutes contributory infringement of EGI's exclusive copyright interests in the Works.

53.    The NAKTA Defendants have made false representations concerning the NAKTA Materials, including claims that those materials are not based on EGI's Works, are not subject to EGI's copyright interests and that karaoke clubs are free to use them without a license from EGI.

54.    The NAKTA Defendants have knowingly caused, participated in, materially contributed to, and derived economic benefit from the contributory infringement of EGI's copyright interests, and EGI has been damaged and continues to be damaged thereby.

55.    The NAKTA Defendants' aforesaid conduct has been and continues to be intentional, willful, deliberate, and with full knowledge of EGI's copyright interests and the infringement thereof.

56.    The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

57.    The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

## COUNT III
### FEDERAL UNFAIR COMPETITION AND
### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. §1125(a) (§43(a) of the Lanham Act)

58.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

LEGAL02/30019103v3

59.     The aforesaid acts of the NAKTA Defendants are likely to cause confusion, mistake, or deception among NAKTA's clients, EGI's clients and other karaoke entertainment businesses by reason of the fact that they are likely to believe that NAKTA's goods and services originate from, or are in some way properly connected with, approved by, or endorsed by EGI.

60.     The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of the NAKTA Defendants which constitutes unfair competition, false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

61.     The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

62.     The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

63.     The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

### COUNT IV
### FEDERAL FALSE ADVERTISING
### 15 U.S.C. §1125(a) (§43(a) of the Lanham Act)

64.     EGI incorporates herein by reference each and every allegation contained in each paragraph above.

65.     The NAKTA Defendants have made and continues to make false and/or misleading statements, descriptions of fact, and representations in connection with their

good and services in commercial advertising or promotion that misrepresent the nature, characteristics, and quality of EGI's goods and of NAKTA's goods.

66.    The NAKTA Defendants' acts, as described above, constitute false advertising in violation of 15 U.S.C. §1125(a).

67.    The aforesaid acts of NATKA are willful and deliberate.

68.    The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

69.    The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

**COUNT V**
**FALSE ADVERTISING IN VIOLATION OF**
**NEW YORK GENERAL BUSINESS LAW §350.**

70.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

71.    The NAKTA Defendants have made and continue to make false and misleading statements, descriptions of fact, and representations in connection with their goods and services in commercial advertising or promotion that misrepresent the nature, characteristics, and quality of NAKTA's goods.

72.    The NAKTA Defendants' acts described above constitute false advertising in violation of New York General Business Law §350.

73.    The aforesaid acts of the NAKTA Defendants are willful and deliberate.

74.    The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

LEGAL02/30019103v3

75.    The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

**COUNT VI**
**DECEPTIVE TRADE PRACTICES**
**IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349**

76.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

77.    The NAKTA Defendants have been and are engaging in deceptive acts or practices against EGI in the conduct of their business by causing confusion as to the source, sponsorship, approval, affiliation, connection, or association with, or certification by EGI through the unauthorized use of the Works by the NAKTA Defendants.

78.    Such acts are in violation of New York General Business Law §349.

79.    The aforesaid acts of Defendants are willful and deliberate.

80.    The aforesaid acts of Defendants have caused and will continue to cause damage in an amount to be determined at trial.

81.    The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**COUNT VII**
**UNFAIR COMPETITION IN VIOLATION OF**
**NEW YORK GENERAL BUSINESS LAW §360-l**

82.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

LEGAL02/30019103v3

83.     The aforesaid acts of the NAKTA Defendants are likely to cause injury to EGI's business reputation as a result of the NAKTA Defendants unfairly competing with EGI in violation of New York General Business Law §360-l.

84.     The aforesaid acts of the NAKTA Defendants are willful and deliberate.

85.     The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

86.     The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

**COUNT VIII**
**USE OF NAME WITH INTENT TO DECEIVE IN VIOLATION**
**OF NEW YORK GENERAL BUSINESS LAW § 133**

87.     EGI incorporates herein by reference each and every allegation contained in each paragraph above.

88.     Only EGI has the right to use its own name and the Companies' names in the United States in connection with the Works, unless authorization is given by the Companies or EGI.

89.     The NAKTA Defendants' use EGI's name and the Companies' names in connection with their goods and services in the United States without the authorization of the Companies or EGI, the Companies' exclusive licensee.

90.     The NAKTA Defendants' misappropriation of EGI's name and the Companies' names was for the intention of deceiving and misleading the public and capitalizing on the reputation and goodwill established by the Companies and EGI.

91.     The aforesaid acts of the NAKTA Defendants are likely to confuse, deceive, or mislead the public into believing that they are buying the products of EGI, or that NAKTA is associated with, sponsored by, or somehow related to or approved by EGI.

92.     Such acts are in violation of New York General Business Law §133.

93.     The aforesaid acts of the NAKTA Defendants are willful and deliberate.

94.     The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

95.     The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

## COUNT IX
## COMMON LAW UNFAIR COMPETITION

96.     EGI incorporates herein by reference each and every allegation contained in each paragraph above.

97.     By using the Works without EGI's permission, the NAKTA Defendants have misappropriated EGI's property and valuable goodwill at no cost to the NAKTA Defendants and has unfairly benefited from such Works in violation of the common law of New York State.

98.     The aforesaid acts of the NAKTA Defendants constitute unfair business practices and constitute unfair competition and are resulting and have resulted in substantial damage to EGI's business, reputation, and goodwill in violation of the common law of New York State.

99.     Such acts are in violation of New York common law.

- 19 -

100.    The aforesaid acts of the NAKTA Defendants are willful and deliberate.

101.    The aforesaid acts of the NAKTA Defendants have caused and will continue to cause damage in an amount to be determined at trial.

102.    The aforesaid acts of the NAKTA Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to EGI for which EGI has no adequate remedy at law.

### COUNT X
### ACCOUNTING

103.    EGI incorporates herein by reference each and every allegation contained in each paragraph above.

104.    EGI does not know the full extent to which the NAKTA Defendants have made unauthorized use of the Works.

105.    EGI does not know the precise amount of money which the NAKTA Defendants have received as a result of, and in connection with, their unauthorized use of the Works.

106.    EGI alleges that the NAKTA Defendants possess records which reflect the full extent to which the NAKTA Defendants have infringed the copyrights of the Works, and the precise amount of money the NAKTA Defendants have received as a result of, and in connection with, their unauthorized use of the Works.

107.    EGI is therefore entitled to a judgment for a full accounting of all Works which the NAKTA Defendants have copied, distributed, and/or used in connection with any commercial activity, and the money and profits earned by the NAKTA Defendants as a result of, and connected to, their unauthorized use of the Works.

**PRAYER FOR RELIEF**

WHEREFORE, Entral Group International, LLC respectfully requests judgment against the North American Karaoke-Works Trade Association, Inc. as follows:

a)   For a declaration that the audio-visual works distributed by the NAKTA Defendants infringe EGI's rights in the copyrighted Works;

b)   For a preliminary and permanent injunction providing:

(i) the NAKTA Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly infringing EGI's rights in the copyrighted Works, whether now in existence or later created, which are owned or controlled by EGI (or any parent, subsidiary, or affiliate of EGI);

(ii) the NAKTA Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, shall deliver up for destruction all infringing materials, including all discs, drives, and other storage media that contain infringing copies of EGI's copyrighted works which are in the NAKTA Defendants' possession, custody, or control; and

(iii) the NAKTA Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, shall engage in a program of corrective advertising in content, form and manner satisfactory to, and approved by, EGI;

c)   For an award to EGI, at its election, of either:

(i) actual damages and all profits derived by the NAKTA Defendants as a result of their infringing activities, pursuant to 17 U.S.C. §504(b), or

(ii) statutory damages in the maximum amount of $150,000 with respect to each of EGI's copyrighted works registered in the United States, pursuant to 17 U.S.C. §504 (c); and

d)    For an award of such damages in an amount sufficient to compensate EGI for losses it has sustained as a consequence of the NAKTA Defendants' unlawful acts with regard to trademarks, unfair competition, false advertising and the remaining causes of action, as well as profits attributable to the NAKTA Defendants' unlawful acts; and

e)    For an accounting for all profits derived by the NAKTA Defendants from their unlawful acts; and

f)    For an award to EGI of its attorneys' fees and full costs; and

g)    For an award of treble damages to EGI; and

h)    For such further relief as the Court may deem just and appropriate.


Dated: New York, New York

July 27, 2006

Respectfully submitted,


s/ Robert E. Hanlon
Robert E. Hanlon (RH-8794)
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9400
*Attorneys    for    Defendant-*
*Counterclaim Plaintiff,*
*Entral  Group  International,*
*LLC*

- 22 -