UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,

               Case No.

       Plaintiff-Counterclaim
       Defendant,      06-cv-
               5158(LTS)(MHD)

   -against-
               ECF CASE

ENTRAL GROUP INTERNATIONAL, LLC,

       Defendant-
       Counterclaimant,

   -against-

SAM CHAN and RAY YIM,

       Counterclaim
       Defendants.

-----------------------------------------X

## COUNTERCLAIM DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COUNTERCLAIM

# DAVID J. HOFFMAN

## ATTORNEY AT LAW

29 BROADWAY
27TH FLOOR
NEW YORK, NEW YORK 10006
TEL: (212) 425-0550

## TABLE OF CONTENTS

BACKGROUND ................................................... 1

ARGUMENT ..................................................... 2

I.EGI Fails to State a Claim for Copyright Infringement. ...... 2

   A. EGI's Failure to Identify the Works is Fatal............. 2

   B. EGI Fails to State an Extraterritorial Claim............. 3

II.EGI Fails to State a Claim for Contributory Infringement. .. 4

   A. EGI's Failures to State a Claim for Direct Infringement are
   Fatal to its Claim for Contributory Infringement ............. 4

   B. EGI has Failed to Allege Substantial Participation by
   Messrs. Chan and Yim ......................................... 4

   C. Mr. Chan and Mr. Yim Cannot be Vicariously Liable for
   Copyright Infringement ....................................... 5

III.EGI's Claims Under the Lanham Act Fail. ................... 5

IV.EGI's State Law Claims Must Fail. ......................... 6

   A. EGI's Claims Under General Business Law §§349-350 Fail.... 6

   B. EGI's Claims Under General Business Law §360-1 and General
   Business Law §133 Fail ....................................... 6

   C. EGI's Claim for Unfair Competition Must Fail............. 7

   D. EGI's Claim for an Accounting Must Fail................. 7

CONCLUSION ................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

Armstrong v. Virgin Records, Ltd., 91 F.Supp.2d 628, 634
(S.D.N.Y. 2000) ............................................... 6

Brought to Life Music, Linc. v. MCA Records, Inc., 2003 U.S.
Dist LEXIS 1967, *4 (S.D.N.Y. 2003) ...................... 6, 7

Capitol Records, Inc. v. Naxos of America, Inc., 4 N.Y.3d 540
(2005) ..................................................... 9

Kelly v. LL Cool J, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) ......... 5

Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 232 (S.D.N.Y.
2000) ..................................................... 8

North American Thought Combine, Inc. v. Kelly, 2003 U.S. Dist.
LEXIS 2271 (S.D.N.Y. 2003) ................................. 5

Quantitative Financial Software, Ltd. v. Infinity Financial
Technology, Inc., 1998 WL 427710 (S.D.N.Y. 1998) ............. 6

Softel, Inc. v. Dragon Medical and Scientific Communications,
Inc., 118 F.3d 955, 971 (2d. Cir 1997) .................... 7, 8

Solomon v. Bell Atlantic Corp., 9 A.D.3d 49 (1st Dep't. 2004) .. 9

**Statutes**

General Business Law §§349-350................................. 9

General Business Law §133..................................... 9

General Business Law §350..................................... 9

General Business Law §350-a................................... 9

General Business Law §360-l................................... 9

ii

The North American Karaoke-works Trade Association, Inc. ("NAKTA"), Sam Chan and Ray Yim, Plaintiff-Counterclaim Defendants in this action, move to dismiss the counterclaims asserted by Entral Group International, LLC ("EGI"), Defendant-Counterclaimant under Federal Rule of Civil Procedure 12(b)(6).

EGI alleges ten causes of action.  The crux of the counterclaim is that NAKTA and its officers Messrs. Chan and Yim infringed copyrights held by EGI.

<u>BACKGROUND</u>

Plaintiff NAKTA is a not-for-profit trade organization formed to support karaoke music establishments that feature Chinese-language karaoke works.  NAKTA has approximately 12 member clubs in the New York metropolitan area.  Among the services that NAKTA provides to its members is access to a library of approximately 9,000 karaoke videos for use in member clubs.

EGI has instituted a multitude of lawsuits against karaoke clubs for copyright infringement in various venues including several within New York, having commenced 18 suits in the Eastern District alone.  The gravamen of EGI's claims in these suits is that the clubs used EGI's videos and thereby infringed copyrights held by EGI.

In <u>Entral Group Int'l. v. YHCL Vision Corp.</u>, 05-cv-1912 (ERK)(RLM)(E.D.N.Y.) EGI served subpoenas on NAKTA and Messrs. Chan and Yim as non-party witnesses.  In connection with that matter, EGI deposed both Mr. Chan and Mr. Yim, and copied NAKTA's entire library of karaoke works.

1

<u>ARGUMENT</u>

I.   <u>EGI Fails to State a Claim for Copyright Infringement</u>.

     A.   **EGI's Failure to Identify the Works is Fatal**

     In Count I of the Counterclaim (¶¶44-50), EGI claims that
Plaintiffs have committed copyright infringement.  One of the
essential elements of a copyright infringement claim is the
identification of the specific works infringed.  <u>Kelly v. LL
Cool J</u>, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)("A properly pleaded
copyright infringement claim must allege … which specific
original works are the subject of the copyright claim…").  Where
the copyright holder alleges infringement and fails to identify
the works infringed, the claim is deficient and must be
dismissed.  <u>North American Thought Combine, Inc. v. Kelly</u>, 2003
U.S. Dist. LEXIS 2271 (S.D.N.Y. 2003)(dismissing complaint for
failure to identify works).  EGI has failed to identify which
specific works Plaintiffs have allegedly infringed.

     The closest EGI comes to identifying the works fails to
even allege that the works are actually infringing.  In
paragraph 29 of the Counterclaim, EGI alleges that NAKTA's works
contain "works that appear to be works derived from the Works
licensed to EGI".  EGI cannot even bring itself to allege that
any such works are actually derived from EGI's works, merely
that NAKTA's works "appear to be" derivative works.

     Furthermore, further factual development will not provide
additional or missing information to EGI.  EGI has had NAKTA's
entire library of works in its possession for several months,
and conducted full-day depositions of both Mr. Chan and Mr. Yim
in June, 2006.  When it asserted the counterclaim, EGI had in
its possession all the information could possibly or ever hope
to obtain relevant to its counterclaim.  EGI's failure to state

a claim under cannot be excused by a lack of information, as EGI admits that it has had the opportunity to review NAKTA's materials (see Counterclaim, ¶29).  Therefore, EGI's claim for copyright infringement must be dismissed.

    **B.   EGI Fails to State an Extraterritorial Claim**

    Extraterritorial acts cannot form the basis for a claim for copyright infringement under United States law.  Armstrong v. Virgin Records, Ltd., 91 F.Supp.2d 628, 634 (S.D.N.Y. 2000)("…it is not seriously disputed that United States copyright laws do not have extraterritorial effect, and that infringing acts that take place outside the United States are not actionable under our copyright laws…").  Here, Plaintiffs have alleged infringement under 17 USC §101 et seq.

    NAKTA obtained its works from a source located in the People's Republic of China (see Counterclaim, ¶41).  As indicated by Armstrong, supra, any activities occurring in China are not actionable under United States law.  Neither does the Berne Convention provide an independent cause of action under United States law.  See Quantitative Financial Software, Ltd. v. Infinity Financial Technology, Inc., 1998 WL 427710 (S.D.N.Y. 1998).  Furthermore, EGI does not even have any rights to enforce in China, as according to its Master Agreement its rights only extend to the United States.  See Master Agreement, p. 3.

    As Plaintiff premise their claim on activities that took place outside the United States, has failed to identify an appropriate source of law upon which to ground their claim.

3

**II.   EGI Fails to State a Claim for Contributory Infringement.**

   **A.   EGI's Failures to State a Claim for Direct Infringement are Fatal to its Claim for Contributory Infringement**

   A claim for contributory infringement must be predicated on a claim for direct infringement.  Brought to Life Music, Linc. v. MCA Records, Inc., 2003 U.S. Dist LEXIS 1967, *4 (S.D.N.Y. 2003)("A plaintiff must allege that the defendant knew of, and substantially participated in, the alleged direct infringement, for a claim of contributory infringement to stand.")  EGI's claim for contributory infringement must fail for the same reasons that the underlying copyright infringement claim fails.

   **B.   EGI has Failed to Allege Substantial Participation by Messrs. Chan and Yim**

   In order to sustain a claim for contributory infringement by a corporate officer, EGI must allege "substantial participation" in infringing activities.  Id.  A bare allegation that a copyright was infringed with knowledge falls short of the mark.  Id. at *6 (motion to dismiss granted where allegation was that "copyright was infringed with knowledge").  Furthermore, a conclusory allegation that an individual serves as a corporate officer is insufficient to survive a motion dismiss.  Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 971 (2d. Cir 1997)(no contributory infringement where evidence established that individual was only "president of Dragon and a shareholder").

   Here, EGI has failed to adequately allege contributory infringement.  EGI's counterclaim makes no allegations of substantial participation by either Mr. Chan or Mr. Yim.  EGI's allegations with respect to Mr. Chan (Counterclaim, ¶40) are entirely conclusory, and do not rise to the level of substantial

participation, as are the allegations concerning Mr. Yim
(Counterclaim, ¶41). EGI's allegations that Mr. Chan and Mr.
Yim undertook certain activities "knowing them to contain
materials that were exclusively licensed to EGI" are merely
conclusory allegations that are insufficient to support a claim
for contributory infringement as discussed in Brought to Life
Music. EGI's allegations that Mr. Chan and Mr. Yim serve as the
"chief executive officer" and "chief operating officer" of NAKTA
are not sufficient to establish liability for contributory
infringement as explained in Softel.

### C.    Mr. Chan and Mr. Yim Cannot be Vicariously Liable for Copyright Infringement

EGI's counterclaim fails to sufficiently plead vicarious
liability for copyright infringement. An essential element of
any claim for vicarious liability for copyright infringement is
a direct financial interest in any infringing activities.
Softel, 118 F.3d at 971 ("To establish vicarious liability,
Softel was required to show that Hodge had a 'right and ability
to supervise that coalesced with an obvious and direct financial
in the exploitation of the copyrighted materials.") Even
ownership may be in sufficient to establish the requisite direct
financial interest. Id. at 972.

Here, neither Mr. Chan nor Mr. Yim have direct financial
interests in NAKTA. NAKTA is a non-profit corporation and
Messrs. Chan and Yim have no financial interest in NAKTA and
serve as officers of NAKTA without compensation. Hoffman Decl.
¶3. Therefore, EGI's claim for vicarious liability must fail.

### III. EGI's Claims Under the Lanham Act Fail.

In Counts III and IV, EGI makes claims under the Lanham
Act. EGI's allegations under the Lanham Act are simply a warmed
over version of its allegations for copyright infringement.

Because the claims under the Lanham Act are simply duplicative of the copyright claims, the Lanham Act claims must be dismissed.  Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 232 (S.D.N.Y. 2000)("Given the most liberal reading of the second amended complaint, plaintiff's Lanham Act claim is based on no more than an alleged copyright violation and is impermissibly duplicative of his claim for relief under the Copyright Act.")

IV.  **EGI's State Law Claims Must Fail**.

EGI presses a mish mash of state law claims in Counts V-VIII, none of which are supported by the pleadings.

**A.    EGI's Claims Under General Business Law §§349-350 Fail**

EGI fails to state claims under General Business Law §§349-350.  EGI is not a consumer and NAKTA is not engaged in any consumer transactions, and therefore these claims must fail.  Solomon v. Bell Atlantic Corp., 9 A.D.3d 49 (1st Dep't. 2004)("Claims under General Business Law §§ 349 and 350 are available to 'an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising'".)  General Business Law §350 prohibits false advertising.  As defined in General Business Law §350-a, "'false advertising' means advertising, including labeling, … if such advertising is misleading in a material respect."  Nowhere in the Counterclaim does EGI identify any "advertising" undertaken by NAKTA.  Therefore, EGI's claim for false advertising must fail.

**B.    EGI's Claims Under General Business Law §360-l and General Business Law §133 Fail**

General Business Law §360-l prohibits dilution of a "mark or trade name".  EGI presents no allegations that NAKTA is using any mark belonging to EGI.  Furthermore, General Business Law

6

§133 prohibits the use of a business name.  There no allegation in the Counterclaim that NAKTA is using EGI's name.

**C.    EGI's Claim for Unfair Competition Must Fail**

A claim for common law unfair competition must be grounded in activities intended for commercial gain.  <u>Capitol Records, Inc. v. Naxos of America, Inc.</u>, 4 N.Y.3d 540 (2005)("…unfair competition … requires competition in the marketplace or similar actions designed for commercial benefit…").  Here, none of the Counterclaim Defendants are engaged in actions intended for commercial benefit.

**D.    EGI's Claim for an Accounting Must Fail**

EGI's claim for accounting is based upon the other predicate causes of action.  Since all EGI's other causes of action fail, so too must its claim for an accounting.

<u>CONCLUSION</u>

EGI's Counterclaim must be dismissed in its entirety.


Dated:    New York, New York
          August 24, 2006
                        <u>/s/David J. Hoffman</u>
                        David J. Hoffman (DH 7605)
                        Attorney at Law
                        29 Broadway
                        27th Floor
                        New York, New York 10006
                        212-425-0550

                        ATTORNEY FOR PLAINTIFF

7