UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC.

    Plaintiff and Counterclaim Defendant,

v.

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant and Counterclaim Plaintiff,

v.

SAM CHAN and RAY YIM,

    Counterclaim Defendants.

Case No.  06-CV-5158 (LTS)(MHD)

**DEFENDANT AND COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS THE COUNTERCLAIM**

(ORAL ARGUMENT REQUESTED)

-i-

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 1
**FACTUAL BACKGROUND** ................................................................................................ 2
    I. EGI's Control of the Chinese Language Audio-visual Karaoke Works............. 2
    II. NAKTA's Unlawful Acts and Conduct ................................................................ 4
**ARGUMENT AND AUTHORITY** ....................................................................................... 8
    I. EGI has Stated a Claim for Copyright Infringement............................................ 8
        A. The Specific Identification of the Works is Not Fatal to EGI's Claim ......... 8
        B. EGI is not Required to State an Extraterritorial Claim.............................. 10
    II. EGI has Stated a Claim for Contributory Infringement................................... 11
        A. EGI has Stated a Claim for Direct Infringement and thus its Claim for
            Contributory Infringement is Valid .............................................................. 11
        B. EGI has Alleged Substantial Participation by Sam Chan and Ray Yim ..... 11
        C. Mr. Chan and Mr. Yim Are Vicariously Liable for Copyright Infringement
           .................................................................................................................... 12
    III. EGI's Claims under the Lanham Act are Valid............................................... 13
    IV. EGI's State Law Claims are Valid .................................................................... 13
        A. EGI's Claims Under General Business Law §§ 349 and 350 are Valid ....... 13
        B. EGI's Claims Under General Business Law §§ 360-l and 133 are Valid..... 14
        C. EGI's Claim for Unfair Competition is Valid ............................................... 15
        D. EGI's Claim for an Accounting is Valid........................................................ 15
**CONCLUSION** .................................................................................................................... 15

## INTRODUCTION

Defendant and Counterclaim Plaintiff Entral Group International, LLC ("EGI"), by and through its attorney's Alston & Bird LLP, hereby responds to Plaintiff and Counterclaim Defendant North American Karaoke-Works Trade Association, Inc.'s ("NAKTA") Motion to Dismiss the counterclaims asserted by EGI under Federal Rule of Civil Procedure 12(b)(6). NAKTA and Counterclaim Defendants Sam Chan and Ray Yim are collectively referred to hereafter as the "NAKTA Defendants."

EGI's Counterclaim consisted of ten causes of action. NAKTA filed a Motion to Dismiss EGI's Counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A court considering a 12(b)(6) motion to dismiss "will not affirm the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Sharp v. Patterson*, No. 03 Civ 8772, 2004 WL 2480426, at *5 (S.D.N.Y.) (S.D.N.Y. Nov. 3, 2004) (quoting *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002). (A court "may only dismiss a complaint if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'"). In order to survive a 12(b)(6) motion, the moving party must show that the non-moving party has failed to assert factual *allegations* in support of his claim. EGI's counterclaim contained factual allegations that supported each of the counts of their counterclaim. The following is a brief summary of the allegations in the counterclaim. Each of these allegations is capable of proof.

- 2 -

# FACTUAL BACKGROUND

### I.   EGI's Control of the Chinese Language Audio-visual Karaoke Works

EGI is in the business of licensing and distributing Chinese language audio-visual karaoke works for commercial use in the United States.  EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings, which includes both the audio and video components of these works, (the "Works") of various companies, including but not limited to, Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd (collectively the "Companies"), who either directly or through their subsidiary labels, own and have exclusive control of all worldwide copyright interests in their respective karaoke audio-visual works.

EGI's name and reputation as the exclusive licensee of copyright interests in the Works in North America is widely known throughout the United States and the world. EGI has invested and continues to invest substantial sums of money, as well as time and effort, in licensing, promoting, and marketing the Works in the United States.  The Works were created largely in Hong Kong and are protected under the copyright laws of the United Kingdom, The People's Republic of China, the Berne Convention, and the United States.  Most, if not all, of the Works prominently display the Companies' respective trademarks and other relevant information identifying the source of the Work, often in the opening segment of each of the Works. Many of the Works also prominently display the EGI trademarks.

The artists whose images, voices, and performances are featured in the Works are generally under exclusive contracts with the Companies with regard to karaoke audio-visual works featuring their likeness and have not produced, or authorized any third party to produce, any other competing karaoke audio-visual work.

Pursuant to certain agreements between the Companies and TC Worldwide Ltd. ("TCW"), an affiliate of EGI, the Companies have granted TCW, among other rights, the exclusive rights to reproduce, distribute, and commercially use, and to authorize third parties, and in particular, EGI, to reproduce, distribute, and commercially use, the Works in commercial karaoke outlets in the United States, and to collect license fees with respect to such reproduction and use. In accordance with certain agreements, and with the consent of the Companies, TCW has exclusively licensed all of its copyright interests in the Works to EGI in respect to the territory of the United States.

The Works which EGI licenses and distributes are audio-visual recordings, akin to music videos, which feature synchronized lead and background vocals, orchestration, and video images, as well as visual representation of lyrics. At the viewer's option, the audio-visual works can be performed without the lead vocals to enable the viewer to sing along in traditional karaoke style. A portion of the Works, usually the Companies' more recent works, called "Control Catalogues," have never been legally distributed in any form in North America except through EGI. Many of the "Control Catalogue" works begin with a notice reading "Promotional Copy," or some variation thereof, and are only available in the United States pursuant to a license from EGI, or through illegal means.

Upon the authorization of the Companies, EGI has also registered a number of the Works with the Registrar of Copyrights in the United States Copyright Office (the "Registered Works"), including, but not limited to the "Selected Works."[1]

As the exclusive licensee of all of the copyright interests in the Works, EGI also has the exclusive rights to create and distribute any derivative works that are based upon the Works. As such, EGI has the exclusive rights to each of the Works in their entirety, as well as the components of those works, whether used in combination or independently.

## II.     NAKTA's Unlawful Acts and Conduct

NAKTA is engaged in the business and promotion of karaoke entertainment. NAKTA's business is carried out by creating and/or obtaining copies of audio-visual karaoke materials, and then distributing those works to various karaoke establishments for duplication onto a specialized computer capable of selecting and displaying those works through an audio-visual system. NAKTA's principles have attested to bringing hard drives with audio-visual works from outside of the country to the United States and distributing them to NAKTA member karaoke establishments. While at the pleading stage, no submission of evidence is required, much evidence is already available since the NAKTA defendants have produced certain documents and things in a separate litigation, *Entral Group International v. YHLC Vision Corp.* No: 05-CV-01912 (ERK)(RLM) (the "YHLC Case"). The principals of NAKTA have also been deposed in that case. For example, *see* Deposition of Ray Yim, Tuesday, May 23, 2006 ("Yim Dep."), page 84, lines 3 – 22, attached as Exhibits A to the Declaration of Robert E. Hanlon ("Hanlon Decl."), submitted herewith. The NAKTA Defendants have created audio visual works

---

[1] The "Selected Works" are listed on pages 7 and 8 of EGI's Answer and Counterclaim. True and correct copies of Certificates of Copyright Registration issued by the Registrar of Copyrights for the Selected Works are attached to the Answer and Counterclaim as Exhibit 1.

- 4 -

(the "NAKTA Materials") that are derived from the Works, or have induced others to create NAKTA Materials, without the authorization of EGI or the Companies. *See* Yim Dep., page 126, lines 9 – 23, page 147, lines 4 – 19, page 149, lines 11 – 15, and page 161, lines 6 – 20; and Deposition of Sam Chan, Thursday, May 25, 2006 ("Chan Dep."), pages 71 – 85, 93 – 97, and page 113, lines 3 – 22, attached as Exhibits B to Hanlon Decl.

As with virtually all karaoke works, the karaoke works created by the NAKTA Defendants, or at the NAKTA Defendants' behest, contain both a video and an audio component. While the video component of much of the NAKTA Materials differ from the video components in the Works licensed to EGI, the audio components of at least a significant portion of the NAKTA Materials consists of recordings that, upon both first hand observation an upon information and belief, originate from the recordings contained in the Works exclusively licensed to EGI. Again, while proof is not required at this stage, certain supplemental information from EGI's President Nicolas Chai is submitted to eliminate any question that these allegations are amenable to proof. *See* Declaration of Nicolas Chai ("Chai Decl.") ¶ 6.

The right to create a derivative work based on the Works, by synchronizing the sound recordings (combining the sound with a video), is exclusively licensed to EGI. As the Master License Agreements indicate, EGI (through TCW) has the exclusive rights to "synchronize, and commercially exploit any and all copyrighted songs, images or video which are included in the Licensed Content." The sound recordings that form part of a motion picture (which karaoke works are) are covered under the copyright interests in that motion picture. Any use of the original audio component of the Works, even if

coupled with a different video component, constitutes a derivative work which only EGI has the right to perform, copy, commercially use and distribute.

In the YHLC Case, a limited review of the NAKTA Materials was conducted by EGI's President Nicolas Chai. This review revealed that at least 4 specific works, *Dream A Little Dream of Me* by William So, *Corazon De Melao* by Jacky Cheung, *Sense* by Nicholas Tse and a Chinese language audio visual work of Joey Yung in concert for which there is no standard English name, that were EGI's Works in their original form. This review also found over one hundred other works that NAKTA distributed which contained audio tracks that were taken from EGI's Works. *See* Chai Decl. ¶¶ 5 and 6.

The NAKTA Defendants are not now authorized by EGI, or any of the Companies, to create derivative works based on the Works, or to copy, use or perform the Works or derivative works in connection with any business or service. The NAKTA Defendants have copied or have induced others to copy the NAKTA Materials, including NAKTA Materials that are derivative works based on certain of EGI's Works, without the authorization of EGI or the Companies. The NAKTA Defendants have copied or have induced others to copy some of the original Works without the authorization of EGI or the Companies. The NAKTA Defendants are distributing and/or commercially using or inducing others to distribute and/or commercially use the Works (including the Selected Works and many other Registered Works) without the authorization of EGI or the Companies. *See, e.g.,* Chan Dep. at 110 – 113; Yim Dep. at 170, lines 7 – 15.

The NAKTA Defendants are distributing and/or commercially using or inducing others to distribute and/or commercially use the NAKTA Materials, including NAKTA Materials that are derivative works based on certain of EGI's Works, without the

authorization of EGI or the Companies. The NAKTA Defendants are not now authorized by EGI, or any of the Companies, to use the Companies' trademarks as featured in the Works in connection with any business or service. The NAKTA Defendants have purposely promoted and continue to promote such Works in a way as to create a false impression that the works emanate from them when, in fact the works belong to EGI or are derivative works based on EGI's works.

The NAKTA Defendants' use of the Companies' and EGI's trademarks in connection with their unauthorized use of the Works is likely to cause confusion, mistake, or deception. In particular, members of NAKTA are likely to believe that NAKTA's services are authorized, sponsored or otherwise approved by the Companies or by EGI, the exclusive licensee of the Works, when in fact they are not. Such confusion is likely to occur within the State of New York and within this judicial district. The NAKTA Defendants have induced a number of EGI's licensees to cease licensing the Works from EGI and to begin licensing the NAKTA Materials instead.

The NAKTA Defendants have commercially profited, and continue to commercially profit, both directly and indirectly, through their unauthorized use of the Works, and EGI has been, and continues to be, injured by the NAKTA Defendants' unlawful acts.

Defendant Sam Chan, NAKTA's chief executive officer, personally and directly participated in or contributed to the infringing activities. In particular, Defendant Chan commissioned, authorized or induced the creation of the NAKTA Materials and the copying and distribution of those materials. *See, e.g.,* Chan Dep. at 80-85, 113. The Counterclaims properly allege that Mr. Chan did so knowing the NAKTA Materials to

contain materials that were exclusively licensed to EGI. Defendant Ray Yim, NAKTA's chief operating officer, personally and directly participated in, or contributed to, the infringing activities. In particular, Defendant Yim traveled to China to induce and facilitate the creation of the NAKTA Materials and the copying and distribution of those materials. *See, e.g.,* Yim Dep. at 126 – 129, 146 – 149, 158 – 161. Mr. Yim did so knowing the NAKTA Materials to contain materials that were exclusively licensed to EGI.

As a result of the NAKTA Defendants' unauthorized use of the Works, NAKTA has gained an unfair advantage with respect to EGI's customers and potential customers. The NAKTA Defendants have performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause confusion, mistake, and deception.

## ARGUMENT AND AUTHORITY

### I.  EGI has Stated a Claim for Copyright Infringement

#### A.  The Specific Identification of the Works is Not Fatal to EGI's Claim

NAKTA alleges that EGI's claims of copyright infringement should be dismissed because "EGI has failed to identify which specific works Plaintiffs have allegedly infringed." Motion to Dismiss, p. 2. NAKTA cites *North American Thought Combine, Inc. v. Kelly*, No. 01 Civ. 8112 (LMM), 2003 U.S. Dist. LEXIS 2271 (S.D.N.Y. Feb. 14, 2003), for the proposition that a complaint can be dismissed if the copyright holder fails to identify the works which he alleges infringement.

Federal Rule of Civil Procedure 8(a) provides that a pleading setting forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In applying Rule 8 to copyright infringement actions, courts have required that a plaintiff alleging copyright infringement must state "which original works are the subject of the copyright claim." *Carrell v. Shubert Org., Inc.,* 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000). The *Carrell* Court went on to explain that allegations of infringement can be sufficiently specific for purposes of Rule 8 even if each individual infringement is not specified. *Carrell*, 104 F. Supp. 2d at 251. *See Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*, 763 F. Supp 1, 4 (S.D.N.Y. 1991) (finding that a copyright complaint complied with Rule 8 even though defendants could not determine whether software elements or visual elements of the computer were claimed to be infringed); *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.,* 38 F. Supp. 2d 276, 279 (S.D.N.Y. 1999) (holding that plaintiff's failure to specify which copyright was infringed by which act was not fatal to his infringement claim); *Tin Pan Apple, Inc. v. Miller Brewing Co., Inc.,* 737 F. Supp. 826, 828-29 (S.D.N.Y. 1990) (finding that a complaint which alleged that "one or more" of copyrighted works were copied was enough to withstand a motion to dismiss).

While a copyright infringement claim can be dismissed if the works infringed are not identified, it is not true that EGI's claim failed to identify the infringing material. EGI alleged in its complaint that the NAKTA materials contain "at least four of the Works licensed to EGI in their original form (original video, audio and text) and which also display the Companies' logo" and "many more works that appear to be works derived from the Works licensed to EGI." Counterclaim, paragraph 29. EGI's assertion

that "at least four" works that have been infringed and that "many more works" appear to be infringed, clearly satisfies the Rule 8 requirement. However, in order to dispel any doubt as to the identity of the work, the following list of Works, which is by no means exhaustive, have been infringed: *Dream A Little Dream of Me* by William So, *Corazon De Melao* by Jacky Cheung, *Sense* by Nicolas Tse and a Chinese language audio visual work of Joey Yung in concert in which there is no standard English name. *See* Chai Decl. ¶ 5.

### B.    EGI is not Required to State an Extraterritorial Claim

NAKTA accuses EGI of failing to state an extraterritorial claim, asserting that *Armstrong v. Virgin Records, Ltd.,* 91 F. Supp. 2d 628, 634 (S.D.N.Y. 2000), limits a copyright holders claim for infringement under 17 U.S.C. § 101 *et seq*. NAKTA alleges that, because it obtained its works from a source outside of the United States, EGI has no actionable claim under United States Law. Motion to Dismiss, p. 3.

EGI's claim that NAKTA violated U.S. copyright laws when they distributed and/or commercially used copyrighted material without a license *within* the borders of the United States does not require an extraterritorial claim because the infringement itself *did* occur in the United States. 17 U.S.C. § 101 *et. seq*. NAKTA has conveniently misquoted the law in *Armstrong*. The corrected quote reads "it is not seriously disputed that United States copyright laws do not have extraterritorial effect, and that infringing acts that take place *entirely* outside of the United States are not actionable under our copyright laws." *Armstrong*, 91 F. Supp. 2d at 634 (emphasis added and citations omitted). A correct reading of *Armstrong* clearly shows that *Armstrong* does not apply to this dispute since

EGI claims that NAKTA violated U.S. copyright laws within the borders of the United States, and therefore an extraterritorial claim is not required.

    II.    **EGI has Stated a Claim for Contributory Infringement**

        A.    **EGI has Stated a Claim for Direct Infringement and thus its Claim for Contributory Infringement is Valid**

NAKTA asserts that EGI's claim for contributory infringement must fail because there is no claim for direct infringement. However, because EGI's claim against NAKTA for direct infringement is viable, EGI's claim for contributory infringement does not fail on its face.

        B.    **EGI has Alleged Substantial Participation by Sam Chan and Ray Yim**

NAKTA argues that EGI's claim for contributory infringement should also fail because EGI's complaint failed to allege "substantial participation" in the infringing activities for NAKTA or its principal. EGI does not have to prove its case at this stage in the proceeding in order to survive a 12(b)(6) motion to dismiss. Rather, EGI must only present a set of facts that support its claims and would entitle it to relief. Mr. Chan and Mr. Yim are the sole officers of NAKTA, with Mr. Chan serving as President and Mr. Yim serving as Vice President. Chan Dep. at 143, lines 1-8; Yim Dep. at 13, lines 5-6, and 17, lines 22-25; *See also* EGI's Counterclaim, page 4, paragraphs 3 and 4. EGI has presented facts that Mr. Chan and Mr. Yim have been substantial participants in the operations of NAKTA in both the facts section of this brief and the facts section of EGI's Counterclaim. *See* EGI's Counterclaim, paragraphs 3, 4, 40 and 41. Both principals have admitted that they, through trips to China, have encouraged and induced individuals

in China to make copies of works which EGI believes are infringing on the Works. Both principals have further admitted that they imported and distributed these works to NAKTA member clubs. Chan Dep. at 113, lines 3 – 22.

   C. **Mr. Chan and Mr. Yim Are Vicariously Liable for Copyright Infringement**

NAKTA argues that EGI has failed to sufficiently plead vicarious liability for copyright infringement with respect to Mr. Chan and Mr. Yim. NAKTA argues that in order for vicarious liability to be established, it must be shown that an individual have a "right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials." Citing *Softel Inc. v. Dragon Medical and Scientific Communications, Inc.,* 118 F.3d 955, 971 (2d Cir. 1997) (quoting *Shapiro Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963).

While it may be true that NAKTA is a non-profit entity, that does not mean that its officers have no financial interest in its successes. Both Mr. Chan and Mr. Yim have financial interests in member clubs that benefit from NAKTA's actions and therefore *do* hold direct financial interest in NAKTA's actions. Mr. Chan is a majority shareholder in ABC Target Corp., which owns and operates the karaoke club "Galaxy 45' and Mr. Yim is the owner of the karaoke club "Pop Music Studio." Yim Dep. at 22, lines 22 – 25, and 23, lines 1 – 14; Chan Dep. at 23, lines 14 – 25, and at pages 24 – 26. Moreover, despite the NAKTA Defendant's assertion that NAKTA is a non-profit entity, NAKTA does collect fees and donations from its member clubs. Yim Dep. at 201, lines 14 – 25 and 202, lines 1 – 15. Moreover, *A&M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896 (N.D. Cal. 2000), has relaxed the "obvious and direct financial interest" required by

*Softel*, by holding that even absent the receipt of any revenues whatsoever, a future hope to "monetize" suffices. *A&M Records, Inc. v. Napster, Inc.,* Id. at 921; 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.04 (2006).

### III. EGI's Claims under the Lanham Act are Valid

NAKTA argues that EGI's claims under the Lanham Act are "simply duplicative of the copyright claims" and therefore must be dismissed. EGI's Lanham Act claims are not simply duplicative of its copyright claims. Paragraphs 59, 60 and 65 of EGI's Answer and Counterclaim lay out separate claims in violation of Section 43(a) of the Lanham act alleging that acts of the NAKTA Defendants "are likely to cause confusion, mistake or deception among NAKTA's clients, EGI's clients and other karaoke entertainment businesses" and that this confusion mistake or deception constitutes "unfair competition, false designation of origin, false or misleading description of fact, or false or misleading representation of fact." Counterclaim, paragraphs 59 and 60. In some cases, the Companies logos appear on the screen as the Works are playing. In other cases the NAKTA Defendants are attempting to pass off the Works as their own. These unlawful acts and sometimes poor quality copies of EGI's property is injurious to EGI. Therefore, EGI has set out a cause of action under the Lanham Act that is separate from copyright claims.

### IV. EGI's State Law Claims are Valid

#### A. **EGI's Claims Under General Business Law §§ 349 and 350 are Valid**

- 13 -

NAKTA alleges that EGI is not a consumer and that NAKTA is not engaged in any consumer transactions. NAKTA further alleges that these facts prohibit EGI from bringing a claim under New York General Business Law § 349. NAKTA has presented case law that says that § 349 is *available* to consumers and then suggests that this somehow means that § 349 *only* applies to consumers. A reading of New York General Business Law § 349 quickly shows that this is not the case and that § 349 is indeed an appropriate statute for this case: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." New York General Business Law § 349 (a).

NAKTA also alleges that EGI's Counterclaim does not identify any advertising and thus EGI's false advertising claim under New York General Business Law § 350, must fail. Paragraph 71 of EGI's Answer and Counterclaim clearly states "The NAKTA Defendants have made and continue to make false and misleading statements, … in commercial advertising or promotion that misrepresent the nature, characteristics, and quality of NAKTA's goods." EGI has clearly stated facts in which they could succeed on their claim and they need not prove the merits of their case at this time.

    **B.**     **EGI's Claims Under General Business Law §§ 360-l and 133 are Valid**

NAKTA asserts that EGI's claims under New York General Business Law §§ 360-l and 133 should fail because EGI has not alleged that NAKTA is using a mark or business name of EGI. With regard to § 360-l, NAKTA has misstated the law. A violation of § 360-l does not require the use of a mark or trade mark by another party, but rather that there be a "[l]ikelihood of injury to business reputation or of dilution of the

- 14 -

distinctive quality of a mark or trade name" because of infringement. EGI clearly asserted such in paragraph 83 of its Answer and Counterclaim.[2] With regard to § 133, EGI clearly alleges that NAKTA used and misappropriated EGI's name in paragraphs 89 and 90 of its Answer and Counterclaim.

### C. EGI's Claim for Unfair Competition is Valid

NAKTA asserts that EGI's claim for common law unfair competition must fail because it is not grounded in activities intended for commercial gain. As was stated in Section II(C) of this brief, NAKTA's actions were intended for commercial gain of its member clubs, including the clubs owned by Mr. Chan and Mr. Yim. Therefore, EGI's claim for common law unfair competition in NAKTA's misappropriation of EGI's property and valuable goodwill results in unfair benefits to NAKTA in violation of the common law of New York State.

### D. EGI's Claim for an Accounting is Valid

NAKTA asserts that EGI's claim for an accounting must fail because it is "based upon the other predicate causes of action" and "[s]ince all EGI's other causes of action fail, so too must its claim for an accounting." Motion to Dismiss, p. 7. However, because EGI's other causes of action are viable, EGI's claim for an accounting does not fail.

### CONCLUSION

---

[2] "The aforesaid acts of the NAKTA Defendants are likely to cause injury to EGI's business reputation as a result of the NAKTA Defendants unfairly competing with EGI in violation of New York Business Law § 360-l." Counterclaim, paragraph 83.

- 16 -

When viewed in the light most favorable to the Defendant/Counterclaim Plaintiff, the facts asserted strongly support the conclusion that the present action states claims for which relief can be granted. Accordingly, Defendant/Counterclaim Plaintiff respectfully request that this Court deny Plaintiff/Counterclaim Defendant's Motion to Dismiss.

Respectfully submitted

Dated: New York, New York

September 18, 2006

                                      Respectfully submitted:

                                      s/ Robert E. Hanlon

                                      Robert E. Hanlon (RH-8794)
                                      ALSTON & BIRD LLP
                                      90 Park Avenue
                                      New York, New York 10016
                                      (212) 210-9400
                                      *Attorneys for Defendant-Counterclaim Plaintiff, Entral Group International, LLC*