```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,
                                              Case No.
                 Plaintiff-Counterclaim
                 Defendant,                   06-cv-
                                              5158(LTS)(MHD)
           -against-
                                              ECF CASE
ENTRAL GROUP INTERNATIONAL, LLC,

                 Defendant-
                 Counterclaimant,

           -against-

SAM CHAN and RAY YIM,

                 Counterclaim
                 Defendants.
------------------------------------------X
```

## COUNTERCLAIM DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COUNTERCLAIM

DAVID J. HOFFMAN

Attorney at Law

29 Broadway
27ᵀᴴ Floor
New York, New York 10006
Tel: (212) 425-0550

The North American Karaoke-works Trade Association, Inc. ("NAKTA"), Sam Chan, and Ray Yim, submit this Reply Memorandum of Law in further support their motion to dismiss Defendant the Counterclaim of Entral Group International, LLC ("EGI") Counterclaim.

I.   **Defendant's Failure to Identify the Works at Issue is Fatal**

Defendant concedes that "a copyright infringement claim can be dismissed if the works infringe are not identified" (Defendant's Memorandum of Law, ("Def. Memo.") p. 9).  The cases cited by Defendant confirm this basic principle of hornbook law. For example, in Franklin Electronic Publishers, Inc. v. Unisonic Prods. Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991), the court squarely affirmed the requirement that the specific works be identified: "Rule 8 requires that plaintiff state in his infringement claim which specific original works are the subject of the claim…".  Id.  In Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp., 38 F.Supp.2d 276, 279 (S.D.N.Y. 1999), the Court determined that although the plaintiff failed to specify "which copyright is infringed by which act" the case could proceed as the plaintiff "carefully cite[d] the registration of assignments to him of copyrights…". Id.

In Tin Pan Apple, Inc. v. Miller Brewing Co., 737 F.Supp. 826, 828 (S.D.N.Y. 1990), relied on the by the court in Richard Feiner, the court addressed a question of infringement much different than that presented on by the Defendant's Counterclaim, and that case was in a different procedural posture.  In Tin Pan Apple, the defendants allegedly employed created a television commercial using look-alikes of a musical group with a distinct appearance and sound known as the "Fat

1

Boys", where the look-alikes allegedly performed in distinct the style of the "Fat Boys". Id. at 828. Contrary to the suggestion of Defendant, Tin Pan Apple does not concern the adequacy of infringement allegations, but with the limits of the parody or fair use defense to copyright infringement. Id. at 829 ("Defendants' main defense to the copyright claims characterizes the commercials as a 'obvious parody of rap', constituting a 'fair use which prevents a claim of copyright infringement.'"). In fact, for the purposes of decision in Tin Pan Apple, the Defendants conceded copying. Id. ("…for the purposes of the present motion, defendants concede copying the Fat Boys' particular expression of rap music…").

Thus, none of the cases cited by the Defendant excuse the requirement that the specific works be identified. Thus, this Court should affirm the rule requiring Defendant to identify the specific works allegedly infringed. Kelly v. LL Cool J, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)("A properly pleaded copyright infringement claim must allege … which specific original works are the subject of the copyright claim…"); Franklin Electronic Publishers, Inc., 763 F.Supp. at 4 ("Rule 8 requires that plaintiff state in his infringement claim which specific original works are the subject of the claim…").

## II.  Defendant Fails to State a Claim for Contributory Infringement

Defendant unavailingly attempts to bolster its foundering claim against Messrs. Yim and Chan for contributory infringement. Defendant makes the preposterous claim that the law of contributory infringement requiring a direct financial interest in the infringement, as set forth by the Second Circuit in Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955 (2d. Cir 1997), has somehow been relaxed by a

2

six-year old decision from the Northern District of California. See, Def. Memo, pp. 12-13.  Unlike the Defendant, Counter-defendants rely on the law as expressed by the Second Circuit, and believe this Court should follow those binding precedents.

Defendant also makes a claim regarding the financial interests of Messrs. Yim and Chan that is false – and is demonstrably known to the Defendant to be false.  According to the Defendant, "…Mr. Chan and Mr. Yim have financial interests in its member clubs that benefit from NAKTA's and therefore <u>do</u> hold direct financial interest [sic] in NAKTA's actions."  Def. Memo., p. 12.  Defendant is therefore suggesting that Mr. Chan and Mr. Yim somehow profit from NAKTA's video library.  As is known to EGI, both the clubs owned by Mr. Chan and Mr. Yim license their videos from EGI, the Defendant, and do not use the NAKTA videos.  Decl. of S. Chan, September 25, 2006, ¶¶6-7, Decl. of R. Yim, September 25, 2006, ¶¶6-7.  Neither Mr. Chan nor Mr. Yim receives any compensation whatsoever from their services to NAKTA; therefore, neither has a direct financial interest and this portion of Defendant's counterclaim must be dismissed.  Chan Decl. ¶4; Yim Decl. ¶4.

### III. <u>Defendant's Lanham Act Claims Must be Dismissed</u>

Defendant's opposition does nothing to rebut the obvious fact that EGI's Lanham Act claims are duplicative of Defendant's copyright infringement claims.  According to Defendant, the Lanham Act violation occurs when "logos appear on the screen as the Works are playing" or when NAKTA is attempting to "pass off the Works as their own".  Def. Memo, p. 13.  Both of these activities are no different than the conduct claimed as copyright infringement.

3

Furthermore, the core claim of EGI as to the Lanham Act is that "the Companies logos" appear on the videos. Def. Memo, p. 13. That is, this claim has nothing to do with EGI, but rather several record companies located in Hong Kong. (Counterclaim, ¶10). There is no allegation in the counterclaim that EGI is entitled to enforce these companies' marks. Therefore, Defendants' Lanham Act claims must be dismissed.

Dated:    New York, New York
          September 26, 2006

                                        /s/David J. Hoffman
                                        David J. Hoffman (DH 7605)
                                        29 Broadway
                                        27th Floor
                                        New York, New York 10006
                                        ATTORNEY FOR PLAINTIFF-
                                        COUNTERDEFENDANTS

4