UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,

                Plaintiff,

    v.

ENTRAL GROUP INTERNATIONAL, LLC,

                Defendants.

Civil Action No.:
1:06-CV-5158 (LTS)(MHD)

## PRELIMINARY PRE-TRIAL STATEMENT

Plaintiff North American Karaoke-Works Trade Association, Inc. ("Plaintiff" or "NAKWTA"), Counterclaim Defendants Sam Chan and Ray Yim (respectively, "Chan" and "Yim" and collectively with NAKWTA, the "NAKWTA Counterclaim Defendants") and Defendant Entral Group International, LLC ("Counterclaim Plaintiff" or "EGI") (collectively, the "Parties") respectfully submit this Joint Preliminary Pre-Trial Statement as required by Judge Swain's Orders dated July 26, 2006 and October 16, 2006.

## NATURE OF THE ACTION AND JURISDICTION

This is an action arising under the Copyright Act, 17 U.S.C. §101 et seq. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

## MATERIAL UNCONTESTED AND DISPUTED FACTS

The Parties are unable to agree on any material facts which are not in dispute.

Counterclaim Plaintiff submits the following as its concise statement of material disputed facts:

EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings ("the

Works") of certain companies including, but not limited to, Universal Music Limited, BMG Hong Kong Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies"). The recording artists who appear in the Works created by the Companies are almost universally under exclusive recording contracts with those Companies.

As part of its exclusive license, EGI is the only entity that is allowed to distribute the Works in the United States for use in karaoke clubs, and the only entity that is authorized to create karaoke works that are based on any aspect of the Works provided by the Companies.

The NAKWTA Counterclaim Defendants distribute a library of at least 9,000 karaoke audio-visual recordings (the "NAKWTA Library") to NAKWTA members which includes works which infringe the exclusive copyright interests held by EGI. The NAKWTA Library contains at least four of the Works licensed to EGI with the original video, audio and text, which display the Companies' logo. The NAKWTA Library also contains audio visual works that are derived from the Works ("NAKWTA Materials"), which the NAKWTA Counterclaim Defendants created or induced others to create, without the authorization of EGI or the Companies.

The NAKWTA Counterclaim Defendants are not authorized by EGI, or any of the Companies, to distribute or commercially use the Works, or to create derivative works based on the Works, or to copy, use or perform the Works or derivative works in connection with any business or service. The NAKWTA Counterclaim Defendants are further not authorized by EGI or any of the Companies to use the Companies' trademarks

as featured in some of the karaoke audio-visual recordings contained in the NAKWTA Library. The NAKWTA Counterclaim Defendants' use of the Companies' and EGI's trademarks in connection with their unauthorized use of the Works is likely to cause confusion.

The NAKTA Counterclaim Defendants are not authorized to display any works that are attributed to the artists who are under exclusive license to the Companies and whose karaoke Works are exclusively licensed to EGI. The NAKTA CD's use of the artists name is either an admission that the works are the original artists recordings that are exclusively licensed to EGI or constitute false designation of character of the NAKTA Materials that adversely affects EGI's interests in the real Works that were created by those artists.

Chan and Yim personally and directly participated in or contributed to the infringing activities of NAKWTA. Chan commissioned, authorized or induced the creation of the NAKWTA Materials and the copying and distribution of these materials, knowing them to contain materials that were exclusively licensed to EGI. Yim traveled to China to induce and facilitate the creation of the NAKWTA Materials and the copying and distribution of these materials, knowing them to contain materials that were exclusively licensed to EGI.

## UNCONTESTED LEGAL ISSUES

The Parties are not able to agree on any legal issues which are uncontested.

## LEGAL ISSUES TO BE DECIDED BY THE COURT

The Parties respectfully submit that the following are issues of law that will need to be decided by the Court:

1. Whether the exclusive rights held by EGI to distribute the Karaoke Works in North America includes rights over the individual components of the audio-visual works, whether used in combination or independently;

2. Whether NAKWTA created derivative works and distributed those works that infringe the copyrights held by EGI, either directly or through its agents;

3. Whether NAKWTA is secondarily liable for distributing works which infringe the copyrights held by EGI, regardless of who created the infringing works;

4. Whether NAKWTA's actions were willful;

5. Whether the officers of NAKWTA are personally liable for any acts of direct or contributory infringement committed by NAKWTA;

6. Whether the infringing conduct of NAKWTA's officers was willful; and

7. Whether the fact that the creation of the derivative works may have occurred outside of the U.S. shields NAKTA and its officers for liability when they induced the creation and participated in the distribution in the U.S.

### LEGAL BASES FOR PLAINTIFF'S CAUSES OF ACTION

### LEGAL BASES FOR COUNTERCLAIM PLAINTIFF'S CAUSES OF ACTION

EGI's Counterclaims are based on the Berne Convention, the Copyright Act, 17 U.S.C. § 101 et seq., Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), New York General Business Law §§ 350, 349, 360-l and 133, and New York common law of unfair competition.

- 5 -

**LEGAL BASES FOR DEFENDANT'S DEFENSES**

EGI is the exclusive owner of the copyright interests in the U.S. NAKWTA has appropriated, made derivative works, copied and distributed EGI property without authorization or justification. NAKWTA has also done so with unclean hands.

**LEGAL BASES FOR COUNTERCLAIM DEFENDANT'S DEFENSES**

**PROOF**

EGI has the burden to establish its affirmative defenses and Counterclaims for Copyright and Trademark Infringement, and Unfair Competition by a preponderance of the evidence.

**AMENDMENTS OF PLEADINGS**

The Parties do not presently believe that the pleadings need to be amended, nor do they believe that any additional parties need be joined at this time. However, the Parties reserve the right to amend the pleadings and join additional parties as discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Rules of this Court. The Parties have discussed and agreed to the following deadline for amending the pleadings and joining additional parties: December 3, 2006.

**CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

The Parties do not consent to proceed before a Magistrate Judge.

**Fed. R. Civ. P. 26(a)(1) DISCLOSURES**

The Parties do not anticipate that any changes to the form or requirements of the disclosures under Fed. R. Civ. P. 26(a) are necessary, and have agreed that such disclosures should be served on or before December 8, 2006.

LEGAL02/30154174v2

## DISCOVERY

The parties anticipate that discovery will be needed on the following topics:

1. The ownership of the copyright interests in the NAKWTA Materials;

2. The creation of the NAKWTA Materials distributed by NAKWTA;

3. The identity of NAKWTA members or other individuals or entities to whom the NAKWTA has distributed the NAKWTA Materials;

4. NAKWTA's gross revenues and profits from the distribution of the NAKWTA Materials to its members or other individuals or entities; and

5. The exclusive copyright interest in the Works held by EGI.

The Parties do not believe that that discovery should be conducted in phases or limited or focused on particular issues. The Parties further do not anticipate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules are necessary.

## EXPERT DISCOVERY

The Parties anticipate that expert discovery may be needed on the issue of the relationship between the EGI Works and the NAKWTA Materials. The parties believe that any expert opinions that a party wishes to rely upon at trial should be disclosed in an expert report no later than 90 days before trial, and experts should be made available for depositions no later than 45 days before trial.

## STATUS OF SETTLEMENT

The Parties have agreed to mediation before a magistrate judge or other legal mediator, but not other non-legal mediators.

## TRIAL BY JURY

The Parties request a trial by jury, and anticipate that the trial will last 5 business days.

## OTHER ORDERS

The Parties anticipate that both a scheduling order and a protective order will be necessary. The Parties propose the following dates for a scheduling order:

| | |
|---|---|
| Written Initial Disclosures (Fed. R. Civ. P. 26(a)) | December 8, 2006 |
| Disclosure of Experts | January 8, 2007 |
| Factual Discovery Closes | February 5, 2007 |
| Initial Expert Reports | March 2, 2007 |
| Rebuttal Expert Reports | March 16, 2007 |
| Expert Discovery Closes | April 16, 2007 |
| Last Day to File Dispositive Motions | April 30, 2007 |
| Pre-Trial Conference | May 7, 2007 |
| Trial | June 4, 2007 |

The Parties further propose that the Court adopt a Protective Order in substantially the same form as the Protective Order currently in effect in *Entral Group Int'l, LLC v. YHLC Vision Corp. and Jeff Chen*, No. 05 CV 1912 (ERK)(RLM), pending in the Eastern District of New York, by which both Parties have already agreed to be bound.

Dated: New York, New York
November 24, 2006

| /s/ Robert Hanlon | |
|---|---|
| Robert E. Hanlon (RH-8794)<br>Brook A. Clark (BC-1271)<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, New York 10016<br>(212) 210-9400<br>(212) 210-9444 (facsimile)<br><br>*Attorneys for Defendant-Counterclaim Plaintiff Entral Group International* | David J. Hoffman (DH-____)<br>Attorney at Law<br>29 Broadway, 27th Floor<br>New York, NY 10006<br>(212) 425-0550<br><br>*Attorney for Plaintiff-Counterclaim Defendant North American Karaoke-Works Trade Assn., Inc. and Counterclaim Defendants Sam Chan and Ray Yim* |