```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,
                                            Case No.
            Plaintiff-Counterclaim
            Defendant,                      06-cv-
                                            5158(LTS)(MHD)
      -against-
                                            ECF CASE
ENTRAL GROUP INTERNATIONAL, LLC,

            Defendant-
            Counterclaimant,

      -against-

SAM CHAN and RAY YIM,

            Counterclaim
            Defendants.

---------------------------------------X
```

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' OPPOSITION TO THE STRIKING OF PLEADINGS AND FOR RECONSIDERATION

## David J. Hoffman

### Attorney at Law
29 Broadway
27ᵀᴴ Floor
New York, New York 10006
Tel: (212) 425-0550

Defendant's request that the Court strike Plaintiff and Counterclaim Defendants' pleadings should be denied. Furthermore, the Court should reconsider and vacate its earlier striking of Plaintiff's Complaint, and other penalties imposed.

I.  **The Court Should Not Exercise Jurisdiction Over This Dispute.**

This Court had original jurisdiction over this case due to the allegations in the complaint which invoked this Court's jurisdiction under 28 USC §1338.  The allegations in the Counterclaim cannot give rise to original jurisdiction.  The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 US 826, 831 (2002)("It follows that a counterclaim…cannot serve as the basis for 'arising under' jurisdiction.")  The Court may only entertain Defendant's counterclaims under the Court's supplemental jurisdiction under 28 USC §1367.  Thus, in Holmes, the United States Supreme Court abolished any jurisdictional distinction between federal counterclaims and state law claims asserted as part of the plaintiffs complaint.  No diversity jurisdiction exists here, as all parties are citizens of New York.

After dismissing Plaintiff's complaint, which Holmes dictates is the only source of this Court's original jurisdiction, this Court must reassess its jurisdiction. Motorola Credit Corp. v. Uzan, 388 F.3d 39, 46 (2d. Cir 2004)("When, as in this case, a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors – judicial economy, convenience, fairness, and comity.")  The Second Circuit has directed

1

the district courts to dismiss the remainder of case where the federal claims are dismissed before trial.  Id. "Applying these factors, our Court has held, as a general proposition, that 'if [all] federal claims are dismissed before trial the state claims should be dismissed as well.'" quoting Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d. Cir. 1991)(emphasis in original).  Prior to Holmes, the Second Circuit granted federal jurisdiction upon a state law counterclaim.  See Fax Telecommuncaciones, Inc. v. AT & T, 138 F.3d 479 (2d Cir. 1998) ("AT&T's counterclaim seeking to enforce the filed tariff provides a basis for federal question jurisdiction.")  Quite clearly, Holmes has abolished that source of jurisdiction.

Although the Second Circuit referred to state law claims in Motorola Credit, citing pre-Holmes case law, the United States Supreme Court's abolition of any distinction between state law claims and federal counterclaims indicates that the default rule must be applied to federal counterclaims as well.  Here, there have been none of the substantial proceedings justifying this Court's continuation of its jurisdiction.  For example, in Motorola Credit, the Second Circuit found the exercise of jurisdiction proper where the district court had invested significant judicial resources evaluating the "enormous record".  Id. at 48.  Because the Court has not made that significant investment, the Court must dismiss the remainder of the case.

## II.  The Court Should Not Strike Plaintiff and Counter-defendants' Pleadings.

The Second Circuit has determined that the striking of pleadings be only reserved for extreme situations and only

2

be used as a last resort.  <u>Marfia v. T.C. Ziraat Bankasi</u>, 100 F.3d 243, 249 (2d. Cir. 1996).  Here, no extreme situation exists.  As explained more fully in the annexed Declaration of the undersigned, the failure to appear at the December 13, 2006 conference was merely the result of confusion about the adjourned date of the conference.  The undersigned had a good-faith belief that the conference had been adjourned to January, 2007.  As also more fully explained in the declaration, Plaintiff and Counterclaimants have been participating in good faith in this litigation, have served discovery demands, initial disclosures, etc.

Furthermore, no precedent supports the imposition of sanctions with regard to the submission of the Preliminary Joint Pre-Trial Statement.  In fact, it is not clear that the Court considered all alternatives, including the acceptance of the Preliminary Joint Pre-Trial Statement without Plaintiff and Counterclaim-defendants input.

### III. The Court Should Also Reconsider Its Earlier Imposition of Sanctions.

On December 13, 2006, the Court dismissed Plaintiff's complaint.  Apparently, the Court did so because Plaintiff's counsel did not attend the December 13, 2006 conference.  As noted in <u>Marfia</u>, such a dismissal is to be reserved for extreme cases.  Counsel's good faith belief that the conference had been adjourned is not the type of contumacious, willful behavior justifying the imposition of such a severe sanction.

On December 1, 2006, the Court imposed a monetary sanction upon Plaintiff's counsel.  The sanction concerned the deadline for submitting the Preliminary Pre-Trial

3

Statement.   Examining the Southern District's schedule of holidays for 2006, the Court's order adjourning the conference, and FRCP 6, the due date was not November 24, 2006.

## IV.  All of the Court's Sanctions Have Failed to Afford Due Process.

Due process requires that the Court provide notice and an opportunity to be heard.  Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d. Cir 1999)("Due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanction.")(emphasis in original, internal quotes and cites omitted).  As to the notice requirement, the Court must inform the potentially sanctioned party of: "(1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."  Id.

The Court has failed in each instance to provide adequate notice: (1) For the instant request for Plaintiff and Counterdefendants' opposition to the further striking of pleadings, the Court has failed to identify the source of its authority and has not delineated the specific conduct; (2) for the striking of Plaintiff's complaint on December 13, 2006, the Court did not provide the authority under which it dismissed Plaintiff's complaint – furthermore, as noted Plaintiff and Counterdefendants were not even represented at that hearing; and (3) with respect to the monetary sanction, as it is clear from the transcript, the Court did not reveal that it was contemplating sanctions until it imposed them.  In each

4

case, the Court deprived Plaintiff and Counterdefendants and their counsel of the opportunity to request a more formal adjudication. The imposition of monetary sanctions is a serious matter, with repercussions beyond their pecuniary impact. Id. at 335 ("Sanctions carry much more than a pecuniary impact: Reputations are at stake and licenses to practice are in danger.")

With respect to the December 13, 2006 dismissal of Plaintiff's complaint, the Court also completely deprived Plaintiff and Counterclaimants of an opportunity to be heard as there is no dispute that no one was present to represent Plaintiff and Counterclaimants.

Dated:   New York, New York
         January 5, 2007

/s/David J. Hoffman
Attorney at Law
29 Broadway
27th Floor
New York, NY 10006
ATTORNEY FOR PLAINTIFF
AND COUNTERDEFENDANTS

5