```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
NORTH AMERICAN KARAOKE-WORKS TRADE
ASSOCIATION, INC.,
                                                Case No.
                    Plaintiff-Counterclaim
                    Defendant,                  06-cv-
                                                5158(LTS)(MHD)
            -against-
                                                ECF CASE
ENTRAL GROUP INTERNATIONAL, LLC,

                    Defendant-
                    Counterclaimant,

            -against-

SAM CHAN and RAY YIM,

                    Counterclaim
                    Defendants.

---------------------------------------X
```

## DECLARATION OF DAVID J. HOFFMAN

David J. Hoffman declares as follows:

1.   I am counsel for the Plaintiff North American Karaoke-works Trade Association, Inc. ("NAKTA") and Counterclaim Defendants Ray Yim and Sam Chan.

2.   I submit this declaration in response to the Court's order of December 26, 2006 requesting the Plaintiff's opposition the striking of Plaintiffs and Counterclaim Defendants pleadings.

3.   By this motion, Plaintiff and Counterclaim Defendants also move that this Court: (1) dismiss this case for lack of subject matter jurisdiction; (2) or in the alternative, reconsider its dismissal of Plaintiff's complaint; and (3) reconsider its imposition of sanctions.

1

4. A true copy of the initial conference order filed July 25, 2006 is attached hereto as Exhibit A. In paragraph 1, that order set the date of the initial pre-trial conference for October 20, 2006. In paragraph 4, the initial order stated that Preliminary Pre-Trial Statement was due "no later than seven (7) calendar days before the date set forth in paragraph 1 above".

5. By letter dated October 16, 2006, attached hereto as Exhibit B, EGI's counsel requested an adjournment of the conference. The Court adjourned the conference until December 1, 2006. In changing the conference date, the Court noted that "the related deadlines are modified accordingly".

6. Attached hereto as Exhibit C is a true copy of the docket sheet in this matter.

7. Attached hereto as Exhibit D is a true copy of an e-mail dated October 16, 2006 by Robert Hanlon, Esq., noting that I had requested a FRCP 26(f) conference: "I am aware that you have previously requested such a conference, but we were unavailable in the time frame you suggested."

8. After the Court granted EGI's request for an adjournment, Mr. Hanlon and I did hold a conference in accordance with the rules. A true copy of the transcript of the conference on December 1, 2006 is attached hereto as Exhibit E. At page 11, Mr. Hanlon acknowledged that "Mr. Hoffman and I did meet and confer. There clearly were areas that we agreed upon and areas that we did not agree upon, and that is not untypical in these cases."

9. In addition to the foregoing, Plaintiff and Counterclaimants have endeavored to move this case along.

Plaintiff served its First Set of Interrogatories (Exhibit F) and First Set of Document Requests (Exhibit G) on September 23, 2006.

10. In response, by letter dated September 28, 2006 (Exhibit H), Defendants' counsel refused to answer discovery requests asserting that the requests were premature.

11. Plaintiff and Counterclaimants served their initial disclosures on November 3, 2006. A copy is attached as Exhibit I.

12. Counsel for the Defendant asserted that the Preliminary Pre-Trial Statement was due on November 24, 2006. Defendant filed the Preliminary Pre-Trial Statement on November 24, 2006.

13. According the website of the United States District Court for the Southern District of New York, November 24, 2006 was designated a holiday (Exhibit J).

14. At the conference on December 1, 2006, the Court ordered me to pay $585 to Defendants' counsel. Exhibit E, p. 13. Prior to making that assessment the Court did not indicate that it was contemplating sanctions, nor did the Court identify the authority under which it issued that sanction.

15. I understand that the Court adjourned the conference until December 13, 2006 and directed that the Preliminary Pre-Trial Statement be due on December 8, 2006. This was not my understanding at the December 1, 2006 conference.

16. I did not appear at the December 13, 2006 conference. At that conference, I understand that the

Court dismissed Plaintiff's Complaint. At no time has the Court permitted me to be heard as to the dismissal of the complaint. Nor has the Court identified the authority under which it dismissed my complaint.

17. Furthermore, I have contacted the Southern District Reporters in an effort to obtain a transcript of the December 13, 2006 proceedings. The Southern District Reporters have informed me that two court reporters served in the Courtroom that day, yet neither recorded the proceedings in this case. Therefore, the Southern District Reporters has no record of the proceedings in this matter on December 13, 2006.

18. My absence at the December 13, 2006 conference was merely due to my confusion about the dates. During the conference, I understood that the conference had been adjourned until January 13, 2007. At the time, I did not have a calendar with me. Of course, the Court's minute entry of December 5, 2006 indicated the proper date. No doubt, I should have examined this more closely, but for the reasons set forth below, I was certain that the conference had been adjourned into January, 2007.

19. My belief that the conference had been adjourned until January 13, 2007 was because at first the Court indicated that it would adjourn the conference "out two weeks" or "two weeks out from today" (Exhibit E, p. 13). The Court never rescinded that statement. Thus, the earliest date I believed that the Court was contemplating for the conference was December 15, 2006.

20. I informed the Court (Exhibit E, p. 13) that I was scheduled to begin a trial on December 15, 2006.

4

(Exhibit K). That trial was eventually stayed by the Appellate Division, First Department, by order dated December 8, 2006 (Exhibit L).

21. After that, the Court let Mr. Hanlon choose the between "the 13th" or another date. Exhibit E, p. 13. Mr. Hanlon chose "the 13th". At no time did the Court or Mr. Hanlon expressly say "January". Furthermore, as I noted above, I did not have a calendar to indicate that 13th of January was not a Wednesday.

22. If I had understood the date to have been December 13, 2006, I would have objected as I had another appearance scheduled on December 13, 2006 before Magistrate Judge Michael Dolinger. (Exhibit M). Although the order was issued on December 1, 2006, I had earlier been asked to choose between two dates, one of which directly conflicted with the scheduled trial, and December 13, 2006. I had chosen December 13, 2006.

23. I am a sole practitioner. It would have been impossible for me to appear twice in Court on the same day, on the eve of trial, without seriously impacting my trial preparations. Thus, my silence when "the 13th" was chosen indicates that I sincerely believed that the conference had been adjourned to January 13, 2007.

24. Furthermore, although the Court expected that I would "have a further discussion with Mr. Hanlon", I never did receive any communications with counsel for the Defendants before December 8, 2006, the due date, nor December 13, 2006. Nor was the Preliminary Pre-Trial Statement refiled during that time. Therefore, as of

5

December 13, 2006, I was not aware that the conference had been scheduled for that date.

    25.   I make the foregoing declaration under penalty of perjury.

Dated:    New York, New York
            January 5, 2007

                                      /s/_____
                                      David J. Hoffman