UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC.

    Plaintiff and Counterclaim Defendant,

v.

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant and Counterclaim Plaintiff,

v.

SAM CHAN and RAY YIM,

    Counterclaim Defendants.

Case No. 06-CV-5158 (LTS)(MHD)

**DEFENDANT AND COUNTERCLAIM PLAINTIFF'S REPLY
MEMORANDUM IN SUPPORT OF THE STRIKING OF
PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' PLEADINGS**

Table of Contents

Page

I.   INTRODUCTION ............................................................................................................... 1
II.  ARGUMENT ....................................................................................................................... 1
     A.   This Court Has Jurisdiction ..................................................................................... 1
          1.   The Dismissal of Plaintiff's Claims Does Not Deprive This Court of
               Jurisdiction over the Counterclaims.............................................................. 1
          2.   Even if the Court Were Required to Exercise Its Discretion, It Should
               Choose to Retain Jurisdiction over the Counterclaims ................................ 3
     B.   The Court Should Strike Plaintiff's and Counterclaim Defendants' Pleadings ...... 4
     C.   The Court Should Not Reconsider Its Earlier Imposition of Sanctions .................. 8
     D.   The Court Has Afforded the Plaintiff and Counterclaim Defendants with Due
          Process .................................................................................................................... 9
CONCLUSION ................................................................................................................ 10

## I. INTRODUCTION

This Court has found that Plaintiff/Counterclaim Defendant, North American Karaoke-Works Trade Association, Inc. and Counterclaim Defendants, Sam Chan and Ray Yim (collectively "NAKTA"), and their counsel, David J. Hoffman have repeatedly violated orders of this Court. The Court has imposed the sanction of dismissal of NAKTA's claims and a monetary fine on Counsel Hoffman. Defendant/Counterclaim Plaintiff, Entral Group International, LLC ("EGI") has petitioned the Court to maintain those sanctions and to include as part of those sanctions the striking of all of NAKTA's pleadings, including NAKTA's answer and defenses to the counterclaims, to effect the purpose of the sanctions and to afford EGI with meaningful relief for NAKTA's violations of the orders of this Court.

## II. ARGUMENT

### A. This Court Has Jurisdiction

1. <u>The Dismissal of Plaintiff's Claims Does Not Deprive This Court of Jurisdiction over the Counterclaims</u>

NAKTA asserts that this Court never had original jurisdiction over EGI's counterclaims, and that, once the Court dismissed NAKTA's original claims, it lost "supplemental jurisdiction." NAKTA then argues that the Court must therefore dismiss the counterclaims for lack of jurisdiction. This argument is a gross distortion of the law and the facts.

NAKTA cites the United States Supreme Court's decision in *The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) as standing for the proposition that once a plaintiff's complaint is dismissed, the district court is deprived of its original jurisdiction and must reassess any continuing jurisdiction. This is not the holding of the Supreme Court.

In *Holmes*, the Plaintiff sought a declaratory judgment concerning trade dress. The counterclaim concerned patent law. When the plaintiff prevailed in its trade dress claim (and

before the patent claim was decided) defendant appealed to the Court of Appeals for the Federal Circuit. The Federal Circuit then reversed the district court ruling on trade dress. The Supreme Court held that the Federal Circuit did not have jurisdiction over the case because the original claim in the case, and the only claim considered on appeal, was not covered by the Federal Circuit's original jurisdiction, and lacking that original jurisdiction, it could not find jurisdiction solely on the basis of the counterclaim. *Id.* The *Holmes* case had nothing to do with the issue of jurisdiction being affected by the dismissal of a claim. Rather it considered whether an appeals court of very limited jurisdiction could have original jurisdiction over a case that was based on a claim that was outside that jurisdiction from the inception of the case, solely based on the nature of the counterclaim.

The present case has no relationship to that case or holding. The original claim in this case is for a declaratory judgment based on copyright law. This is a federal question and is within this District Court's original subject matter jurisdiction. 28 U.S.C. §§ 1331 1338 and 2201. The first cause of action in the counterclaims is for copyright infringement. This is also a federal question and is within this Court's original subject matter jurisdiction. 28 U.S.C. §§ 1331 and 1338. Likewise, the second, third, and fourth causes of action are for federal contributory copyright infringement, federal unfair competition and false designation of origin and federal false advertising, all federal questions and all within the Court's original subject matter jurisdiction. *Id.* In fact, each of these claims directly relate to exactly the same facts and circumstances that are the basis of the NAKTA's original claim for a declaratory judgment. *Holmes* simply does not apply.

NAKTA's characterization of the decision of the Court of Appeals for the Second Circuit in *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004) is similarly misleading. In that

2

case, the district court dismissed the plaintiff's federal question RICO claims but decided to retain its supplemental jurisdiction over the plaintiff's *state law claims*, citing judicial economy, because a trial had already taken place and the party challenging jurisdiction had frustrated the progress of the case. The Court of Appeals upheld the district court's decision that it had, and properly retained, jurisdiction over the matter. *Id* at 65-66.

In citing this case as well, NAKTA has deliberately misapplied precedent. In *Motorola*, after dismissal of the RICO claim, there were no remaining federal claims upon which to base original jurisdiction. The sole reason that the district court even considered the possibility of dismissal was because *only* supplemental jurisdiction remained. In the present case, this Court always had *original* jurisdiction over both the claims and the counterclaims. The dismissal of one did not somehow undo the Court's original jurisdiction over the other. Further, *Motorola* was decided after *Holmes*, and the Second Circuit made clear that it had no obligation to overrule the District Court's decision to retain jurisdiction.

Under NAKTA's theory, *anytime* a plaintiff's claims were dismissed or adjudicated before the determination of the counterclaims, the court would be divested of its jurisdiction (or at least would have to consider such divestiture). Such an approach would bizarrely fragment cases, lead to duplicative actions and be wholly wasteful of judicial resources and impose unreasonable burdens on both parties. This is simply not what the law intends or provides.

> 2. Even if the Court Were Required to Exercise Its Discretion, It
> Should Choose to Retain Jurisdiction over the Counterclaims

NAKTA and its counsel have now twice violated the Federal Rules of Civil Procedure and the explicit orders of this Court. Having done so, and having been sanctioned by this Court, they now seek to strip this Court of its authority and punish EGI by making it begin the process anew. Obviously, should the Court dismiss the counterclaims, EGI would have to refile its

3

claims to halt NAKTA's infringing conduct. It is highly likely that the matter would be assigned to a new judge, thus effectively allowing NAKTA to "judge-shop" in an attempt to hide its shoddy record before this bench. Such abuse of the judicial system and the imposition of the burden of requiring EGI to start anew must not be countenanced.

### B. The Court Should Strike Plaintiff's and Counterclaim Defendants' Pleadings

The striking of NAKTA's pleadings is wholly warranted under the circumstances. NAKTA has now violated this Court's orders four times:

1. in failing to participate in and submit a Preliminary Joint Pre-Trial Statement by November 22, 2006 as explicitly ordered by the Court in its Initial Conference Order dated July 25, 2006 and affirmed in its October 16, 2006 order resetting the dates for that submission; s*ee January 26, 2007 Declaration of Robert E. Hanlon* ("Hanlon Decl."), ¶ 3, Exhibits A & B.

2. in failing to pay to EGI the fine imposed by this Court at the Conference on December 1, 2006; *Hanlon Decl.* ¶ 3, Exhibit C;

3. in failing to submit NAKTA's portion of the Preliminary Joint Pre-Trial Statement by the adjourned date of December 8, 2006, as ordered by this Court on December 1, 2006; *Hanlon Decl.* ¶ 3, Exhibit C; and

4. in failing to appear for the adjourned Pre-Trial Conference on December 13, 2006, as ordered by the Court on December 1, 2006; *Hanlon Decl.* ¶ 3, Exhibit C.

The imposition of the sanction of striking pleadings is explicitly provided for under the Federal Rules of Civil Procedure. Rule 16(f) contemplates exactly the circumstances in this case:

> If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or a party's attorney is substantially unprepared to participate in the conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f).

Rule 37(b)(2)(B) provides that the Court may issue orders "refusing to allow the disobedient party to support or oppose designated claims or defenses," and Rule 37(b)(2)(C)

4

provides that the Court may issue orders "striking out pleadings . . . or dismissing the action . . . ." Fed. R. Civ. P. 37(b)(2)(B) and (C).

Additionally, this Court made explicit in its Initial Conference Order, issued on July 25, 2006, that if "any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties." *Hanlon Decl.*, ¶ 3, Exhibit A.

NAKTA was on notice under the rules, was on explicit written notice pursuant to the Court's order, and was personally and directly told in person by the Court that it had violated the rules, was being sanctioned in the form of a fine, and was under a heightened duty to comply with its obligations to submit its materials and appear. Despite all of these admonitions and warnings, NAKTA repeatedly failed to do what it was obligated to do. Such repeated failure in the face of warnings is exactly what the Rules envision warranting the striking of pleadings.

The feeble defense offered by NAKTA's counsel, that "Plaintiff and Counterclaim Defendants have been participating in good faith in this litigation, have served discovery demands, initial disclosures, etc." is a disingenuous at best. On September 27, 2006, NAKTA's counsel served EGI with document requests and a deposition notice. As of that date, initial disclosures had yet to be made and the initial disclosure conference between the parties, required under Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 26(f) had yet to be scheduled or even discussed. NAKTA's service of discovery demands on EGI before these events took place was in direct violation of the Fed. R. Civ. P. 26(d), which provides that no discovery may be propounded prior to initial disclosures and an initial disclosure conference.

Because these discovery demands were improper and untimely, EGI returned then to

NAKTA's counsel, advising him that they were not proper and would not be addressed. Contrary to Mr. Hoffman's representations, to date, no initial disclosures have occurred.

NAKTA's statement that there is no precedent for the imposition of sanctions with regard to the submission of the Preliminary Joint Pre-Trial Statement is also intentionally misleading. There are numerous instances of the imposition of sanctions for failure to obey court orders, including scheduling and discovery orders. In fact, in this District, Judge Motley ruled that failure to submit a pre-trial memorandum and joint pre-trial order, coupled with a repeated failure to comply with scheduling orders, was a basis for dismissal. *Neufeld v. Neufeld*, 172 F.R.D. 115, 119 (S.D.N.Y 1997). In that case, the court noted that the standards for imposing such sanctions are willfulness or bad faith on the part of the sanctioned party, accompanied by notice that dismissal may occur.

The Second Circuit has affirmed that the first element, bad faith and willful intransigence on the part of counsel, is found where "the record reveals [plaintiff's] sustained and willful intransigence in the face of repeated and explicit warnings from the Court. *Id*. at 118, *citing Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (affirming a District Court dismissal of claims).

Judge Motley also held that the level of notice to a party "is undoubtedly satisfactory given that they are represented by an attorney who should be well aware of the consequences that attach when a plaintiff who has been previously sanctioned for violating a court's order violates a second order so soon thereafter." *Neufeld*, 172 F.R.D. at 119.

This is exactly the case here. NAKTA's counsel is charged with being familiar with the Federal Rules, the Rules of this District and the Individual Practices of this Court. These alone would have put him on notice of NAKTA's and counsel's obligations. However, this Court

6

additionally put NAKTA on explicit notice in its July 25, 2006 order that failure to timely submit the Preliminary Joint Pre-Trial Statement or attend the Pre-Trial Conference could result in the dismissal of the action or the preclusion of defenses.  When NAKTA's counsel appeared at the December 1 Conference after failing to submit the Preliminary Joint Pre-Trial Statement, or even respond to EGI's counsel's many requests to participate in that submission, the Court admonished counsel, fined him and explicitly directed that he make a submission by December 8, 2006 and appear on December 13, 2006.  That explicit order was entered into the docket and a notice affirming the explicit details of the order was received by NAKTA's counsel by ECF on December 5, 2006.  *Hanlon Decl.* ¶ 3, Exhibit C.

      The argument by Mr. Hoffman, that he did not understand the Court's instruction about appearing in December, and that he somehow overlooked the email he received from the ECF system, simply is not credible.  Even if it were credited, Mr. Hoffman has given the Court no reasonable excuse as to why he did not comply with his initial obligations to respond to EGI's requests to participate in the preparation of the Preliminary Joint Pre-Trial Statement.  This conduct, especially in light of EGI's repeated efforts to involve him, in itself is willful.  His failure to attend to the Court's instructions during the December 1, 2006 Conference, coupled with his failure to pay the fine imposed by the Court, and his claimed failure to read his emails from the ECF system, beyond question satisfy the requirement of willfulness or bad faith.

      For the reasons discussed in EGI's letter to the Court dated December 14, 2006, and served on NAKTA, if the sanction were limited to the dismissal of NAKTA's claims, this would not be effective in addressing the bad behavior of NAKTA or providing EGI the relief to which it is entitled.  Since NAKTA sought no relief other than a declaratory judgment and attorneys' fees, and since EGI would have to proceed to prove substantially all of the same elements in

pursuing its counterclaims, the dismissal of the NAKTA claims would actually provide EGI with little or no actual relief, and would not penalize NAKTA at all (with the exception of barring their unlikely claim for fees and costs). Consequently, to effect the penalty that the Rules provide and that we understood that the Court intended, the proper relief would be the striking of NAKTA's pleadings, including NAKTA's answer and defenses to the counterclaims.

**C. The Court Should Not Reconsider Its Earlier Imposition of Sanctions**

NAKTA's argument that the Court should reconsider its imposition of the sanction of dismissal is, for the reasons listed above, without merit.

To seek reconsideration, the moving party is required to submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern District of New York; *see also Pastorello v. City of New York*, No. 95 Civ. 470, 2003 WL 22118972, at * 1 (S.D.N.Y. Sept. 11, 2003). Courtesy copy attached at *Hanlon Decl.* ¶ 4, Exhibit, Exhibit D. NAKTA has failed to make the necessary showing.

NAKTA's argument that the Court should even reconsider the fine it imposed at the December 1, 2006 Conference is simply outrageous. Mr. Hoffman was given every opportunity to explain to the Court why he failed to consult with opposing counsel and failed to submit the Preliminary Joint Pre-Trial Statement. He had no reasonable explanation. His irrational suggestion that the due date fell on a holiday did not explain why he did not submit it the day before the holiday or the day after the holiday. He repeats that illogical argument here, with no further illumination as to why that makes sense. The very offer of such an obviously unsupportable argument is frivolous, and the imposition on both EGI and the Court to have to deal with this baseless argument once again, in itself should be sanctionable.

8

### D. The Court Has Afforded the Plaintiff and Counterclaim Defendants with Due Process

NAKTA and its counsel have had notice and an opportunity to be heard. They therefore have been afforded due process. As discussed above, NAKTA's counsel is charged with knowledge of his client's obligations under the Federal Rules of Civil Procedure, including Rule 16(f) and Rule 37(b)(2)(B,C and D). *Yeboah v. U.S.*, No. 99 Civ. 4923, 2000 WL 1576886, at * 4 (S.D.N.Y. Oct. 20, 2000). ). Courtesy copy attached at *Hanlon Decl.* ¶ 4, Exhibit E. They were on constructive notice. However this Court also gave NAKTA and its counsel *actual* written notice in its Order of July 25, 2006 of both their obligations and the specific sanctions that could be applied if they failed in those obligations. The notice concerning obligations was reaffirmed in writing in the Court's order of October 16, 2006, adjourning the original conference date to December 1, 2006. The source of authority under Federal Rules of Civil Procedure, including Rule 16(f) and Rule 37(b)(2)(B,C and D) is clear and well known to NAKTA's counsel.

NAKTA and its counsel have also been afforded an opportunity to be heard. Mr. Hoffman was questioned extensively by the Court on December 1, 2006 in an effort to discern any justification for his failure to comply with the Court's order. He was heard, and his explanations were found meritless. Upon the imposition of the monetary sanction, he made no protest nor asked for further explanation.

The December 1 Conference was then adjourned to December 13, 2006, specifically to give NAKTA an opportunity to be heard on the issues to be addressed in the Preliminary Joint Pre-Trial Statement. NAKTA effectively waived that opportunity by failing to submit the ordered materials by the adjourned due date and by failing to even appear at the adjourned conference. The Court has now afforded NAKTA one more opportunity to be heard by

9

considering NAKTA's January 5, 2006 submission in opposition to the sanctions already imposed and those that the Court is now considering. It is the height of irony that NAKTA is afforded an opportunity to challenge those sanctions and uses that occasion to claim that it has not had an opportunity to challenge those sanctions.

### III.  CONCLUSION

For all of the above reasons, this Court should strike all of Plaintiff's and Counterclaim Defendants' pleadings in this matter, including Counterclaim Defendants' answer and defenses. Further, this Court should maintain the sanctions that it has already imposed, namely the dismissal of Plaintiff's claims and the fine of NAKTA's counsel, David Hoffman.

Dated: New York, New York
       January 26, 2007

> s/ Robert E. Hanlon
> Robert E. Hanlon (RH-8794)
> ALSTON & BIRD LLP
> 90 Park Avenue
> New York, New York 10016
> (212) 210-9400
> *Attorneys for Defendant-Counterclaim*
> *Plaintiff, Entral Group International, LLC*