Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 22118972 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Pastorello v. City of New YorkS.D.N.Y.,2003.Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Joan PASTORELLO, Plaintiff,
v.
CITY OF NEW YORK, New York City Health and Hospital Corporation, Kathleen Hunzicker, M.D., Shepard Greene, M.D., Janet Lanigan, Dorothea Schuetz-Mueller, Lucy Mueller, M.D., Carolyn Griffiths, R.N ., John Doe # 1 (Security Guard), John Doe # 2 (Security Guard), John Doe # 3 (Security Guard), Defendants.
**No. 95 Civ. 470(CSH).**

Sept. 11, 2003.

Patient brought action against municipal hospital's medical, administrative, and security staff for violations of her constitutional rights. After granting patient's motion for sanctions for false and misleading disclosure, 2003 WL 1740606, city moved for reconsideration and patient moved to extend sanctions. The District Court, Haight, Senior Judge, held that: (1) defendants failed to establish that court had overlooked evidence, and (2) patient was not entitled to sanctions for hospital police officers' failure to make entries in their memo books.

Motions denied.
West Headnotes
**[1] Federal Civil Procedure 170A ⚜928**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(I) Motions in General
            170Ak928 k. Determination. Most Cited Cases
Defendants' motion for reconsideration failed to set forth matters that they believed court had overlooked in prior opinion imposing discovery sanctions, and thus reconsideration was not warranted, where defendants contended that plaintiff's unsworn statements and deposition testimony did not establish sufficient basis for imposition of sanction for spoliation of evidence, but defendants' brief overlooked significant aspects of plaintiff's declarations and testimony.

**[2] Federal Civil Procedure 170A ⚜1636.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(E) Discovery and Production of Documents and Other Tangible Things
            170AX(E)5 Compliance; Failure to Comply
                170Ak1636 Failure to Comply; Sanctions
                    170Ak1636.1 k. In General. Most Cited Cases
Patient alleging that municipal hospital's medical, administrative, and security staff violated her constitutional rights was not entitled to sanctions for spoliation of evidence based on hospital police officers' failure to make entries in their memo books regarding patient's alleged forced medication and restraint, where officers produced memo books.

*MEMORANDUM ORDER*
HAIGHT, Senior J.
**\*1** In an opinion reported at 2003 WL 1740606 (S.D.N.Y. Apr.1, 2003), familiarity with which is assumed, the Court granted plaintiff Joan Pastorello's motion to sanction the defendants. Plaintiff had argued that "the spoliation, or destruction, of valuable evidence and the response given to her request for this evidence prejudiced her claim" and were "sanctionable pursuant to Rule 37(c) of the Federal Rules of Civil Procedure." *Id.,* at \*1. The Court agreed in part, and, as a sanction, granted plaintiff "an adverse inference charge instruction which will permit, but not require, the jury to infer from the spoliation of the February 28, 1993 memo books that on that date, Pastorello was being forcibly medicated and restrained without apparent justification, and that when the Jacobi security staff became aware of the situation, she was properly transferred to the Psychiatric unit." *Id.,* at \*14.

During a subsequent status conference, the Corporation Counsel, representing the individual, corporate

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-05158-LTS-MHD   Document 33-5   Filed 01/26/2007   Page 2 of 3

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 22118972 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

and municipal defendants, expressed a desire to ask the Court to revisit that ruling. Although the time within which to make a motion for reconsideration under Local Civil Rule 6.3 had elapsed, I agreed to consider a further submission from defendants, with plaintiff being given the right of reply. That resulted in two letter briefs, raising questions which are partially resolved by this opinion, while leaving one for further argument.

Specifically, defendants contend that there was an insufficient evidentiary basis to impose any sanction. Plaintiff contends that the sanction should be increased, so as to extend the adverse inference charge to events occurring on February 27, 1993, as well as February 28. Lastly, there is a dispute with respect to whether the adverse inference charge (whatever its dimensions) should be given solely against defendant Health and Hospitals Corporation ("HHC") (defendants' position) or against all defendants (plaintiff's position).

The first two contentions represent the parties' efforts to have the Court reconsider the merits of its prior sanctions ruling. While I have allowed the parties to make those applications later than Rule 6.3 would allow, they are governed by that Rule's criteria. Rule 6.3 provides that a party moving for reconsideration is required to submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The parties attempt that showing in their letter briefs. Applying those criteria to the present applications, they both fail.

[1] Defendants argue principally that the prior opinion imposing sanctions was erroneous because the plaintiff's unsworn statements and deposition testimony did not establish a sufficient basis for the imposition of a sanction for spoliation of evidence. But defendants' brief overlooks significant aspects of plaintiff's declarations and testimony, as she points out in her letter brief dated May 23, 2003 at 2. Defendants' motion for reconsideration of the imposition of the sanction is denied.

*2 [2] Plaintiff wishes to expand the sanction-imposed adverse inference charge to include the events of February 27, 1993. To be sure, pertinent events occurred on that date, and hospital police officers were present. Plaintiff contends, apparently correctly, that hospital regulations obligated the officers to make entries in their memo books of such events, but there were none, which leads plaintiff to argue that "[*h*]*ad the officers involved made these entries*," plaintiff "would have been able to identify the officers, depose them, and obtain the names of any witnesses." Letter Brief at 2 (emphasis added). That argument misconceives the purpose of a sanction based, as this one is, upon the spoliation of evidence. Unlike the officers' memo books for February 28, 1993, which were not produced at all in clear derogation of the discovery obligations falling upon the HHC and the office of the Corporation Counsel, memo books for February 27 were unearthed by HHC and examined by Corporation Counsel, who determined that they contained no entries "pertaining to the plaintiff's stay" at Jacobi Hospital, and accordingly "correctly contend[ed] that [defendants] were not required to produce them." 2003 WL 1740606, at *6. Plaintiff's complaint is that the officers should have made entries on February 27 and failed to do so. But the doctrine of spoliation, or destruction of evidence, has no office to perform with respect to evidence that should have existed but never did. Accordingly there is no basis to extend the adverse inference sanction to the events of February 27. The events of February 28 are different, because there is no way for plaintiff or the Court to know what the officers' memo books contained, as the result of gross negligence in responding to plaintiff's legitimate discovery demands.

There remains the question of which defendant or defendants should be targeted by the Court's adverse inference instruction to the jury. Defendants argue that the wrongful failure to make discovery was that of the HHC and Corporation Counsel, not that of the individual defendants, and so the adverse instruction "should be given only in the *Monell* part of the bifurcated trial." Letter Brief dated May 13, 2003 at 3. Plaintiff argues that the "adverse inference should apply to all the defendants because they are all part of one entity and represented by the same attorney." Letter Brief at 2. This dispute has surfaced only recently, and counsel have not fully addressed it. There

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-05158-LTS-MHD    Document 33-5    Filed 01/26/2007    Page 3 of 3

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22118972 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

are issues of fairness on both sides. If the adverse inference is limited to the *Monell* stage, plaintiff receives no redress whatsoever in the first-stage trial against the individual defendants; and if those defendants are exonerated by the jury, there will not be a *Monell* stage. On the other hand, giving the adverse inference charge at the first stage would penalize the individual defendants for wrongful conduct in which they did not participate and was entirely beyond their control.

**\*3** It is evident that, in the exercise of my discretion, I must do one or the other. This issue alone will be further explored in an oral argument to be held on October 8, 2003 at 2:00 p.m. in Room 17C, 500 Pearl Street. So that my discretion may be fully informed, I make these directions: On or before October 1, 2003(1) counsel for plaintiff are directed to advise the Court and the Corporation Counsel in writing if plaintiff intends to pursue a *Monell* claim, and (2) Corporation Counsel are directed to advise the Court and plaintiff's counsel in writing if defendants City of New York and/or HHC intend to indemnify the individual defendants for any compensatory damages that the jury may award against them. On that latter question, *see generally* [DiSorbo v. Hoy, 343 F.3d 172, 2003 WL 22038754 (2d Cir. Aug.29, 2003)](#).

The foregoing is SO ORDERED.

S.D.N.Y.,2003.
Pastorello v. City of New York
Not Reported in F.Supp.2d, 2003 WL 22118972 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• [1:95cv00470](#) (Docket) (Jan. 23, 1995)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.