UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC,

        Plaintiff/Counterclaim Defendant,

-v-                                                      No. 06 Civ. 5158 (LTS)(MHD)

ENTRAL GROUP INTERNATIONAL, LLC,

        Defendant/Counterclaim Plaintiff,

-v-

SAM CHAN and RAY YIM

        Counterclaim Defendants.

-------------------------------------------------------x

>
> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> DOC #: _____
> DATE FILED: 3/16/07

## MEMORANDUM ORDER

On December 13, 2006, upon the failure of Plaintiff/Counterclaim Defendant (through its counsel David J. Hoffman), North American Karaoke-Works Trade Association, Inc., and Counterclaim Defendants, Sam Chan and Ray Yim (collectively, "NAKTA"), to appear for an adjourned Initial Pre-Trial Conference ("IPTC"), and in light of NAKTA's failure to comply with earlier court directives, the Court entered an order dismissing Plaintiff's claims with prejudice. Specifically, NAKTA's counsel failed to file a Joint Preliminary Pre-Trial Statement ("JPPTS") by December 8, 2006, and to pay counsel for Defendant/Counterclaim Plaintiff, Entral Group International, LLC ("EGI"), $585.00 in respect of EGI's legal fees unnecessarily incurred in attending a December 1, 2006, conference that did not go forward because NAKTA had failed

to comply with the Court's July 25, 2006, Initial Conference Order relating to the preparation and submission of the JPPTS in advance of the December 1 IPTC.

By a December 14, 2006, letter EGI requests that the Court strike all of NAKTA's pleadings, including NAKTA's response to EGI's counterclaims.[1] EGI argues that, because the subject matter of NAKTA's claims and EGI's counterclaims is the same (e.g., NAKTA sought a declaratory judgment that its karaoke products did not infringe EGI's copyrights, and EGI's counterclaims asserted that NAKTA's karaoke products infringe EGI's copyrights), the dismissal of NAKTA's complaint is insufficient to appropriately sanction NAKTA's conduct. Absent further relief, NAKTA would be entitled to litigate in connection with the counterclaims the very same copyright and related issues it has raised in its complaint.

In January 5, 2007, submissions in opposition to EGI's requests, NAKTA requests that the Court: (1) dismiss the counterclaims for lack of subject matter jurisdiction; or, in the alternative (2) reconsider its dismissal of NAKTA's complaint; and (3) reconsider its imposition of monetary sanctions. Essentially, NAKTA argues that its complaint is the only source of the Court's original jurisdiction, and that, since the Court dismissed the complaint, it must reassess its jurisdiction in this case. NAKTA notes that a federal district court should dismiss the remainder of a case where federal claims are dismissed. As to its reconsideration applications, Plaintiff's counsel proffers a myriad of excuses as to why he did not appear at the December 13,

---

[1] Because NAKTA moved to dismiss the counterclaims and never filed an answer to the counterclaims following the entry of the Court's December 4, 2006, order denying NAKTA's motion to dismiss the counterclaims, the Court construes Defendant's instant application as a motion to strike the complaint and preclude any interposition of answers to the counterclaims. For simplicity, the Court will continue to refer to the application as one to strike NAKTA's pleadings.

2006, hearing, including, but not limited to, assertions that he did not have a calendar in front of him at counsel table at the December 1, 2006, conference and therefore could not follow the dialogue between the Court and Defendant's counsel as to when the adjourned conference was to be held. Plaintiff also asserts that he did not comply with the Court's JPPTS submission order because the specified due date for the submission (one week in advance of the conference date) fell on a day on which the courthouse was closed. For the following reasons, NAKTA's application to dismiss the counterclaims for lack of subject matter jurisdiction is denied, and NAKTA's applications for reconsideration of the Court's dismissal of the complaint and of its imposition of monetary sanctions is denied. EGI's request for expansion of the sanction to strike all of NAKTA's pleadings is granted.

NAKTA's Application to Dismiss the Case for Lack of Subject Matter Jurisdiction

As previously discussed, NAKTA's original claim in this case was for a declaratory judgment based on copyright law. Such a claim presents a federal question, and is within the Court's original subject matter jurisdiction. See U.S.C. §§ 1331, 1338, and 2201. Moreover, EGI's first four counterclaims are federal questions which directly relate to exactly the same facts and circumstances that are the basis of NAKTA's original claim for a declaratory judgment. Thus, the Court maintains subject matter jurisdiction over the counterclaims despite the Court's dismissal of the NAKTA's complaint. Accordingly, NAKTA's application to dismiss the case for lack of subject matter jurisdiction is denied.

NAKTA's Application for Reconsideration

A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Fed. R. Civ. P. 60(b), S.D.N.Y. Local Civil Rule 6.3. Additionally, a notice of motion for reconsideration of a court order shall be served within ten days after the entry of the court's determination. S.D.N.Y. Local Civil Rule 6.3. For the reasons that follow, NAKTA's applications for reconsideration are denied as untimely, and for failure to demonstrate any facts or law that the Court overlooked, or that any manifest injustice exists.

First, NAKTA missed the Local Rule's ten day reconsideration windows relating to both the Court's monetary sanction and dismissal order. Specifically, the Court entered its monetary sanction on December 1, 2006, and its dismissal order on December 18, 2006. Plaintiff did not file its motion for reconsideration until January 5, 2007.

Second, NAKTA's argument that its failure to comply at all with the requirement to file the JPPTS in advance of the December 1, 2006, IPTC should be excused because the due date was one on which the courthouse was closed is specious. Counsel made no efforts to comply with the Court's deadline, and more outrageously, never explained, despite the great lengths that the Court went to at the December 1, 2006, conference to give Mr. Hoffman an opportunity to proffer a legitimate reason for his non-compliance, why he was unable to file the JPPTS electronically via the Court's CM/ECF system on timely basis or at any other time before the conference date. Furthermore, counsel's argument that he failed to understand the December

13, 2006, conference date and the requirements of payment of the monetary sanction and submission of the JPPTS in advance of the adjourned conference is equally specious. Specifically, on December 1, 2006, the Court clearly gave a one week deadline to file the JPPTS, and informed counsel that it would adjourn the conference two weeks. The Court then set the date for the conference as "Wednesday the 13th." (Tr. 13.) The Court further directed that the confirmation of the $585.00 payment be provided by the adjourned conference date. (Tr. 14.) By December 5, 2006, the December 13 conference date and the submission and payment deadlines were clearly reflected on the Court's CM/ECF system. NAKTA's counsel concedes that he should have consulted the Court's docket sheet. (Hoffman Aff. ¶18). NAKTA therefore has presented no facts suggesting that the sanction orders worked manifest injustice.

Nor has NAKTA brought forward any legal authority persuading the Court that reconsideration is appropriate. The sanctions imposed are clearly within the Court's case management authority. While the Court is aware that the striking of pleadings and dismissal of claims are serious penalties, the Court holds that the circumstances in this case rise to the level of seriousness in which the striking of NAKTA's pleadings is warranted and appropriate. Federal Rules of Civil Procedure Rule 16(f) authorizes the Court to impose sanctions such as striking a party's pleadings. The rule reads:

> If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party of a party's attorney is substantially unprepared to participate in the conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(B) provides that the Court may issue orders "refusing to

allow the disobedient party to support or oppose designated claims or defenses," and Rule 37(b)(2)(C) provides that the Court may issue orders "striking out pleadings . . . or dismissing the action." Fed. R. Civ. P. 37(b)(2)(B), (C). The Court's July 25, 2006, Initial Conference Order also explicitly provided that if "any party fails to Comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties." (Ct. Order 7/25/06.)

While the imposition of the sanctions pursuant to Rule 37 is a matter committed to the discretion of the Court, the Second Circuit has emphasized that "drastic" penalities, such as dismissal "should be imposed only in extreme circumstances." Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977). In Second Circuit cases in which a Rule 37 dismissal was affirmed, bad faith and willful intransigence on the part of counsel were noted. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995) (reversing a district court's Rule 37 dismissal on the ground that the court failed to give notice that a violation of an order would result in dismissal).

NAKTA was on notice of the Court's orders and, as a lawyer admitted to practice in this Court, Mr. Hoffman is on notice and expected to have an understanding of the Federal Rules of Civil Procedure, as well the District's local rules. In this case, NAKTA's willful intransigence and culpability, through its counsel, in not appearing at the Court's scheduled conference or submitting the required paperwork is clear. See Taylor v. Illinois, 484 U.S. 400, 416 (1988) (noting "[p]etitioner also contends that it is unfair to visit the sins of the lawyer upon his client. [The argument has no] merit."). Despite all the notice available to NAKTA, it

repeatedly failed to follow the Court's orders, and the sanctions imposed by the Court, while serious, are appropriate in this case. The Court finds NAKTA's good faith argument unpersuasive based on the particular facts of this case, including the Court's exchange with counsel at the December 1, 2006, hearing.

As to EGI's request for the additional sanction of striking all of NAKTA's pleadings, the Court finds that such sanction is appropriate. Since NAKTA sought no relief other than a declaratory judgment and attorneys' fees, and since EGI would have to proceed to prove substantially all of the same elements in pursuing its counterclaims, the mere dismissal of Plaintiff's complaint would not provide EGI with any significant relief, nor adequately penalize NAKTA. Accordingly, the Court grants EGI's motion to strike NAKTA's pleadings. EGI is, of course, still obligated to satisfy the Court at inquest as to the appropriateness of its requested injunctive relief, damages, fees and costs.

## CONCLUSION

Accordingly, NAKTA's application to dismiss the case for lack of subject matter jurisdiction is denied, as are its applications for reconsideration.

This matter is referred to Magistrate Judge Dolinger for further proceedings including inquest and a report and recommendation in connection with any application for judgment by default on EGI's counterclaims. The parties are directed to contact Judge Dolinger's Chambers to set up a conference date.

SO ORDERED.

Dated: New York, New York
       March 16, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge