UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC.

    Plaintiff and Counterclaim Defendant,

v.

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant and Counterclaim Plaintiff,

v.

SAM CHAN and RAY YIM,

    Counterclaim Defendants.

Case No. 06-CV-5158 (LTS)(MHD)

### DECLARATION OF ROBERT E. HANLON IN SUPPORT OF DEFENDANT AND COUNTERCLAIM PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION AND IMPOUNDMENT

ROBERT E. HANLON, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. I am a partner in the law firm of Alston & Bird LLP ("A&B") and am a member in good standing of the Bars of the States of New York and New Jersey, the United States District Courts for the Southern and Eastern Districts of New York and the Districts of New Jersey and Arizona, the United States Courts of Appeals for the First and Second Circuit and the United States Supreme Court. I am familiar with the facts and circumstances in this action.

2. My firm and I presently serve as counsel to Entral Group International, LLC ("EGI"), Defendant and Counterclaim Plaintiff in this action.

3. Attached as Exhibit A is EGI's submission for a Proposed Judgment.

4. Attached hereto are true and accurate copies of the following:

   a. Exhibit B – Excerpts from the Deposition of Ray Yim, May 23, 2006

   b. Exhibit C – Excerpts from the Deposition of Sam Chan, May 25, 2006

   c. Exhibit D – Audio Video Forensic Lab Expert Report, December 29, 2006, including copies of CDs containing audio visual files analyzed by the expert.

5. Attached as Exhibit E is a CD containing a true copy of each of the EGI audio visual works analyzed by the expert, a true copy of each of the NAKTA Material audio visual works analyzed by the expert, a true copy of the additional EGI Work, *Single Man and Woman*, and a true copy of the additional NAKTA Material audio visual work identified by Mr. Chai as being derived from EGI's *Single Man and Woman* recording. These copies of the files have been organized on a single disk into individual folders to simplify comparison of the EGI Works with the corresponding NAKTA Materials.

6. The following is a chart indicating the correspondence between the EGI Works and the NAKTA Works:

| Song Title | Reg. No | Folder | EGI Work File Name | NAKTA Material File Name |
|---|---|---|---|---|
| *Neighbor* | PA 1-146-596 | NEIGHBOR | AVSEQ01.DAT | 00765.MPG |
| *Marriage Will Follow After Many Years* | PA 1-146-597 | MARRIAGE | AVSEQ02.DAT | 20975.DAT |
| *King of Karaoke* | (not registered) | KING | AVSEQ03.DAT | 20973.DAT |
| *Single Man and Woman* | PA 1-210-228 | SINGLE | PA 1-210-228.DAT | 02196.MPG |

- 2 -

These files can be played using most DVD playing programs on a computer (but not on most regular DVD players). Specific playing instructions are included in the CD case.

## Statement of Attorneys' Fees and Costs

7. The amount of attorneys' fees incurred to date in this litigation based on A&B's representation of EGI are $75,203.00.

8. The amount of attorneys' fees that are likely to be incurred through implementation of the Proposed Default Judgment and Permanent Injunction are estimated, to a reasonable degree of certainty, to be $16,000.00.

9. The legal work provided by A&B in this matter was performed primarily by attorneys in the firm's Intellectual Property Department including myself, Brook Clark (Associate), Sarah Hsia (Associate), David Eklund (Associate) and Sarah Thomas (Paralegal).

10. A detailed statement of the services rendered by each A&B attorney for whom service fees are claimed, together with a summary of the time spent by each person and the costs incurred in connection with this action is attached hereto as Exhibit F. This statement of services reflects the legal services that were necessary to the litigation of this action, including, but not limited to:

    a. Meetings with EGI regarding the merits of its claims and the proceedings to date;

    b. Investigation of EGI's copyright interests and filings;

    c. Court appearances;

    d. Drafting and filing the Proposed Default Judgment and Permanent Injunction, including conducting research regarding the same;

  e. Drafting and filing the Memorandum of Law in Support of Plaintiff's Request for Relief and Proposed Default Judgment and supporting declarations, including conducting research regarding the same; and

  f. Preparing this Declaration regarding attorneys' fees and costs.

11. A&B's billing statements are normally rendered on a monthly basis and are due and payable upon receipt. A&B takes into account many factors in billing for services rendered. The principal factor is usually A&B's time costs billed at hourly rates for attorneys and legal assistants who do the work. A&B's schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice and level of professional attainment.

12. The customary hourly charges at A&B for the individuals who had primary responsibility for this case are as follows:

  a. Robert E. Hanlon (Partner) $550.00 (2006); $600.00 (2007)

  b. Brook Clark (Associate) $365.00 (2006); $430.00 (2007)

  c. Sarah Hsia (Associate) $350.00 (2006); $415.00 (2007)

  d. David Eklund (Associate) $260.00 (2006); $310.00 (2007)

  e. Sarah Thomas (Paralegal) $140.00 (2006); $155.00 (2007)

13. The rates of these individuals are reasonable, and in keeping with those prevailing in the community for similar services. A true copy of an article from the *National Law Journal*, dated December 6, 2004, that sets forth the published billing rates of many New York firms of comparable size and reputation of A&B is attached as Exhibit G.

- 5 -

14. Attorneys from A&B billed a total of 212.40 hours on this matter to date. It is estimated that attorneys from A&B will expend an additional 40 hours at a blended billing rate of $400 per hour to complete, serve and file this submission, to complete the inquest in this matter and to participate in the impoundment of the materials provided for in the Judgment. As the bill preparer for EGI, I review each charge for reasonableness before submission to the client. The number of hours devoted to this case are reasonable considering the nature of this action and the value of EGI's copyright interests and trademarks.

15. The total cost of this litigation is reasonable in comparison to the costs associated with comparable copyright and trademark infringement actions. A true copy of the *American Intellectual Property Law Association: Report of the Economic Survey 2003*, the most recent survey available, that sets forth the total costs of copyright and trademark infringement suits is attached as Exhibit H.

16. Attached as Exhibit I are Courtesy copies of unreported cases and decisions.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      April 20, 2007

/s/ Robert E. Hanlon
_____
Robert E. Hanlon, Esq.

LEGAL02/30336038v2