UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN KARAOKE-WORKS TRADE ASSOCIATION, INC.<br><br> Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>ENTRAL GROUP INTERNATIONAL, LLC,<br><br> Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>SAM CHAN and RAY YIM,<br><br> Counterclaim Defendants. | Case No. 06-CV-5158 (LTS)(MHD)<br><br>PROPOSED JUDGMENT |

  On July 6, 2006, North American Karaoke-Works Trade Association, Inc. ("NAKTA") commenced this action against Entral Group International, LLC ("EGI") by filing a Summons and Complaint seeking a declaratory judgment. EGI filed an answer and counterclaims against NAKTA, Sam Chan and Ray Yim (collectively "Counterclaim Defendants") alleging, among other things, copyright infringement of its works. On March 16, 2007, the Court granted EGI's motion to strike Counterclaim Defendants' pleadings and referred the case to Magistrate Judge Dolinger for an inquest inquest and a report and recommendation in connection with any application for judgment by default on EGI's counterclaims.

  IT IS ORDERED, ADJUDGED AND DECREED that the Judgment by default on the claims alleged against Counterclaim Defendants by EGI be entered against Counterclaim Defendants, and in particular that:

1. this Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 502, 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b);

2. venue is proper in this judicial district pursuant to 28 U.S.C. § 1391;

3. this Court has personal jurisdiction over all parties to this action;

4. all of EGI's allegations against Counterclaim Defendants as set forth in the Counterclaims are deemed true;

5. EGI is the exclusive licensee of certain Chinese-language audio visual works (the "Works"), including, but not limited to the Works listed in Exhibit 1 of the Counterclaim;

6. Counterclaim Defendants have created, received, copied and distributed Chinese language karaoke audio-visual works ("NAKTA materials") that are derivative works based on EGI's works exclusively licensed to EGI;

7. Counterclaim Defendants have engaged in the willful infringement of EGI's copyrights in and to the "Works"; and that

8. Counterclaim Defendants have engaged in the willful infringement of EGI's copyrights in and to at least three of the Works which are registered in the United States Copyright Office (the "Selected Works").

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Counterclaim Defendants, as well as their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, are PERMANENTLY ENJOINED and RESTRAINED from:

a) directly or indirectly infringing EGI's rights in those copyrighted Works listed in Exhibit 1 to the Counterclaim, which are owned or controlled by EGI (or any parent, subsidiary, or affiliate of EGI); and

b) directly or indirectly infringing EGI's rights in any other of the copyrighted Works, whether now in existence or later created, which are owned or controlled by EGI (or any parent, subsidiary, or affiliate of EGI), including, but not limited to, commercially using any audio-visual Chinese language karaoke work created by Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (the "Companies");

c) making any use, in any manner whatsoever, of the marks "ENTRAL GROUP INTERNATIONAL," "EGI" or the names or marks of the Companies, or any marks or names confusingly similar to any of the foregoing;

d) unfairly competing with, injuring the business reputation of, or damaging the goodwill of EGI, and engaging in unfair competition that in any way injures EGI;

e) publishing or distributing any promotional materials or other communication referring to EGI, the Works or the Companies, in any medium, including, but not limited to, the internet, television, radio, newspapers, magazines, direct mail or oral communication;

f) selling or distributing any of EGI's or the Companies products; and

g) producing, copying or distributing any Chinese-language karaoke works.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Counterclaim Defendants and any person acting in concert with them, will surrender and permanently forfeit to EGI:

a) all physical copies of any of the Works, on any tangible media, including but not limited to the Works listed in Exhibit 1 of the Counterclaim;

b) all hard drives containing copies of the Works, including but not limited to the Works listed in Exhibit 1 of the Counterclaim;

c) all copies of the NAKTA Materials, on any tangible media, in the possession of the NATKA Counterclaim Defendants;

d) all hard drives containing the NAKTA Materials in the possession of the NAKTA Counterclaim Defendants;

e) all copies of the NATKA Materials on any tangible media in the possession of any individual or commercial establishment to whom NAKTA or its principals have given the NATKA Materials for use or copying;

f) all hard drives containing the NAKTA Materials in the possession of any individual or commercial establishment to whom NAKTA or its principals have given the NATKA Materials for use or copying;

as may be found in the possession or control of Counterclaim Defendants or their agents or employees at any business owned or under the control of the Counterclaim Defendants or in the possession of any individual or commercial establishment to whom NAKTA or its principals have given the NATKA Materials for use or copying (collectively, the "Infringing Goods").

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Counterclaim Defendants are jointly and severally liable to EGI for damages in the amount of $450,000, together with post-judgment interest from the date of entry of this Judgment;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are jointly and severally liable to EGI for costs, disbursements, and attorneys' fees, in an amount of $91,203, together with post-judgment interest from the date of entry of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

a)  this Court shall retain jurisdiction for the limited purpose of enforcement of this Judgment, as may be necessary; and that

b)  the Clerk of this Court shall enter this Judgment forthwith.

**SO ORDERED**, this ____day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK