UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC.

    Plaintiff and Counterclaim Defendant,

v.

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant and Counterclaim Plaintiff,

v.

SAM CHAN and RAY YIM,

    Counterclaim Defendants.

Case No. 06-CV-5158 (LTS)(MHD)

### DECLARATION OF NICOLAS CHAI

Nicolas Chai declares as follows:

1.    I am the President of Entral Group International, LLC ("EGI").

2.    EGI is in the business of licensing and distributing Chinese language audio-visual karaoke works for commercial use in the United States.

3.    EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings, which includes both the audio and video components of these works, (the "Works") of various companies (the "Companies"), who either directly or through their subsidiary labels, own and have exclusive control of all worldwide copyright interests in their respective karaoke audio-visual works.

4.    As the exclusive licensee, EGI has the exclusive rights to reproduce, distribute, and commercially use the Works in commercial karaoke outlets in the United

LEGAL02/30335822v3

States, and to collect license fees with respect to such reproduction and use. In addition, EGI also has the exclusive rights to create and distribute any derivative works that are based upon the Works. As such, EGI has these exclusive rights to each of the Works in their entirety, as well as the components of those works, whether used in combination or independently.

5.     EGI has invested and continues to invest substantial sums of money, as well as time and effort, in licensing, promoting, and marketing the Works in the United States. The Works were created largely in Hong Kong and are protected under the copyright laws of the United Kingdom, the People's Republic of China, the Berne Convention, and the laws of the United States.

6.     The Works which EGI licenses and distributes are audio-visual recordings, akin to music videos, which feature synchronized lead and background vocals, orchestration, and video images, as well as visual representation of lyrics. At the viewer's option, the audio-visual works can be performed without the lead vocals, to enable the viewer to sing along in traditional karaoke style.

7.     A portion of the Works, usually the Companies' more recent works, called "Control Catalogues," have never been legally distributed in any form in North America except through EGI. Many of the "Control Catalogue" works are only available in the United States pursuant to a license from EGI, or through illegal means. Upon the authorization of the Companies, EGI has also registered a number of the Works with the Registrar of Copyrights in the United States Copyright Office (the "Registered Works").

8.     North American Karaoke-works Trade Association ("NAKTA") has acknowledged that it has distributed audio-visual karaoke works to its members. These

statements are contained in the deposition testimony of its officers, Sam Chan and Ray Yim, Counterclaim Defendants in this action, provided in connection with another case currently pending in the Eastern District of New York, in which EGI is the plaintiff.

9.      Based on other discovery requests in that case, NAKTA produced to EGI four hard drives containing audio-visual karaoke works which Mr. Chan claimed NAKTA had made available to its members.

10.     Pursuant to a court order in that case, I had the opportunity to review some of the materials contained on those hard drives that NAKTA distributed to its members. During this review I identified four (4) specific works, including *Dream A Little Dream of Me* by William So, *Corazon De Melao* by Jacky Cheung, *Sense* by Nicholas Tse and a Chinese language audio visual work of Joey Yung in concert for which there is no standard English name, that were EGI's Works in their original form with identical audio video and lyrics.

11.     I observed over one hundred other works that NAKTA distributed which contained audio tracks that were taken from EGI's works, including at least three Registered Works: *Single Man and Woman* by Sammi Cheng, and *Neighbor* and *Marriage Will Follow After Many Years* by Hacken Lee.  I know this because I am very familiar with the Works and I am especially familiar with the registered works having listened to them many times.  I was able to determine that the audio tracks from the NAKTA drives listed above were taken from EGI's Works because of nuances in the recordings, for example, background noise at concerts and vocal recognition of the original artists that were particular to EGI's Works.  Copies of the Certificates of Registration for these registered works are attached as Exhibit A.

12. As with virtually all karaoke works, the karaoke works created by Counterclaim Defendants, or at Counterclaim Defendants' behest, contain both a video and an audio component. The video component of much of the NAKTA Materials differ from the video components in the Works licensed to EGI. However, the audio components of at least a significant portion of the NAKTA Materials consist of recordings that are reproductions of the recordings contained in the Works exclusively licensed to EGI.

13. EGI filed a lawsuit against Mr. Yim and Pop Music Studio for copyright violations. A settlement agreement was reached wherein Mr. Yim and Pop Music Studio acknowledged that they have "infringed thousands of EGI's copyrights in audio-visual Chinese language karaoke Works exclusively licensed to EGI by the Companies by willfully and unlawfully copying, distributing and performing many if not all of the audio-visual Works". *See* Exhibit B, filed under seal. A Judgment against Mr. Yim and Pop Music Studio was also entered. *See* Exhibit C. Mr. Yim and Pop Music Studio also agreed to stop copying and distributing EGI's Works without a license. Pop Music Studio subsequently entered into a license agreement with EGI and was provided with legitimate copies of the EGI Works.

14. I also notified Mr. Chan that he and his club, Galaxy 45, were infringing EGI's rights. Mr. Chan thereafter agreed to enter into a license agreement wherein Mr. Chan acknowledged that EGI is the exclusive license of the Works. *See* Exhibit D, filed under seal. Mr. Chan and Galaxy 45 were thereafter provided with legitimate copies of the EGI Works.

LEGAL02/30335822v3

15.    EGI has incurred $75,203.00 in fees to date, and will incur an additional estimated $16,000 in fees in implementing the proposed Judgment.  A breakdown of those fees is provided in the declaration of Robert E. Hanlon, lead counsel on this matter for Alston & Bird LLP, submitted concurrently.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:    New York, New York
          April 20th, 2007

                                        Nicolas Chai

LEGAL02/30335822v3