UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,    )
                                    )
                                    )
                                    )    Case No: 03 CV 6453 (RJD)
              Plaintiff,            )
                                    )
                                    )
       v.                           )
                                    )    CONSENT DECREE.
                                    )
                                    )
POP MUSIC STUDIO INC., RAY YIM,     )
                                    )
                                    )
              Defendants.           )
                                    )
-------------------------------------------------------------------

WHEREAS, Plaintiff Entral Group International, LLC, ("EGI"), has commenced this action against Pop Music Studio Inc. and Ray Yim (collectively "Defendants") by filing the Complaint on December 23, 2003; and

WHEREAS, the parties have been represented by the attorneys whose names appear hereafter; and

WHEREAS, an order for a preliminary injunction was entered against Defendants by United States District Court Judge Raymond J. Dearie on May 14, 2004; and

WHEREAS, an order to show cause for civil contempt and sanctions for violation of the preliminary injunction was signed by United States District Court Judge Raymond J. Dearie on October 13, 2004; and

WHEREAS, the parties have agreed to the settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, the Court finds:

   1. Defendants have been duly served with the Summons and Complaint.

2. This Court has subject matter and personal jurisdiction over all parties.

3. The Complaint states a claim upon which relief can be granted for (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, (ii) federal unfair competition and false designation of origin under 15 U.S.C. §1125(a), (iii) federal false advertising under 15 U.S.C. §1125(a), (iv) false advertising under New York General Business Law §350, (v) deceptive trade practices under New York General Business Law §349, (vi) unfair competition under New York General Business Law §360-1, (vii) use of name with intent to deceive in violation of New York Business Law §133, and (viii) common law unfair competition.

NOW, THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings ("the Works") of the companies Universal Music Limited, BMG Hong Kong Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies").

2. EGI is widely known throughout the United States and the world as the exclusive licensee of the Works in North America.

3. Defendants, a karaoke entertainment club, have infringed thousands of EGI's copyrights in audio-visual Chinese-language karaoke Works exclusively licensed to EGI by the Companies by willfully and unlawfully coping, distributing, and performing many if not all of the audio-visual Works.

4. Defendants have commercially profited, both directly and indirectly, through their unauthorized use of the Works, and EGI has been seriously injured by Defendants' unlawful acts.

5. EGI has demonstrated a likelihood of success and has established a case of *prima facie* copyright infringement by showing that it owns valid copyrights in the Works and that Defendants have engaged in unauthorized copying, distribution, and performance of the Works.

6. EGI has demonstrated a *prima facie* case of copyright infringement and shown a substantial likelihood of success on the merits, and is therefore entitled to a presumption of irreparable harm.

7. EGI has no adequate remedy at law with respect to Defendants' unlawful actions, and the balance of hardships tips in the favor of EGI

8. EGI is entitled to a permanent injunction which would enjoin Defendants from commercially using any and all of the Works.

9. EGI is entitled to damages exceeding $150,000 as a result of Defendants' unlawful acts which are the subject matter of this Action.

## PAYMENT BY DEFENDANTS

10. Defendants shall pay to EGI damages and attorneys' fees as provided for in the confidential October 29, 2004 Settlement Agreement.

11. In the event that Plaintiff initiates proceedings to enforce the provisions of this Consent Decree, and that the Court determines that Defendants have violated any term or provision of this Consent Decree, Defendants shall pay the costs and attorneys' fees incurred by Plaintiff in connection with proceedings to enforce this Consent Decree.

## DISCLOSURE

12. Within one week of the entry of the Decree, Defendants shall identify each and every person and business entity that transferred, sold, or otherwise provided Defendants with copies of the Works.

## DESTRUCTION OF WORKS OBTAINED FROM THIRD PARTIES

13. Defendants shall destroy all versions of Plaintiff's Works which were obtained through a third party and provide written confirmation to EGI that the illegally obtained Works have been destroyed within one month after the licensed EGI Works have been provided.

## INJUNCTION

14. Notwithstanding Defendant's destruction of the Works obtained from third parties, Defendants are restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents (including any electronic files and data) that relate to the business practices or personal finances of any named Defendant for a period of three (3) years following this Consent Decree; and

15. Subject to the permissions granted in the Settlement Agreement dated October 31, 2004, and the permissions granted in any subsequent written agreement entered into between the parties, Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be permanently enjoined from commercially using or infringing upon EGI's copyright interests in any audio-visual Chinese language karaoke Work, whether now in existence or later created, owned or controlled by EGI (or any parent, subsidiary, or affiliate of EGI), including commercially using any audio-visual Chinese language karaoke work created by the Companies Universal Music Limited, BMG Hong Kong Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd.

## COMPLIANCE

16. Defendants will allow EGI, and its respective agents, employees, and officers, reasonable access to the premises of Defendants to inspect the audio-visual karaoke Works to ensure that Defendants are in full compliance with this Order.

## CONTINUING JURISDICTION

17. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

18. If any Defendant violates this Decree and is found in civil or criminal contempt thereof, that Defendant shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, investigational expenses, and court costs relating to contempt proceedings related to that Defendant.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

**SO ORDERED**, this ___ day of November, 2004.

JUDGE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

The parties, by their counsel on October 29, 2004 hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

| For the Plaintiff | For the Defendants |
|---|---|
| David E. Wienir (DW-5804)<br>1114 Avenue of the Americas<br>New York, New York 10036<br>(212) 626-4755<br>*Attorneys for Plaintiff* | Xuejie Wong (XW-8390)<br>265 Canal Street, Suite 301<br>New York, New York 10013<br>(212) 941-5483<br>*Attorneys for Defendants* |

5

# COUDERT BROTHERS LLP

ATTORNEYS AT LAW

1114 AVENUE OF THE AMERICAS
NEW YORK, N.Y. 10036-7703
TEL: (212) 626-4400
FAX: (212) 626-4120
WWW.COUDERT.COM

**NORTH AMERICA**
NEW YORK, LOS ANGELES, PALO ALTO,
SAN FRANCISCO, WASHINGTON

**EUROPE**
ANTWERP, BERLIN, BRUSSELS, FRANKFURT,
GHENT, LONDON, MILAN, MOSCOW, PARIS,
ROME, STOCKHOLM, ST. PETERSBURG

**ASIA/PACIFIC**
ALMATY, BANGKOK, BEIJING, HONG KONG,
JAKARTA, SINGAPORE, SYDNEY, TOKYO

**ASSOCIATED OFFICES**
BUDAPEST, MEXICO CITY, PRAGUE, SHANGHAI

November 1, 2004

<u>VIA HAND DELIVERY</u>

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Entral Group International LLC, v. Pop Music Studio Inc, et al.</u>
     United States District Court, Eastern District of New York 03 CV 6453 (RJD)

Dear Judge Dearie:

  We are the attorneys for Plaintiff Entral Group International LLC in the above-referenced action. We are pleased to report that the parties in this action have agreed to enter into a Consent Decree and resolve this matter without any further litigation. A copy of the executed Consent Decree is attached. Accordingly, we respectfully request that the Court so order the Consent Decree and cancel the hearing for contempt and sanctions against Ray Yim which is scheduled for November 4, 2004.

               Respectfully submitted,

               David E. Wienir (DW-5804)
               COUDERT BROTHERS LLP
               1114 Avenue of the Americas
               New York, New York 10036
               (212) 626-4400
               *Attorneys for Plaintiff Entral Group*
               *International, LLC.*

<u>**Enclosure**</u>

cc:

Magistrate Judge Robert M. Levy
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Xuejie Wong, Esq.
265 Canal Street, Suite 301
New York, New York 10013
(212) 941-5483
*Attorneys for Defendants*