UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC,

       Plaintiff/Counterclaim Defendant,

-v-                                            No. 06 Civ. 5158 (LTS)(MHD)

ENTRAL GROUP INTERNATIONAL, LLC,

       Defendant/Counterclaim Plaintiff,

-v-

SAM CHAN and RAY YIM,

       Counterclaim Defendants.

-------------------------------------------------------x

### AMENDED[1] ORDER

Plaintiff/Counterclaim Defendant, North American Karaoke-Works Trade Association, Inc., and Counterclaim Defendants, Sam Chan and Ray Yim (collectively, "NAKTA") in the above-referenced matter request the Court to certify pursuant to Federal Rule of Civil Procedure 54(b) as final judgments: (1) the imposition of monetary sanctions upon NAKTA's counsel (12/1/06 docket entry); (2) the Court's dismissal of NAKTA's complaint (docket entry # 22); and (3) the Court's ruling striking NAKTA's pleadings, including any potential response to the counterclaims alleged by Defendant/Counterclaim Plaintiff, Entral

---

[1] This amendment reflects the correction of a scrivener's error in the penultimate sentence of the original Order.

RULE54(B) - AMENDED .WPD        VERSION 4/30/07

Group International, LLC ("EGI") (docket entry # 36).[2] EGI does not oppose NAKTA's request for a Rule 54(b) certification, but has confirmed in writing its expectation that the default and inquest proceedings contemplated by the Court's March 16, 2007, Order striking NAKTA's pleadings will continue during the pendency of any appeal.

Federal Rule of Civil Procedure 54(b) provides, in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The rule requires that: "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291; and (3) the district court must make 'an express determination that there is no just reason for delay[,]' and expressly direct the clerk to enter judgment." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992).

NAKTA's request for a Rule 54(b) certification must be considered "in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" O'Bert Ex Rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (citation omitted).

---

[2]   Because NAKTA moved to dismiss the counterclaims and never filed an answer to the counterclaims following the entry of the Court's December 4, 2006, order denying NAKTA's motion to dismiss the counterclaims, the Court construed Defendant's application to strike NAKTA's pleadings as a motion to strike the complaint and preclude any interposition of answers to the counterclaims. For simplicity, the Court will continue to refer to the application as one to strike NAKTA's pleadings.

While granting a Rule 54(b) certification remains in the discretion of the district court, the Second Circuit has cautioned that a court's power to enter a partial final judgment should be "exercised sparingly," and such a judgment should be "granted only if there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal." Vargo, 331 F.3d at 41 (citation omitted). Here, NAKTA proffers no demonstration whatsoever that it would suffer any hardship or injustice that would necessitate an immediate appeal. Rather, NAKTA argues solely that certification should be granted in the interests of judicial economy. Judicial economy would not be served by certification of the orders relating to NAKTA's pleadings as they are related to the ongoing matters in this Court; nor is there any apparent advantage from the point of view of judicial economy to certification of the attorney sanction order.

      Accordingly, NAKTA's request for partial final judgment pursuant to Rule 54(b) relating to the aforementioned issues is denied.


      SO ORDERED.

Dated: New York, New York
       April 30, 2007

/s/ LAURA TAYLOR SWAIN
United States District Judge