UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

NORTH AMERICAN KARAOKE-
WORKS TRADE ASSOCIATION, INC.,

    Plaintiff-Counterclaim
    Defendant,

    -against-

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant-
    Counterclaimant,

    -against-

SAM CHAN and RAY YIM,

    Counterclaim
    Defendants.

-------------------------------------------------------X

Case No.

06cv5158(LTS)(MHD)

ECF CASE

## DECLARATION OF SAM CHAN

    1.    I am a Counterclaim Defendant in this action and the President of the North American Karaoke-works Trade Association, Inc. ("NAKTA").

    2.    NAKTA is a non-profit corporation organized under the laws of the State of New York that exists to serve the karaoke industry.

    3.    I understand that in this action, Entral Group International, LLC ("EGI") claims that NAKTA infringed copyrights owned by EGI.

    4.    NAKTA obtained a set of karaoke works, approximately 8,000 in total, from Mr. Cheng, a businessman who is located in Guangzhou, People's Republic of China.

5. NAKTA did not in any way "commission" these works. Rather, Mr. Cheng was making these works for his own purposes, which I understood to be to distribute these works in the People's Republic of China.

6. The only thing that I provided to Mr. Cheng was an outdated, worthless PC. Mr. Cheng provided me with one copy of the works, which were copied onto four hard-disk drives that I provided to him.

7. EGI's suggestion that NAKTA was somehow able to get Mr. Cheng to produce 8,000 karaoke works in exchange for an old computer is not believable. Assuming each video is approximately 3 minutes, just to shoot, back to back all 8,000 videos would take a minimum of 24,000 minutes or 400 hours.

8. NAKTA produced its entire set of videos to EGI in May of 2005. To this day, although EGI claims that numerous videos infringe its rights, with the exception of a few named in its motion papers, EGI has never informed NAKTA exactly which videos it claims are infringing.

9. NAKTA provided its set of videos to three karaoke clubs: Galaxy Bar & Restaurant (d/b/a 100 Fun), YHCL Vision Corp. (d/b/a Black Swan) and Melody of Flushing, Inc (d/b/a Melody). It is my understanding that Melody never used the NAKTA Works in its business.

10. By letter dated April 5, 2006, I was informed that EGI claimed that NAKTA's works infringed EGI's purported rights. After learning this, NAKTA has not provided its works to anyone.

11. Before the letter of April 5, 2006, I was not aware that EGI claimed what are known as "synchronization rights".

12. In addition to being the President of NAKTA, since early 2005, I have been the majority owner of ABC Target Corp. d/b/a Galaxy 45, a karaoke club located at 45 Mott St., New York, New York.

13. Galaxy 45 has been licensed by EGI to play karaoke works since January 1, 2004, before I was involved with Galaxy 45. I understand that EGI now claims that I participated in infringing activities at Galaxy 45, but this accusation is false.

14. Furthermore, until approximately 2003, Nicolas Chai was employed by Galaxy 45 as manager. He had full operational responsibility for the karaoke system and business.

15. Not only was Mr. Chai the manager, but he personally traveled to Hong Kong to purchase karaoke hardware for Galaxy 45. These machines were preloaded with karaoke videos, including many that EGI now claims the rights to. At that time, no one was collecting license fees for these videos.

16. With respect to the "Control Catalogue", it is my understanding that these songs are made available in the United States and elsewhere within one month of their being available in Hong Kong.

17. Both Ray Yim and I are citizens of the United States of America. Both of us are natives of Hong Kong, and both of us left before July 1, 1997, when sovereignty was returned to the People's Republic of China. Neither Mr. Yim nor I have benefited from our roles in NAKTA. We have never taken any payment of any kind whatsoever.

      18.    Pursuant to 28 USC § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
            July 30, 2007

_____

Sam Chan