UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTRAL GROUP INTERNATIONAL, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>7 DAY CAFÉ & BAR INC., CHUN HON CHAN, and YU YIP,<br><br>      Defendants. | Case No: 05-cv-1911(JG) (CLP) |

   NICOLAS CHAI, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

   1.  I am the President of Entral Group International, LLC, ("EGI") and I submit this declaration in support of EGI's proposed substitute default judgment and in support of EGI's request for relief in conjunction with its request for default judgment.

   2.  I am fully familiar with all of the facts set forth herein based upon my own personal knowledge and my position as President of EGI.

   3.  I make this supplemental declaration pursuant to Judge Gleeson's Order dated October 25, 2006 and in further support of EGI's motion for default judgment and request for relief in conjunction with its request for default judgment.

   4.  The Chinese language audio-visual karaoke works at issue ("the Works") were created by Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd ("the Companies").

LEGAL02/30138676v3

5. The Works were created in Hong Kong and presently number approximately 7,500.

6. It is my understanding that the Works are Berne Works and enforceable in the United States without registration.

7. Pursuant to agreements between the Companies and TC Worldwide Ltd. ("TCW"), an affiliate of EGI, the Companies granted TCW, among other rights, the exclusive rights to reproduce, commercially use, and enforce, and to authorize third parties, including EGI, to reproduce, commercially use, and enforce the rights in, the audio-visual Works in karaoke outlets in the U.S. and Canada, and to collect license fees with respect to such reproduction and use. A representative example of the agreements between the Companies and TCW is attached hereto as Exhibit A.

8. In accordance with a Master License Agreement between TCW and EGI, TCW exclusively licensed all of its exclusive copyright interests in the Works to its affiliate, EGI, with respect to the territory of the U.S. A true and correct copy of the Master License Agreement is attached hereto as Exhibit B.

9. The Companies have provided us with confirmation that TCW properly sublicensed the Works to EGI. Attached as Exhibit C are true and correct copies of affidavits from the Companies establishing that (i) the Companies have granted to TCW, among other rights, exclusive rights to commercially use the Works, (ii) the Companies have approved TCW's licensing of such rights to EGI, and (iii) EGI is now the exclusive licensee of all copyright interests with respect to commercial use of the Works in the U.S.

10. Upon the authorization of the Companies, EGI has registered approximately twenty seven (27) of the Works with the Registrar of Copyrights in the U.S. Copyright Office (the "Registered Works").

11. As the exclusive licensee of all copyright interests with respect to commercial use of the Works in North America, both registered and unregistered, it is also my understanding that EGI is entitled to all of the protection and remedies accorded to the copyright owner pursuant to 17 U.S.C. § 201(d)(2).

12. The Works covered by these agreements are regularly updated. A current list of many of the covered Works can be found at EGI's website, entralgroup.com.

13. EGI's Works are not licensed to clubs on an individual basis. The entire back catalog, consisting of the bulk of the 7,500 Works, is offered for a single annual license fee. The control catalog, consisting of a small number of recently released Works, is offered for an additional one time fee per Work, but only to clubs that have already licensed the back catalog.

14. On December 8, 2004, I visited the 7 Day Café establishment and personally observed that Defendants were commercially using all or substantially all of the Works without permission. A true and correct copy of the Investigation Report is attached hereto as Exhibit D.

15. Upon my investigation, I observed that the establishment consists of a single lounge area that contains several tables and two television monitors that display the karaoke works. This differs from many other karaoke clubs which have private rooms. Patrons are provided with a binder containing the printed lists of the works available for selection. To select works to perform, patrons write down their selections and the bartenders, wait-staff or

disc jockeys play the selection made by each patron through DVD/VCD players and other audio-visual equipment.

16. Each table is able to make only two (2) selections at one time. As such, we had to wait for other patrons requests to be played before our selections were displayed. This substantially limited the number of selections that we were able to view during that particular visit. I was only able to request two (2) of the Registered Works during the investigation.

17. Moreover, due to the layout of the premises (public lounge area) and the nature of our visit (investigation of infringing activities), I was unable to take extensive notes or conduct a detailed comparison of Defendants song book with EGI's catalog.

18. However, I am intimately familiar with the catalog of Works for which EGI holds the exclusive license. I am also intimately familiar with the works of the artists who are under exclusive contract to the Companies. As such, during my investigation, I browsed through the song book that 7 Day offers its patrons for selecting songs and observed that the vast majority of the listed songs, at least hundreds, if not thousands, of the audio-visual works Defendants offered to the public, consisted of Works exclusively licensed to EGI.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        November 1, 2006

                                        _____
                                                Nicolas Chai