

Courtesy Copy

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENTRAL GROUP INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GALAXY RESTAURANT & BAR INC d/b/a 100 FUN, a New York Corporation; and DARREN MAU HANG HUI, individual, NY ONE REALTY INC., a New York Corporation.<br><br>Defendants. | Case No: 1-05-CV-5550 (RJD)(CLP)<br><br>FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT |

## RECITALS

This Final Judgment and Permanent Injunction is entered into, on consent, by and among Plaintiff Entral Group International, LLC ("EGI") and Defendants Galaxy Restaurant & Bar Inc. d/b/a 100 Fun ("Galaxy"), Darren Mau Hang Hui ("Hui") and NY One Realty Inc. (collectively "Defendants").

Plaintiff EGI filed an action against Defendants in the United States District Court for the Eastern District of New York, Index No. 05 CV-5550 (RJD)(CLP) (the "Action"), asserting certain claims including copyright infringement, unfair competition, false designation of origin, false advertising, deceptive trade practices, and use of name with intent to deceive.

This Court has entered a Temporary Restraining Order and has issued a Preliminary Injunction on Consent enjoining Defendants from copying, distributing, using, performing or otherwise infringing EGI's copyrights in audio-visual Chinese-language karaoke works exclusively licensed to EGI (the "Works.").

Defendants Galaxy and Hui now acknowledge that they have infringed EGI's copyrights in the Works.

Plaintiff and Defendants, being desirous of settling the claims and disputes raised or which could have been raised among them in the Action, have consented to the entry of this Final Judgment and Permanent Injunction, and Plaintiffs and Defendants Galaxy and Hui have also concurrently entered into a Settlement Agreement (the "Agreement").

Defendants have acknowledged that they have read the terms of this Final Judgment and Permanent Injunction, understand these terms and, by the signatures of their attorneys on this document, agree to be bound by its terms.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Based upon the foregoing recitals, and good cause having been shown;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the claims against Defendant NY One Realty Inc. are hereby dismissed with prejudice on consent of all parties.

IT IS HEREBY FURTHER ORDERED, ADJUDGED and DECREED that the following Final Judgment and Permanent Injunction in favor of Plaintiff, Entral Group International, LLC and against Defendants Galaxy and Hui is granted, and such Judgment is hereby entered as the Final Judgment herein:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 502, 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

3.      This Court has personal jurisdiction over all parties to this action.

4.      Defendants Galaxy and Hui acknowledge that EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings of certain companies including, but not limited to, Universal Music Limited, BMG Hong Kong Limited, EMI Group Hong Kong Limited, Emperor

04/10/06   MON 15:17 FAX 718 853 8649          ROBERT N LERNER, ESQ.          ☒003

Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies").

5.    Defendants Galaxy and Hui admit, and it is hereby HELD, that they have engaged in infringement of EGI's copyrights in the Works

6.    Except as may be explicitly permitted in a license agreement granted to the Defendants Galaxy and Hui by EGI, Defendants, as well as their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, are PERMANENTLY ENJOINED and RESTRAINED from knowingly or intentionally:

a.    directly or indirectly infringing Plaintiff's rights in those copyrighted Works listed in Exhibit 1 to this Judgment, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff); and

b.    directly or indirectly infringing Plaintiff's rights in any other of the copyrighted Works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including, but not limited to, commercially using any audio-visual Chinese language karaoke work created by the Companies;

c.    making any use, in any manner whatsoever, of the marks "ENTRAL GROUP INTERNATIONAL," "EGI" or the names or marks of the Companies, or any marks or names confusingly similar to any of the foregoing;

d.    unfairly competing with, injuring the business reputation of, or damaging the goodwill of Plaintiff, and engaging in unfair competition that in any way injures Plaintiff;

e. publishing or distributing any promotional materials or other communication referring to EGI, the Works or the Companies, in any medium, including, but not limited to, the internet, television, radio, newspapers, magazines, direct mail or oral communication; and

f. selling or distributing any of EGI's or the Companies' products.

7. Defendants Galaxy and Hui, when so requested by, and without compensation from EGI, shall fully cooperate, in any inquiry, investigation, enforcement or legal action initiated by EGI concerning the source or distribution of the Works by third parties.

8. In the event that Defendants Galaxy or Hui fail to comply with any provisions of this Final Judgment and Injunction or the terms of the Agreement, EGI shall be entitled to recover $250,000.00, plus its reasonable attorneys' fees and costs associated with the enforcement of those provisions.

9. Defendants Galaxy and Hui shall provide notice to their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, of the terms of this Final Judgment and Injunction.

10. This Court shall retain jurisdiction for the limited purpose of enforcement of this Final Judgment and Permanent Injunction and the Agreement, as may be necessary.

11. The Clerk of this Court shall enter this Final Judgment forthwith.

This __2 8__ day of April, 2006

s/ Judge Raymond J. Dearie

U.S.D.J.

-4-

The Parties, by Their Undersigned Attorneys,
Hereby Consent to the Entry of This Final Judgment
and Permanent Injunction.

ALSTON & BIRD LLP
Attorneys for Plaintiff, Entral Group
International, LLC.

By: _____
        Robert F. Hanlon, Esq.

ROBERT L. LERNER
Attorney for Defendants Galaxy Restaurant & Bar
Inc. d/b/a 100 Fun, Darren Mau Hang Hui and
NY One Realty Inc.

By: _____
        Robert L. Lerner, Esq.

04/10/06  MON 15:18  FAX 718 853 8649   ROBERT N LERNER, ESQ.   ☑006