UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



| | |
|---|---|
| ENTRAL GROUP INTERNATIONAL, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MELODY OF FLUSHING CORP., and MEI-LING YING,<br><br>        Defendants. | Case No: 05-CV-1917 (CBA)(VVP)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

    This Final Judgment and Permanent Injunction is entered into, on consent, by and among Plaintiff Entral Group International, LLC ("EGI") and Defendants Melody of Flushing Corp. and Mei-Ling Ying (collectively "Defendants").

    WHEREAS, Plaintiff commenced this action against Defendants by filing the Complaint on or about April 19, 2005; and

    WHEREAS, Plaintiff and Defendants, being desirous of settling the claims and disputes raised or which could have been raised among them in the Action, have consented to the entry of this Final Judgment and Permanent Injunction, and Plaintiff's and Defendants have also concurrently entered into a Settlement Agreement (the "Agreement"); and

    WHEREAS, Defendants have acknowledged that they have read the terms of the Final Judgment and Permanent Injunction, understand these terms and, by the signatures of their attorneys on this document, agree to be bound by its terms.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Based on the foregoing recitals, and good cause having been shown;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the following Final Judgment and Permanent Injunction in favor of Plaintiff, Entral Group International, LLC and against Defendants Melody of Flushing Corp. and Mei-Ling Ying is granted, and such Judgment is hereby entered as the Final Judgment herein:

1. Defendants have been duly served with the Summons and Complaint.

2. This Court has subject matter and personal jurisdiction over all parties.

3. The Complaint states a claim upon which relief can be granted for (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; (ii) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (iii) federal false advertising under 15 U.S.C. § 1125(a); (iv) false advertising under New York General Business Law §350; (v) deceptive trade practices under New York General Business Law §349; (vi) unfair competition under New York General Business Law §360-l; (vii) use of name with intent to deceive in violation of New York Business Law §133; and (viii) common law unfair competition;

NOW, THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings ("the Works") of the companies Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East

LEGAL02/30285244v1

Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies").

2. Defendants have infringed EGI's copyrights in audio-visual Chinese-language karaoke Works exclusively licensed to EGI by the Companies.

## INJUNCTION

3. Except as may be explicitly permitted in a license agreement granted to the Defendants Melody of Flushing Corp. and Mei-Ling Ying, Defendants, and their respective agents, parent, subsidiaries, affiliates, employees, officers and directors, attorneys, predecessors, successors, licensees, and assigns, and all those persons acting in concert and combination with them, shall be and hereby are permanently enjoined from commercially using or infringing upon EGI's exclusive copyright interests in any audio-visual Chinese language karaoke Work as listed in the Complaint, the exhibits to the Complaint, or at http://www.entralgroup.com/listLicensed.html.

## COMPLIANCE

4. Defendants will allow EGI, and its respective agents, employees, and officers, reasonable access to any premises whereon audio-visual karaoke works are performed in which Defendants have an ownership interest or an employment or management role to observe the performance of the audio-visual karaoke Works to ensure that Defendants are in full compliance with this Order.

5. Defendants Melody of Flushing Corp. and Mei-Ling Ying, when so requested by, and without compensation from EGI, shall fully cooperate, in any inquiry,

LEGAL02/30285244v1

investigation, enforcement or legal action initiated by EGI concerning the source or distribution of the Works by third parties.

6. In the event that Defendants Melody of Flushing Corp. and Mei-Ling Ying fail to comply with any provisions of this Final Judgment and Injunction or the terms of the Agreement, EGI shall be entitled to recover $250,000, plus its' reasonable attorneys' fees and costs associated with the enforcement of these provisions.

## CONTINUING JURISDICTION

7. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Final Judgment to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Final Judgment, for the enforcement of compliance therewith, or for the punishment of violations thereof.

8. The Clerk of this Court shall enter this Final Judgment forthwith.

SO ORDERED

April 3, 2007

_____
UNITED STATES DISTRICT JUDGE

The parties, by their undersigned attorneys, hereby consent to the entry of this Final Judgment.

Dated: New York, New York
       March 30, 2007

_____                    _____
Robert E. Hanlon (RH-8794)                   David J. Hoffman
Sarah C. Hsia (SH-1030)                      29 Broadway
ALSTON & BIRD LLP                            27th Floor
90 Park Avenue                               New York, New York 10006
New York, New York 10016                     (212) 425-0550
(212) 210-9400                               (212) 797-3545 (facsimile)
(212) 210-9444 (facsimile)

*Attorneys for Plaintiff Entral*             *Attorney for Defendants Melody of*
*Group International*                        *Flushing Corp. and Mei-Ling Ying*

LEGAL02/30285244v1