UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN KARAOKE-WORKS TRADE ASSOCIATION, INC.<br><br>　　Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>ENTRAL GROUP INTERNATIONAL, LLC,<br><br>　　Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>SAM CHAN and RAY YIM,<br><br>　　Counterclaim Defendants. | Case No.  06-CV-5158 (LTS)(MHD) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
ENTRAL GROUP INTERNATIONAL, LLC'S
REQUEST FOR DEFAULT JUDGMENT,
<u>PERMANENT INJUNCTION AND IMPOUNDMENT</u>**

LEGAL02/30480626v2

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

I.    **NAKTA Defendants' Baseless Arguments**...................................................... 2

II.    **NAKTA Defendants' Attempt to Challenge EGI's Expert is Meritless** ............................................................................................................ 3

III.    **NAKTA's Assertion that NAKTA, Mr. Chan and Mr. Yim Did Not Engage in Willful Infringement Is Contrary to the Established Facts**.......................................................................................................... 4

IV.    **NAKTA Defendants' Assertion that EGI has Unclean Hands Must Fail** ........................................................................................................... 6

V.    **NAKTA's Assertions that EGI is Not Eligible for Statutory Damages and Attorneys Fees is Meritless** .................................................. 6

VI.    **NAKTA's Claim that Any Statutory Damages Award Should be De Minimis Is without Support** ...................................................................... 8

VII.    **NAKTA's Remaining Arguments Impermissibly Challenge Liability or Raise Spurious Arguments** ....................................................... 9

CONCLUSION................................................................................................................ 10

## PRELIMINARY STATEMENT

Once again, Plaintiff and Counterclaim Defendant North American Karaoke-Works Trade Association, Inc. ("NAKTA") and Counterclaim Defendants Sam Chan and Ray Yim (collectively referred to herein as "NAKTA Defendants") have disregarded and utterly failed to comply with the orders and rules of this Court.  Despite a direct order of this Court, which stated unequivocally that liability is <u>not</u> at issue and that the only remaining issues to be briefed relate to damages, NAKTA Defendants filed a twenty-eight page submission[1] in which they devote over twenty-three pages in a disingenuous attempt to argue the merits of the liability issues in the case.

At the March 28, 2007 hearing, after denying NAKTA Defendants' request that Counterclaim Plaintiffs produce evidence establishing the chain of title for the infringed works, Judge Dolinger made it clear that "[l]iability has been established by virtue of the default and the striking of the pleadings . . . .  The issues that are open for litigation … are issues having to do with damages."  3/28/07 Tr. at 20:5-14.  Judge Dolinger further directed NAKTA Defendants "[y]ou can take your appeal when and if you see fit, but effectively what's happened is there's been a determination of copyright infringement liability with the only remaining questions pertaining to that as to how many items were in fact copied."  3/28/07 Tr. at 24:10-15.

In complete contravention of this Court's Order, NAKTA Defendants, after failing to abide by the original Court ordered deadline for submission of its opposition papers, proceed to do exactly what the Court ordered it not to do – argue the merits of the case.  NAKTA Defendants attempt to obscure the remaining issues in this case by alleging gross distortions and misstatement of the facts, and by arguing issues that have already been ruled on by this Court.

---

[1] NAKTA Defendants have violated Rule 2H of the Individual Practices of Judge Laura Taylor Swain, which provides that oppositions to motions are limited to 25 pages unless prior permission has been granted.

NAKTA Defendants' repeated and blatant disregard of this Court's explicit Orders must not be condoned.

The majority of NAKTA Defendants' arguments attempt to reargue liability and, as such, should not merit a reply. However, some of those arguments are so misleading and inaccurate, a brief rebuttal cannot be avoided.

## I.   NAKTA DEFENDANTS' BASELESS ARGUMENTS

NAKTA Defendants argue that Judge Swain has failed to follow proper procedures in striking their pleadings. NAKTA Defendants' counsel, Mr. Hoffman, was repeatedly put on both written and oral notice of the rules, yet Mr. Hoffman still failed to comply. Only then did Judge Swain explicitly order that default judgment be entered. Not only was Mr. Hoffman provided an opportunity to be heard orally and in writing, she also considered his motion for reconsideration and denied that motion.

NAKTA Defendants repeatedly argue that there is no liability because Entral Group International LLC ("EGI") as the owner of the audio-visual karaoke works at issue (the "Works") has an interest in the recordings and has no performance rights. This case was based on the illegal copying and distribution of EGI's Works by NAKTA Defendants and the unauthorized synchronization (a form of copying) of the audio portion of the Works and their subsequent copying and distribution, not the performance of those works.

NAKTA Defendants' arguments that EGI has no standing is also factually baseless. EGI is the exclusive licensee of the copyright interests in the United States and has standing. Further, this also is an element of liability and not subject to challenge at this stage of proceedings. NAKTA's statements concerning the chain of title documents are grossly distorted and deliberately misleading.

2

The arguments that this Court has no jurisdiction because any infringement was extraterritorial is also misleading and baseless. Not only did NAKTA, Mr. Chan and Mr. Yim have a role in the creation of these infringing works, purportedly in the Peoples Republic of China, but NAKTA, and Mr. Chan and Mr. Yim personally and individually, effected the importation into, and reproduction and distribution of those infringing works in the United States. NAKTA ignores these facts when it argues that Mr. Chan and Mr. Yim are not personally liable, and does so in blatant disregard of the Courts instructions: "Again, Mr. Hoffman, you may have various theories about why these folks are not liable. But liability has been established … We are not going to get into the question of how is it that these two gentlemen ended up in possession of these allegedly infringing materials." 3/28/07 Tr. at 23:14-21.

## II. NAKTA DEFENDANTS' ATTEMPT TO CHALLENGE EGI'S EXPERT IS MERITLESS

As ordered by this Court on March 28, 2007, NAKTA had until the end of May 2007, to dispute and/or rebut EGI's expert submission. 3/28/07 Tr. at 30:25- 30:1-2. In addition to failing to abide by the original Court ordered deadline for submission of its opposition papers, NAKTA neglected to conduct any discovery with respect to damages, failed to submit any evidence to refute EGI's expert, and did not proffer any expert evidence to support any of its allegations.[2] As such, it is inappropriate for NAKTA Defendants to now contest the validity of EGI's expert.

Further, as discussed by EGI's counsel in the initial inquest conference before this Court, the proof of identity between the infringing works and the EGI owned works goes to liability, and the Report of EGI's expert should not be required for the Court to reach its conclusion in this

---

[2] Mr. Hoffman alleged that he needed more time to submit his response because of the earlier unavailability of his expert. However, no expert evidence has been offered by Mr. Hoffman.

3

matter. Further, EGI's expert is available to testify under oath as to his findings should the Court so wish, and NAKTA Defendants have, despite the Court's explicit authorization to do so, waived their right to conduct discovery of this witness. Notwithstanding, so as to alleviate any lingering issue, attached as Exhibit A to the Declaration of Robert Hanlon ("Hanlon Decl."), is the Affidavit of Robert Sanderson wherein Mr. Sanderson attests that the information set forth in his affidavit and the expert report is true and accurate.

### III. NAKTA'S ASSERTION THAT NAKTA, MR. CHAN AND MR. YIM DID NOT ENGAGE IN WILLFUL INFRINGEMENT IS CONTRARY TO THE ESTABLISHED FACTS

NAKTA Defendants arguments with respect to willfulness are based on gross mischaracterizations of EGI's argument. First, NAKTA Defendants incorrectly assert that EGI's claims against Mr. Chan are based on his affiliation with Galaxy 45. As set forth in the EGI's counterclaim and the Request for Default Judgment, EGI's claims against Mr. Chan are based on Mr. Chan's actions as they relate to NAKTA, not Galaxy 45. EGI noted Mr. Chan's affiliation with Galaxy 45 solely as evidence of Mr. Chan's knowledge of EGI's exclusive rights to the Works. Mr. Chan was on notice both through his license arrangements and the prior claims asserted against his club by EGI. Where there is evidence of a past relationship between the parties, courts have inferred defendants' knowledge of the copyright and concluded that the conduct was willful. *See Twin Peaks Prods., Inc. v. Publ'ns Int'l, Inc.*, 996 F.2d 1366, 1382 (2d Cir. 1993) (upholding a district court's finding of willfulness where defendant acknowledged that it knew of the copyrights, and continued publication after receiving a specific warning from plaintiff, even though defendant had a good faith belief that its actions were lawful). Clearly, Mr. Chan was on actual notice that distribution and use without a license by anyone, including NAKTA and its members, was an infringement.

4

The fact that Galaxy 45 had a valid license from EGI for use in its own club does nothing to disprove that Mr. Chan willfully infringed EGI's copyrights. Rather, it is further evidence that Mr. Chan was aware of EGI's copyrights and had a heightened obligation not to infringe those rights. Moreover, as fully described in the Request for Default Judgment, Mr. Yim previously admitted infringing EGI's copyrights in connection with the karaoke establishment that he runs and therefore, Mr. Yim is also under a heightened duty to avoid further infringement. As set forth in detail in EGI's Request for Default Judgment, the allegations of willful infringement are based on NAKTA Defendants knowing facilitation of the creation of infringing works (the NAKTA Materials), and the copying, inducement of others to copy, and distribution of the NAKTA Materials without the authorization of those holding the copyright interests, EGI and the Companies.

In support of their argument that they did not engage in willful infringement, NAKTA Defendants argue that EGI's standard license did not indicate that EGI claimed synchronization rights. By their own admission, however, NAKTA Defendants knew that copyright notices were needed for copying and use of karaoke audio-visual works. *See* Chan Dep. at 67:8-75:7; Yim Dep. at 158:3-22, Hanlon Decl. Exhibit B. NAKTA Defendants were aware of EGI's rights in the Works and therefore, they had a duty to determine the scope of those rights before using any portion of the Works.

Finally, NAKTA Defendants argue that willfulness has not been established because NAKTA never made its works available after receiving the letter dated April 5, 2006 from EGI's counsel which claimed that the NAKTA works are infringing. Even if this were true, this does not absolve NAKTA, Mr. Chan and Mr. Yim of willful acts committed prior to April 5, 2006. NAKTA was *created* to engage in this illegal copying scheme and to circumvent EGI's licensing

program. *See* Yim Dep. at 82:21-84:11; Chan Dep. at 66:12-70:5, Hanlon Decl., Exhibit C. In fact, NAKTA Defendants successfully induced a number of EGI's licensees to cease licensing the Works from EGI and to begin licensing the NAKTA Materials instead. *See* Chan Dep. at 110: 21-25; 111:2-6, Hanlon Decl., Exhibit D. As principals and officers of NAKTA, Mr. Chan's and Mr. Yim's willful infringement of EGI's copyrights is imputed to NAKTA.

Beyond doubt, NAKTA Defendants have performed the acts complained of willfully and with knowledge of the infringement that they would cause, and with intent to cause confusion, mistake, and deception.

### IV. NAKTA DEFENDANTS' ASSERTION THAT EGI HAS UNCLEAN HANDS MUST FAIL

NAKTA Defendants' unclean hands argument is completely illogical and riddled with factual inaccuracies. Moreover, unclean hands is an affirmative defense that has already been decided by this Court, and is not relevant to the issue of damages.

### V. NAKTA'S ASSERTIONS THAT EGI IS NOT ELIGIBLE FOR STATUTORY DAMAGES AND ATTORNEYS FEES IS MERITLESS

Damage awards in cases of copyright infringement are governed by Section 504(c)(1) of the Copyright Act:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work … in a sum of not less than $750 or more than $30,000 as the court considers just.

The statute itself, and the cases in this circuit interpreting the statute, have made it clear that the victim of a copyright infringement is entitled to choose between the actual damages suffered, plus any additional profits, or he may elect statutory damages. *See Twin Peaks Prods., Inc. v. Publ'ns Int'l, Inc.*, 996 F.2d 1366, 1380 (2d Cir. 1993) (permitting plaintiff to elect statutory remedy).

6

As set forth in its Request for Default Judgment, EGI is seeking statutory damages, not actual damages. As such, NAKTA Defendants argument is completely irrelevant and does not merit a further response.

Under the Copyright Act, an infringer is liable for damages for each of the original works infringed. 17 U.S.C. § 504(c)(1). To determine the number of violations, the court need only total the number of separate, individual works which were the subject of the defendants' infringing activities. Here, EGI observed that at least three Works registered with the Registrar of Copyrights were being infringed by NAKTA Defendants at the time the cross-claim was filed: *Single Man* and *Woman*, *Neighbor* and *Marriage Will Follow After Many Years*.

Because EGI is not seeking compensation for any works that are not registered with the Registrar of Copyrights, NAKTA Defendants first argument with respect to statutory damages need not be addressed.

NAKTA Defendants' argument – EGI's Works Were not Registered Timely – is utterly incomprehensible and fails on numerous counts. As set forth above, this is not an infringement action against Galaxy 45 or Pop Music. Rather, this is an action against NAKTA, and its principals, Sam Chan and Ray Yim. As such, Galaxy 45's infringement of EGI's copyrights is not at issue.

Additionally, NAKTA Defendants attempted application of 17 U.S.C. § 412(2) to Pop Music's infringement is similarly inappropriate. Under 17 U.S.C. § 412(2), a plaintiff cannot collect statutory damages and attorneys fees for an infringement "commenced after first publication of the work and <u>before</u> the effective date of its registration, unless such registration is made within three months after the first publication of the work." (emphasis added) This is basically a "relation back" provision for certain infringements that occur before registration.

7

Here, the three Works at issue, *Single Man* and *Woman*, *Neighbor* and *Marriage Will Follow After Many Years*, were registered by EGI before November 2003. The infringing conduct that is the subject of this dispute commenced in 2005 – after the registration of the Works. NAKTA Defendants argument is nonsensical because EGI is not seeking damages for activities that occurred between the publication date and the registration of the Works. As such, 17 U.S.C. § 412(2) has no bearing on this case.

## VI.  NAKTA'S CLAIM THAT ANY STATUTORY DAMAGES AWARD SHOULD BE DE MINIMIS IS WITHOUT SUPPORT

As set forth in EGI's Request for Default Judgment, in exercising discretion to award statutory damages, courts general consider the following factors: (1) the expenses saved and the profits earned by the infringer; (2) the revenues lost by the plaintiff; (3) the deterrent effect, if any, that such an award will have on the defendant and on third parties; and (4) whether the infringement was willful and knowing or innocent and accidental. *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 362 (S.D.N.Y. 2003).

In addition to the registered works that NAKTA has infringed, EGI has also discovered that NAKTA has infringed hundreds of its unregistered Works. Because these are Berne Works (non-U.S. works), they are entitled to protection without registration. However, actual damages or actual profits are difficult to quantify. Further the greatest harm is the deliberate undermining of the licensing program – NAKTA's effort to induce clubs to forgo legitimate Works from EGI in exchange for NAKTA Material. Actual damages would not be sufficient to compensate EGI for the harm done, nor would they be sufficient to deter the NAKTA Defendants and others from engaging in such conduct. Mr. Chan and Mr. Yim have chosen to engage in infringing conduct , as well as to induce others to infringe. They, and their vehicle NAKTA, have created a body of

8

infringing works and a scheme for distributing them. This egregious infringement requires a stern remedy.

NAKTA Defendants' argument that NAKTA's works are one compilation for damages purposes is contrary to Copyright law. Under the Copyright Act, an infringer is liable for damages for each of the original works infringed. 17 U.S.C. § 504(c)(1). In fact, EGI licenses each of its control catalog Works individually, and the infringed Works are each registered separately with the Copyright Office. Thus, it is the number of separate, individual works which were the subject of NAKTA Defendants infringing activities that is relevant in determining the number of violations. Whether NAKTA attempts to treat its own illegal works as a compilation is completely immaterial to this inquiry.

NAKTA Defendants' have engaged in willful and extensive infringement of EGI's copyright interests. Statutory damages are intended to deter defendants and others from engaging in infringing conduct, especially willful infringement. EGI's request that the Court award $150,000 for each work infringed is wholly in keeping with the purposes of that provision. Beyond question, EGI has established that at least three of the Selected Works, registered with the Copyright Office, have been willfully infringed. EGI should be awarded $150,000 for each of these three Works, totaling $450,000 in statutory damages.

### VII. NAKTA'S REMAINING ARGUMENTS IMPERMISSIBLY CHALLENGE LIABILITY OR RAISE SPURIOUS ARGUMENTS

The remaining arguments by the NAKTA Defendants merely rehash the irrational "performance" arguments, challenge the liability findings as to the trademark claims or confabulate a bizarre constitutional argument alleging racial discrimination because EGI urges protection of copyrighted works created by foreign entities. These arguments do not even merit discussion.

9

## CONCLUSION

For the foregoing reasons, the Court should enter EGI's Proposed Default Judgment, Permanent Injunction and Impoundment, granting EGI a permanent injunction enjoining NAKTA Defendants from infringing the Works and from copying and distributing any Chinese-language karaoke works, granting EGI's request for impoundment and forfeiture of all physical copies of the NAKTA Materials and the hard drives containing that Material in the NAKTA Defendants' possession or in the possession of those acting in concert with them, as well as granting EGI an award of damages, attorneys' fees and costs as enumerated above and in its prior pleadings.

Dated: New York, New York

August 10, 2007

Respectfully submitted,

/s/ Robert E. Hanlon
Robert E. Hanlon (RH-8794)
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9400
*Attorneys for Defendant-Counterclaim Plaintiff,*
*Entral Group International, LLC*