# ALSTON&BIRD LLP

90 Park Avenue
New York, New York 10016

212-210-9400
Fax: 212-210-9444
www.alston.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 4 2007

Robert E. Hanlon          Direct Dial: 212-210-9410          E-mail: robert.hanlon@alston.com

August 22, 2007

**VIA HAND DELIVERY**

Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl St., Room 755
New York, NY 10007

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re: North American Karaoke-Works Trade Association v. Entral Group International, LLC;
    Case No. 06 CV 5158 (LTS) (MHD)

Dear Judge Swain:

    We represent Counterclaim Plaintiff Entral Group International LLC ("EGI") in the above action. An emergency situation has just arisen which requires that we seek injunctive relief on an expedited basis from this Court to stop the continuing bad acts by the Counterclaim Defendants North American Karaoke-Works Trade Association ("NAKTA"), Sam Chan and Ray Yim (collectively "Defendants"). Defendants' most recent action confirms that their principal goal is, and has been, the destruction of the very existence of EGI's licensing program. Defendants' conduct is subjecting EGI to irreparable harm and untold damage to its reputation. As such, we respectfully request an emergency conference to address Defendants' most recent conduct.

    Our request stems from letters that Defendants' counsel, David Hoffman, sent to at least five of the companies that created the karaoke works at issue (the "Works") and who exclusively license those Works to EGI for distribution to commercial establishments in North America. Our client has just received a copy of one of those letters from one of its licensors, Emperor Entertainment Group ("Emperor"), dated July 31, 2007. *See* Exhibit A, attached. In that letter, Defendants knowingly make numerous false statements, seek to create materially false impressions, and engage in threatening and tortious conduct:

    1.    Defendants repeatedly state that EGI "claims" to hold certain rights, or that it "claims" to have an exclusive licensing agreement. As Defendants are well aware, these "claims" have been decided by this Court in Your

| One Atlantic Center | Bank of America Plaza | 3201 Beechleaf Court, Suite 600 | The Atlantic Building | Brienner Strasse 11/V |
| 1201 West Peachtree Street | 101 South Tryon Street, Suite 4000 | Raleigh, NC 27604-1062 | 950 F Street, NW | 80333 Munich |
| Atlanta, GA 30309-3424 | Charlotte, NC 28280-4000 | 919-862-2200 | Washington, DC 20004-1404 | (49) (89) 238-0-70 |
| 404-881-7000 | 704-444-1000 | Fax: 919-862-2260 | 202-756-3300 | Fax: (49) (89) 238-0-7110 |
| Fax: 404-881-7777 | Fax: 704-444-1111 | | Fax: 202-756-3333 | (Representative Office) |

Copies mailed [signature]
Chambers of Judge Swain 8/23/07

    Honor's decision as to liability in this action. These statements by EGI are not claims, they are decided facts.

2.  Defendants mislead Emperor as to the status of the action by failing to include the fact that Defendants have been found to infringe.

3.  Defendants falsely state that EGI claims "all copyrights in the entire video and audio components of all karaoke works published by [Emperor]" when, in fact, Defendants know that EGI only claims rights in North America and only to the distribution to commercial establishments.

4.  Defendants' letter asserts that EGI's program is anti-competitive. Defendants are estopped from now raising that issue because they had an obligation to assert any such claims at the same time they filed their original complaint. The new allegations Defendants now bandy about arise from the same transactions and occurrences that gave rise to the declaratory judgment claim. Such new claims are now barred, and Defendants' suggestion that they may be pursued is false. *Riehle v. Margolies*, 279 U.S. 218, 225 (1929); *see also Morris v. Jones*, 329 U.S. 545, 550-551 (1947)

5.  Defendants clearly attempt to create the impression that not just EGI, but Emperor as well, may be subject to litigation for the supposedly anti-competitive acts, when Defendants know that no such litigation can be brought.

6.  Defendants demand information from Emperor in the context of their discussions of the action, giving the false impression that this information is required in this case. They are well aware that discovery in this case is closed, that Emperor has no obligation to "inform" them or to "clarify" the relationships or their assumptions.

7.  Defendants clearly are using this letter to try to intimidate Emperor and to interfere with the relationship between Emperor and EGI.

  Once again, Mr. Hoffman is blatantly disregarding the decisions of this Court and purposely disseminating false information to the detriment of EGI. Not only is Defendants' letter to Emperor, and presumably the other record companies, false in numerous respects, it is an attempt to tortiously interfere with both existing and prospective business relationships between EGI and its licensors. These egregious attempts to damage EGI's business with falsehoods and threats go far beyond the bounds of zealous representation.

  After receiving the attached letter, we immediately contacted Defendants' counsel and demanded that Defendants (a) cease sending any further communications to any of

EGI's licensors or others with whom EGI does business directly or indirectly; (b) provide EGI with a copy of all letters sent to any of EGI's licensors or others with whom EGI does business; and (c) prepare and send a letter of retraction, approved by EGI, to any entity to whom Defendants have written concerning EGI or this lawsuit. *See* R. Hanlon letter to D. Hoffman dated August 21, 2007, attached hereto as Exhibit B. While Mr. Hoffman represented that he would not send out additional letters "today or tomorrow," he refused to give us any assurance that Defendants will stop engaging in inappropriate conduct altogether, and in fact, insisted that he had every right to do so. *See* e-mail from D. Hoffman to R. Hanlon dated August 21, 2007, attached as Exhibit C. Moreover, Mr. Hoffman acknowledged that he had already sent substantially similar letters to four other EGI licensors: Go East, Universal, EMI and Warner Music. However, he has not provided copies of those letters nor has he agreed to send a retraction.

It is imperative that Defendants, and their counsel, be precluded from further interfering with EGI's business relationships and engaging in future bad acts, and that steps are taken to mitigate the damage they have already done. As such, EGI respectfully requests that Your Honor schedule an emergency conference to address EGI's request and Defendants' latest bad acts. EGI is available any time this week; however, Defendants' counsel says he is not available until Friday, August 24, 2007. Due to the nature of Defendants' acts and the continuing harm to EGI, we respectfully request to be heard on Friday or as soon as possible thereafter.

Thank you for your attention to this matter.

Respectfully submitted,

Robert E. Hanlon

cc: David Hoffman (by facsimile)

LEGAL02/30498387v2

*The foregoing application, which does not implicate the claims plead in EGI's counterclaims in this action, is denied.*

**SO ORDERED.**

8/23/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE