UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NORTH AMERICAN KARAOKE-WORKS
TRADE ASSOCIATION, INC.,

    Plaintiff - Counterclaim Defendant,

-v-

ENTRAL GROUP INTERNATIONAL, LLC,

    Defendant - Counterclaim Plaintiff,

-v-

SAM CHAN and RAY KIM,

    Third-party Defendants.

-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 7 MAY 2010
```

No. 06 Civ. 5158 (LTS)(MHD)

### ORDER

    In this action arising out of the disputed copying and distribution of various Chinese audio-visual karaoke works, defendant Entral Group International, LLC ("EGI") has asserted counterclaims and third-party claims for copyright infringement under state and federal law against plaintiff North American Karaoke-Works Trade Association, Inc. ("NAKTA") and its principals, Sam Chan and Ray Yim (collectively, the "NAKTA Parties"). The Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

    On March 16, 2007, following a series of failures to comply with Court orders, the Court prohibited the NAKTA Parties from answering EGI's counterclaims and referred the case to Magistrate Judge Michael H. Dolinger to conduct an inquest with respect to any request by EGI for a default judgment on its counterclaims. (Docket entry nos. 35, 36.) On February 25, 2010, Judge Dolinger issued a Report and Recommendation (the "Report") recommending that the Court enter a

default judgment in favor of EGI against the NAKTA Parties, finding the NAKTA Parties liable for copyright infringement. The Report also recommends that EGI be awarded permanent injunctive relief and an order of impoundment and forfeiture, as well as an award of statutory damages in the amount of $30,000.00 and attorney's fees in the amount of $52,642.10. (Report, 2.) The Court has considered thoroughly the Report and the parties' submissions. For the following reasons, the Court adopts the thorough and well-reasoned Report with respect to the recommended entry of a default judgment and the recommended remedies of a permanent injunction, statutory damages, and attorney's fees. The Court declines to adopt the Report's recommendation of impoundment and forfeiture.

## DISCUSSION

The relevant factual and procedural background in this action is described thoroughly in the Report. (Report, 1-15.) The Court will not repeat that discussion here, as familiarity with the Report is assumed.

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). Under Federal Rule of Civil Procedure 72(b)(3), a district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate

Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

EGI has not objected to any of the Report's recommendations. The NAKTA Parties object to the Report's recommendations of entry of a default judgment, award of statutory damages, and impoundment and forfeiture. NAKTA did not specifically object to the Report's recommendation of a permanent injunction or attorney's fees.

### *Default Judgment*

The Report concludes that EGI's allegations and supporting affidavits are sufficient to state a claim under the Copyright Act. The Report finds that TC Worldwide, Ltd. ("TCW"), the company that owns the rights to the works in question, granted exclusive licenses to EGI to reproduce, distribute and commercially use the recordings in the United States, as well as the exclusive rights to create and distribute derivative works created from those recordings. EGI therefore has standing to sue for infringement of the works at issue. (Report, 6-7). The Report concludes that EGI's allegations that the NAKTA Parties have distributed copies of karaoke works for which EGI holds the exclusive rights, and that defendants Chan and Yim participated directly in the infringement by procuring works in China and distributing them locally, are sufficient to state a claim of copyright infringement against the NAKTA Parties jointly and severally. (Report, 22-23.) Judge Dolinger considered the NAKTA Parties' argument that EGI could not state a claim because

the works in question were not registered with the United States Copyright Office and, citing appropriate legal authority, concluded that the registration requirement was inapposite in light of the works' Chinese provenance. (Report, 20-22, citing 17 U.S.C. §§ 101, 411(a).) In light of the adequate claim stated by EGI in its counterclaim, the NAKTA Parties' failure to timely answer EGI's counterclaim, and the Court's March 16, 2007, Order striking the NAKTA Parties' pleadings (docket entry no. 36), the Report concludes that a default judgment is warranted under Federal Rule of Civil Procedure 55(a). (Report, 17.)

The NAKTA Parties repeat in their objections to the Report various arguments that they asserted in their inquest submission contesting their liability on the counterclaims. Judge Dolinger, however, correctly noted that the NAKTA Parties are precluded from disputing their liability by the Court's March 16, 2007, Order, and that these arguments therefore are not properly before the Court. (Report, 17 n.10 (citing In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996)). Accordingly, in the absence of any valid, specific objection, the Court reviews the recommendation of a default judgment for clear error, La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000), and concludes that Judge Dolinger's well-reasoned recommendation of a default judgment is not clearly erroneous.

### *Statutory Damages Award*

The Report recommends, pursuant to 17 U.S.C §504(a), an award of $30,000 in statutory damages, in light of both Yim's history of willful infringement and the relatively minor financial impact on EGI of the NAKTA Parties' conduct in the instant case. (Report, 36-41). The NAKTA Parties object to the statutory damage award, arguing that, given EGI's completed and expected settlements with the karaoke clubs that displayed the contested works, damages imposed

on the NAKTA Parties would constitute impermissible "double recovery." (NAKTA's Obj. 6). This argument rehashes an argument raised previously (see NAKTA's Mem. Opp. EGI's Damages Submission, 21-23) and therefore is insufficient to trigger de novo review. Judge Dolinger's conclusions that the willful misconduct of the NAKTA Parties warrants an award of statutory damages, and that $10,000 for each of the three works that were infringed is an appropriate sanction, are not clearly erroneous. See Nat'l Football League v. Primetime 24 Joint Venture, 131 F. Supp. 2d 458, 473 (S.D.N.Y. 2001) (statutory damages are intended, in part, to deter misconduct); WB Music Corp. v. RTV Commc'n Group, Inc., 445 F.3d 538, 540-41 (2d Cir. 2006) (permitting thirteen awards for thirteen copied works).

### *Injunctive Relief and Attorney's Fees*

The Report recommends, pursuant to 17 U.S.C. §502(a), that EGI be awarded permanent injunctive relief, barring the NAKTA Parties from infringing on its exclusive rights in its karaoke works. (Report, 27.) The Report also recommends, pursuant to 17 U.S.C. §505, that the NAKTA Parties be held liable to EGI for $52,642.10 in attorney's fees. The NAKTA Parties have not objected to either of these recommendations. The Court concludes that neither recommendation is clearly erroneous and, accordingly, adopts both recommendations.

### *Impoundment and Forfeiture*

The Report recommends, pursuant to 17 U.S.C. §503(a) and (b), that the NAKTA Parties deliver the four hard drives containing the library of NAKTA works and any copies thereof to EGI's counsel, who may then arrange for their destruction. (Report, 33). The Report's reasoning in support of this remedy is that such a remedy is reasonable to prevent or restrain further copyright infringement. (Report, 32). The NAKTA Parties specifically object to this remedy,

arguing essentially that it is overbroad in light of the fact that the drives at issue contain more than 8,000 works, of which the allegedly infringing works constitute only a small percentage. (NAKTA's Obj., 6-7). The Court considers this objection sufficiently specific to warrant de novo review.

An impoundment and forfeiture order under Section § 503(b) is an equitable remedy "issued under the broad powers vested in a trial judge." Rogers v. Koons, 960 F.2d 301, 313 (2d Cir. 1992). The Court concludes that an award of impoundment and forfeiture is excessive in this instance: an order of forfeiture may deprive the NAKTA Parties of legitimate use of the hard drives, as a significant portion of the four hard drives contain works that do not infringe on any of EGI's rights, and the NAKTA Parties should be adequately chastened by the order to pay EGI an award of statutory damages and the injunction barring them from infringing any of EGI's karaoke works in the future. See TVT Records v. Island Def Jam Music Group, 279 F. Supp. 2d 366, 408 (S.D.N.Y. 2003), rev'd on other grounds, 412 F.3d 82 (2d Cir. 2005) (concluding that the balance of equities counsel against issuing an order of recall and destruction when injunctive relief and statutory damages have already been granted); RCA Records, A Div. of RCA Corp. v. All-Fast Systems, Inc., 594 F. Supp. 335, 340 (S.D.N.Y. 1984) (concluding that an order of impoundment of a cassette copying machine is inappropriate where defendant has legitimate uses for the machine). Moreover, the fact that Chan ceased all distribution of the karaoke works present on the drives when EGI notified him of the infringement (Chan Dec. ¶ 10) demonstrates that the NAKTA Parties do not intend to ignore any of the Court's injunctive orders, further supporting the conclusion that impoundment and forfeiture are unnecessary. Cf. National Research Bureau Inc.v. Kucker, 481 F. Supp. 612, 615-616 (S.D.N.Y. 1979) (defendants' wilful disregard of an injunctive order justifies

granting further relief, including impoundment and forfeiture).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Dolinger's recommendation and will enter a default judgment against the counterclaim defendant North American Karaoke-Works Trade Association, Inc. and third-party defendants Sam Chan and Ray Kim, and hereby permanently enjoins them from infringing on counterclaim plaintiff Entral Group International, LLC's exclusive rights in its copyrighted works. NAKTA, Chan and Kim are also held jointly and severally liable to counterclaim plaintiff EGI for a statutory damages award of $30,000 and attorney's fees of $52,642.10. The Court does not adopt the Report's recommendation of impoundment and forfeiture of NAKTA's four hard drives containing the copies of the works at issue. The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
May 27, 2010

/s/ LAURA TAYLOR SWAIN
United States District Judge